FILED
September 28, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003798925

4

Allen C. Massey - 172024
Antonia G. Darling - 76190
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814
(916) 930-2100/Fax (916) 930-2099

Attorneys for August B. Landis,
  Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | Case No. | 11-40155-A-11 |
| | D.C. No. | TRF-2 |
| | Date: | October 17, 2011 |
| Dwight Alan Bennett, | Time: | 10:00 a.m. |
| | Judge: | Hon. Michael S. McManus |
| Debtor. | Place: | Courtroom 28 |
| | | 501 I Street, 7th Floor |
| _____/ | | Sacramento, CA 95814 |

**UNITED STATES TRUSTEE'S OPPOSITION TO
CREDITORS WELL FARGO BANK, N.A., AND BAC HOME LOANS SERVICING,
LP'S MOTION FOR RELIEF FROM STAY AND
TO EXCUSE TURNOVER BY RECEIVER**

The Acting United States Trustee, by the undersigned counsel, hereby opposes Creditors Wells Fargo Bank, N.A. ("WFB"), and BAC Home Loans Servicing, LP's ("BAC") Motion for Relief from Stay and to Excuse Turnover by Receiver ("Motion") as follows:

WFB and BAC do not show they have an interest in Debtor's property. Based on prepetition litigation referred to in the Motion, it would appear WFB and BAC want relief from the automatic stay to perfect a lien on Debtor's real property. That property may have equity. Allowing WFB and BAC to perfect a lien on Debtor's real property would be to the detriment of a bankruptcy trustee's "strong-arm" rights established at 11 U.S.C. § 544(a)(1).[1]

The Memorandum of Points and Authorities ("Memorandum") in support of the Motion relies on Debtor's List of Creditors Holding 20 Largest Unsecured Claims ("20 Largest List") and Debtor's Schedules for the proposition that "[Debtor] has established the fair market value of the Subject Property to be $350,000" and that "subject loan exceeds $470,000" (see Docket #55, pdf page 5, lines 1-6). This Memorandum paragraph refers to LOE Exhibit 7, which includes Debtor's Voluntary Petition and 20 Largest List, also refers to, at Footnote 5, LOE Exhibit 11, which are Debtor's Schedules, and additionally refers to LOE Exhibit 8, which is the Notice of Trustee's Sale, recorded on January 26, 2010, referencing a Deed of Trust executed by Norman W. Allen for parcel number 099-260-**70**11 (see the Notice at Docket #51, pdf pages 63-64).

WFB and BAC's reliance on Debtor's bankruptcy papers for these facts are not well founded. While Debtor's 20 Largest List lists WFB for a "contingent, disputed, and subject to set off" claim of $650,000 with security of $350,000, it does not describe whose or what property

---

[1] Bankruptcy Code Section 544(a)(1) provides:

> "(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;"

11 U.S.C. § 544(a)(1).

is security.  Also, by placing WFB's claim on Schedule F, and not including WFB on Schedule D, Debtor is merely admitting a "disputed" unsecured claim of $630,000.

Instead of supporting a lien on Debtor's real property interest, Debtor's Schedules and the documents provided with the Motion suggest that WFB is secured only on 14.03 acres (APN 099-260-**70**) which Debtor sold to Mr. Allen in 2005 and that Debtor retains an interest in 40 acres (APN 099-260-**69**) which is unencumbered by WFB and BAC.

First, Debtor states on his Schedule A that he owns a $100,000 joint tenancy interest in "40 Acres Home and Barn Lassen County, CA APN 099-260-**69**," against which only $12,000 is secured.

Second, the Notice of Trustee's Sale cited above references APN 099-260-**70**11, not the APN 099-260-**69** which Debtor includes on his Schedule A.

Third, the Lassen Superior Court Order Appointing Receiver and Preliminary Injunction, endorsed filed July 21, 2011 ("Order"), makes clear there are two parcels subject to litigation: "Assessor's Parcel Numbers 099-260-**69** (the "40 Acres") and 099-260-**70** (the "14.03 Acres") (see Docket #52, pdf page 53, lines 24-27; the full Order is at pages 52-62).  The Order clarifies that "Plaintiff/Cross-Defendant Norman W. Allen ("Allen") owes [] Wells Fargo under the Deed of Trust that all parties agree should have encumbered the 14.03 Acres. . ." (see Docket #52, pdf page 56, lines 2-5).  Further, Exhibit 1 to the Order, part of a preliminary title report for the 40 Acres, shows no lien **or lis pendens** by WFB or BAC, but Exhibit 2 to the Order, part of a preliminary title report for the 14.03 Acres, shows a Deed of Trust executed by Mr. Allen, recorded May 26, 2005.  The latter Deed of Trust is included in the Motion's Exhibits and shows Mr. Allen as the borrower, not Debtor, and Option One Mortgage Corporation ("Option One") as the lender (see Docket #50, pdf pages 8-16).  Option One appears to have transferred that Deed of Trust to WFB in a Corporation Assignment of Deed of Trust, dated June 1, 2005, and recorded on November 3, 2009 (see Docket #50, pdf page 21).

Case 11-40155    Filed 09/28/11    Doc 62

WHEREFORE, WFB and BAC appear not to have a perfected secured interest in Debtor's property and the Motion should be denied.

Dated: September 28, 2011                     /s/ Allen C. Massey
                                              Attorney for August B. Landis,
                                              Acting United States Trustee
                                              al.c.massey@usdoj.gov