Case 11-40155   Filed 10/07/11   Doc 82

FILED
October 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003821148

Timothy M. Ryan, Bar No. 178059
tryan@theryanfirmm.com
Austin T. Beardsley, Bar No. 270046
Abeardsley@theryanfirm.com
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Dwight Bennett<br><br>       Debtor, | CASE NO.: 11-40155<br>Chapter: 11<br>Dated Filed: August 18, 2011<br><br>Assigned for All Purposes to<br>Hon. Michael S. McManus<br>Courtroom: 28<br><br>**CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICING, LP'S REPLY TO THE U.S. TRUSTEE'S OPPOSITION TO MOTION FOR RELIEF FROM STAY AND TO EXCUSE TURNOVER BY RECEIVER PURSUANT TO 11 U.S.C. §§ 362 (d) AND 543 (d)**<br><br>Date:         October 17, 2011<br>Time:         10:00 a.m.<br>Courtroom:  28<br><br>Trial Date:   None set. |

Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership ("Creditors") hereby submit their reply to the United States Trustee's ("Trustee")

1

opposition ("Opposition") to Creditors' motion for relief from stay and to excuse turnover by receiver pursuant to 11 U.S.C. §§362 (d) and 543 (d) (the "Motion").

## 1. INTRODUCTION AND SUMMARY

In its Opposition, the Trustee concludes that relief from the automatic stay is improper because Creditors' interest in the real property known as Lassen County Assessor's parcel no. 099-260-69 ("Subject Property") is not perfected and is therefore subject to the Trustee's "strong arm" power under 11 U.S.C. § 544. In support of this conclusion, the Trustee makes an effort to show that Creditors' interest is secured *only* by an adjoining parcel, known as Lassen County Assessor's parcel no. 099-260-70.

Trustee's analysis and conclusion, however, are incorrect. Specifically, Creditors' interest in the Subject Property is not subject to a trustee's power under section 544. First, Creditors' interest in the Subject Property is not subject to section 544 because there is a lis pendens giving notice of Creditors' claims against the Subject Property. Second, the chapter 11 debtor in possession is charged with inquiry notice of Creditors' equitable interest in the Subject Property because a state court appointed receiver possessed the Subject Property on the date that Debtor Dwight Bennett's ("Bennett") bankruptcy petition ("Petition") was filed. Therefore, relief from the automatic stay is appropriate because Creditors' lien on the Subject Property is valid and not avoidable by a bankruptcy trustee or debtor in possession.

## 2. PURSUANT TO 11 U.S.C § 546 (b), CREDITORS' INTEREST IN THE SUBJECT PROPERTY IS NOT SUBJECT TO 11 U.S.C. § 544 BECAUSE CALIFORNIA LAW ALLOWS FOR PERFECTION OF CREDITORS' INTEREST

Trustee's Opposition invokes the "strong arm" power to argue that Creditors may not receive relief from the automatic stay, arguing that Creditors' interest is not perfected and is therefore subject to section 544. (Opposition p. 2:3-5). However, 11 U.S.C. § 546 (b) (1) (A) provides that a trustee's rights under section 544 are subject to "any generally

applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection." (11 U.S.C. § 546 (b) (1) (A)). Furthermore, the "generally applicable law" governing a trustee's rights under section 544 is the substantive law of the jurisdiction governing the property in question. (*See In re Roman Crest Fruit, Inc.,* (Bkrtcy S.D.N.Y.. 1985) 35 B.R.939, 947). Therefore, a trustee's rights under section 544 are governed by the substantive law of the state of California.

Pursuant to controlling California law, Creditors' interest in the Subject Property is not subject to the "strong arm" power of section 544 if a trustee or debtor in possession has been put on constructive or inquiry notice. (*In re Deuel,* (9th Cir. BAP (Cal.) 2006) 361 B.R. 509, 514, quoting *In re Professional Investment Properties of America*, (9th Cir. 1992) 955 F.2d 623 at 627). Here, the chapter 11 debtor in possession had constructive notice of Creditors' claims against the Subject Property on the date the Petition was filed because Creditors' claims could reasonably have been discovered from a lis pendens recorded against the Subject Property. Also, the chapter 11 debtor in possession had inquiry notice of Creditors' equitable interest in the Subject Property because a state court appointed receiver was in legal and actual possession of the Subject Property on the date that the Petition was filed. Therefore, Creditors' interest in the Subject Property is not subject to section 544 and Creditors' motion for relief from stay should be granted in its entirety.

    **a.**    **The Chapter 11 Debtor in Possession had Constructive Notice of Creditors' Claims over the Subject Property because Creditors' Claims could have been Reasonably Discovered from a Lis Pendens Recorded Against the Subject Property**

Pursuant to California law, a lis pendens provides constructive notice of claims against the real property to all parties who may subsequently obtain an interest in that property. (*In re Gurs,* (9th Cir. BAP (Cal.) 1983) 27 B.R. 163, 165). Additionally, the lis

pendens gives constructive notice not only of the facts apparent on the face of the pleadings in the action, but of all facts that could have been ascertained by proper inquiry. (*Id*). Therefore, a bankruptcy trustee or debtor in possession is bound by facts disclosed by the lis pendens, the pleadings on file with the superior court and any facts to which a reasonable inquiry in light of the foregoing items would necessarily lead. (*Id at* 165-166).

In this case, a lis pendens (the "Lis Pendens") was recorded on December 14, 2007, in case number 46190 in Lassen County Superior Court. (Supplemental Request for Judicial Notice "SRFJN," Item a; Supplemental List of Exhibits "SLOE," Exhibit 1). The Lis Pendens declares that case no. 46190 affects title to the Subject Property. (SLOE, Exhibit 1, p. 2). An inquiry into the case file for case no. 46190 reveals an order consolidating case no. 46190 with Lassen County Superior Court case no. 45679 on August 30, 2010. (SRFJN, Item b; SLOE, Exhibit 2). This order states that there are common issues of law and fact between cases no. 46190 and 45679. (SLOE, Exhibit 2, p. 3). On or about October 12, 2010, Creditors filed their cross-complaint in case no. 45679 seeking, among other things, an equitable lien and equitable mortgage over the Subject Property. The cross-complaint clearly shows that cases 46190 and 45679 were consolidated for all purposes at the time the cross-complaint was filed.[1] (SRFJN, Item c; SLOE, Exhibit 3).

According to standard established above, on the date the Petition was filed, the chapter 11 debtor in possession is charged with constructive notice of Creditors' claims against the Subject Property. First, a lis pendens was recorded on title to the Subject Property, creating a duty to inquire into the facts disclosed by the lis pendens itself, the pleadings on file in the case and all facts that a reasonable inquiry would necessarily reveal. An inquiry into the pleadings filed in this matter reveals Creditors' cross-

---

[1] The cases have since been ordered un-consolidated, but remain related and have been ordered to be tried concurrently. (Supplemental Declaration of Timothy M. Ryan ¶¶6-7).

complaint, filed during the time that case no. 46190 was consolidated for all purposes with case no. 45679. An inquiry into the substance of Creditors' cross-complaint would reveal causes of action to impose an equitable lien and equitable mortgage on the Subject Property. Therefore, the chapter 11 debtor in possession had constructive notice of Creditors' claims against the Subject Property on the date that the Petition was filed.

### b.    The Chapter 11 Debtor in Possession was on Inquiry Notice of Creditors' Equitable Interest in the Subject Property Because he is Charged with Knowledge of All Facts Surrounding the Appointed Receiver's Possession of the Subject Property on the Date the Subject Bankruptcy Petition was Filed

A trustee or debtor in possession may not avoid a lien on property where that trustee has inquiry notice of that lien. Cal. Civ. Code § 19 states that "every person who has actual notice of circumstances sufficient to put a prudent man on inquiry as to a particular fact, has constructive notice of the fact itself in all cases which, by prosecuting such inquiry, he might have learned such fact." (Civ. Code § 19). For the purposes of section 19, a "'prudent purchaser' describes someone who is shrewd in the management of practical affairs and whose conduct is marked by wisdom, judiciousness, or circumspection." (*In re Weisman*, (9th Cir. 1993) 5 F.3d 417, 420). A prudent purchaser is therefore charged with knowledge of 1) the nature of the property; 2) its current use; 3) the identities of the persons occupying it; 4) the relationship among them; 5) the relationship between those in possession and the person whose purported interest in the property the purchaser intended to acquire. (*See In re Probasco*, (9th Cir. 1988) 839 F.2d 1352, 1354-1356).

Therefore, inquiry becomes a duty for [a trustee or debtor in possession] where the visible state of affairs is inconsistent with the alleged rights of the person who has proposed to sell the property. (*See Weisman*, 5 F.3d at 422). Further, in addition to examining whether possession of the property was technically inconsistent with title ownership, California courts have established a common-sense examination of whether

the facts and circumstances of a particular case created a sufficient probability of inconsistency, thereby creating a duty to inquire. (*Id*). Once a duty to inquire is created under the principles set forth above, a trustee or debtor in possession is charged with all facts that would be revealed by a reasonably diligent inquiry, regardless of whether the trustee or debtor in possession had ever seen the property. (*See Weisman*, 5 F.3d at 421). Last, facts on the face of a bankruptcy petition are sufficient to provide inquiry notice to a trustee or debtor in possession regarding a third party's interest in property because "there is no practical reason why a trustee should not be put on inquiry notice by the very petition that created his position." (*See In re Professional Investment Properties of America, Inc.*, (9th Cir. 1992) 955 F.2d 623, 628).

The facts and circumstances of this clearly show that the chapter 11 debtor in possession was on inquiry notice of Creditors' interest in the Subject Property on the date the Petition was filed. On or about July 21, 2011, the Lassen County Superior Court granted Creditors' motion for summary adjudication providing an equitable lien and equitable mortgage in favor of Creditor Wells Fargo Bank over the Subject Property. (*See* Dec. of Ryan ¶ 5; LOE Exhibit 5, p. 42:1-9).[2,3] In conjunction with the judicially imposed lien and mortgage, the court imposed a receiver due to Bennett's failure to maintain insurance over the Subject Property. (Dec. of Ryan ¶ 6; LOE Exhibit 5, p. 27: 14- p. 28:2; LOE Exhibit 12). This receiver was ordered to take possession of the Subject Property and Bennett was likewise ordered to relinquish possession of the Subject Property. (LOE Exhibit 12, Paragraph 8).

///

---

[2] Pursuant to the cross-complaint, an equitable lien and equitable mortgage were imposed over the Subject Property (Lassen County Assessor's Parcel no. 099-260-69) due to the fact that all parties to the sale of the adjoining parcel (parcel no. 099-260-70), including Bennett and Creditors' predecessors, believed the transaction conveyed all of the improvements found on the Subject Property.

[3] Judge Giordano of the Lassen County Superior Court has refused to sign the summary adjudication order pending a ruling from this court that Creditors have been granted relief from the automatic stay. (Declaration of Timothy M. Ryan in support of Creditors' motion for relief from stay, ¶ 8).

From July 21, 2011, until the date the Petition was filed, the receiver entered the Subject Property regularly and provided all primary care of the thirty six (36) horses located on the property. (Dec. of Lozano ¶ 6). Also, from the date the receivership was ordered until the date the Petition was filed, the receiver was in a constant struggle to compel Bennett to comply with the receivership order. (Dec. of Lozano ¶ 8). Additionally, the receiver actively sought to enforce the receivership order by attempting to persuade three of Bennett's "tenants" to relinquish their possession of the property. (Dec. of Lozano ¶ 9). This see-saw battle for possession of the Subject Property was open, notorious and visible to anyone making even a cursory inquiry into the status of the property. In fact, the nature of the receiver's possession and control of the Subject Property pursuant to the Superior Court's order is summarized by Bennett in his bankruptcy petition. The "Attachment to Schedule I," verified under penalty of perjury, most notably reads "an unexpected receivership was imposed on July 21, 2011," and "I have been disallowed from touching any personal or business property, including tools, the horses that are my trade [sic] and have been repeatedly ordered to leave my legally titled home and property." (LOE Exhibit 7). While Creditors disagree with the characterization of Bennett's description of the receivership, this information is certainly sufficient to charge a trustee or debtor in possession with all facts that would be revealed by a diligent inquiry about the receivership. This inquiry would reveal that the receivership was imposed pursuant to the equitable lien and equitable mortgage issued against the Subject Property in favor of Creditor Wells Fargo Bank. Therefore, the chapter 11 debtor in possession is charged with inquiry notice of Creditors' interest in the Subject Property and neither he nor the trustee may avoid that interest under section 544.

///
///
///
///

3. **CREDITORS SHOULD BE GRANTED RELIEF FROM STAY AS THEY HAVE A SECURITY INTEREST IN THE SUBJECT PROPERTY**

The Trustee's Opposition claims that because Creditors' equitable lien and equitable mortgage are not perfected, they do not have a security interest in the Subject Property. However, as established above, Creditors' judicially imposed equitable lien and equitable mortgage are not subject to the "strong arm" provision of 11 U.S.C. § 544 and therefore comprise an unavoidable security interest in the Subject Property. Relief from stay is therefore appropriate because there is no equity in the Subject Property and the property is not necessary for an effective reorganization.

While it is true that relief from stay is not necessary to perfect an interest not subject to section 544 (*See* 11 U.S.C. 362 (b) (3), relief from stay is merited for two reasons. First, an order granting Creditors relief from the automatic stay will provide sufficient notice to the state court that it is permitted to sign the order granting an equitable lien and equitable mortgage over the Subject Property in favor of Creditor Wells Fargo. Second, relief from stay will forestall any potential future actions against Creditors for perfection of interest subsequent to the date the Petition was filed. Additionally, relief from stay is appropriate because Creditors have established "cause" for relief and will be able to execute their interest in the Subject Property immediately upon perfection. Therefore, Creditors are entitled to relief from the automatic stay.

4. **TRUSTEE'S OPPOSITION DOES NOT OPPOSE CREDITORS' MOTION TO EXCUSE THE TURNOVER REQUIREMENT AS IT RELATES TO THE STATE COURT APPOINTED RECEIVER**

Creditors' motion includes a renewed motion under 11 U.S.C. § 543 (d) for excuse from the turnover requirement. Trustee's papers do not provide any opposition to this motion, thereby waiving Trustee's right to oppose the motion. (LBR § 9014-1 (f) (1) (ii)). Therefore, Creditors' motion should be granted.

///

**5.   CONCLUSION**

For all of the foregoing reasons, Creditors' motion for relief from the automatic stay and to excuse turnover by the state court receiver should be granted in their entirety.

DATED:     October 7, 2011              THE RYAN FIRM
                                        A Professional Corporation


                                        By:  /S/ AUSTIN T. BEARDSLEY
                                            TIMOTHY M. RYAN
                                            AUSTIN T. BEARDSLEY
                                            Attorneys for Creditors WELLS
                                            FARGO  BANK, N.A., as Trustee for
                                            MLMI Trust Series 2005-HE3; and
                                            BAC HOME LOANS  SERVICING,
                                            LP