FILED

October 07, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003821151

Timothy M. Ryan, Bar No. 178059
tryan@theryanfirmm.com
Austin T. Beardsley, Bar No. 270046
Abeardsley@theryanfirm.com
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO.: 11-40155 |
| Dwight Bennett | DCN: TRF-2 |
| Debtor, | Chapter: 11 |
| | Assigned for All Purposes to Hon. Michael S. McManus |
| | **SUPPLEMENTAL EXHIBITS IN SUPPORT OF CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICING, LP'S REPLY TO THE U.S. TRUSTEE'S OPPOSITION TO CREDITORS' MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362 (D)** |
| | Date:         October 17, 2011<br>Time:         10:00<br>Courtroom:   28 |
| | Trial Date:   None set. |

Creditors Wells Fargo Bank, N.A. and BAC Home Loans Servicing, LP hereby submits Exhibits in support of its Motion for relief from stay pursuant to 11 U.S.C. § 362 (d), to be heard on October 17, 2011, in the above-entitled matter.

1

THE RYAN FIRM
A Professional Corporation

**Exhibit 1:**    The Lis Pendens dated December 13, 2007, and recorded in the Official Records for Lassen County, California, as Instrument Number 2007-09127 on December 14, 2001;[1]

**Exhibit 2:**  The Notice of entry of order consolidating Lassen County Superior Court case 45679 and 46190, dated September 9, 2010, and filed in case number 45679 and 46190;

**Exhibit 3:**    The cross-complaint filed by Creditors in Lassen County Superior Court case number 45679, consolidated with case number 46190 on October 12, 2011.

DATED:        October 7, 2011                    THE RYAN FIRM
                                                A Professional Corporation



By:  /S/ AUSTIN T. BEARDSLEY
     TIMOTHY M. RYAN
     AUSTIN T. BEARDSLEY
     Attorneys for Creditors WELLS
     FARGO  BANK, N.A., as Trustee for
     MLMI Trust Series 2005-HE3; and
     BAC HOME LOANS  SERVICING,
     LP

---

[1] A certified copy of this lis pendens will be available at the hearing on this motion.

2

THE RYAN FIRM
A Professional Corporation

EXHIBIT 1

```
2007-09127
Recorded at the request of
MICHELE VERDEROSA LAW OFFICE
12/14/2007 10:14A
Fee:  10.00 No of Pages:2

OFFICIAL RECORDS
Julie Bustamante, County
Clerk-Recorder
Lassen County, CA
```

Recorded at the request of and, when recorded, return to:

MICHELE VERDEROSA
Law Offices of Michele Verderosa
Post Office Box 469
Susanville CA 96130-0469

MICHELE VERDEROSA (#185281)
Law Offices of Michele Verderosa
Post Office Box 469
Susanville CA 96130-0469
(530)257-7447/(530)257-7452 (fax)
    Attorney for plaintiff

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LASSEN

JUDITH A. ST.JOHN,
    plaintiff,

v.

DWIGHT A. BENNETT, DEBORAH S.
SWETLAND-McNEAL, and all persons
unknown claiming any interest in the
property, named as DOES 1 through 25,
inclusive,
    defendants.

Case Number: **46190**

**NOTICE OF LIS PENDENS**

NOTICE IS GIVEN that the above-entitled action stating a real property claim as described in this notice was commenced on December 12, 2007, in the above-named court by plaintiff JUDITH A. ST.JOHN against defendant DWIGHT A. BENNETT; the action is now pending in the above-named court.

**2007-09127**
**Pg: 1/2**

This action affects title to and the right to possession of specific real property, located in

Susanville, Lassen County, California, described as follows:

"Parcel No. 1: 'In Township 30 North, Range 11 East, Mount
Diablo Meridian, according to the official plat thereof: Section 25:
the SE 1/4 of the SW 1/4.'

"Parcel No. 2: 'A non-exclusive easement for access and public
utility purposes over, under and across the east 60 feet of the NE
1/4 of the NW 1/4 of Section 36, Township 30 North, Range 11
East, lying north of State Hwy 36.'"

This property is located at 695-725 Highway 36, Susanville, Lassen County, California

96130 and has been assigned Assessor's Parcel Number 099-260-69.

Dated: _12/13/07_.

_Michele Verd_____
MICHELE VERDEROSA
Attorney for plaintiff

ACKNOWLEDGMENT

State of California        }
                           } ss
County of Lassen           }

On _Dec. 13, 2007_____ before me, _R. Fink, Notary Public_,
personally appeared MICHELE VERDEROSA, personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_R. Fink_____
Signature

R. FINK
COMM. # 1680101
NOTARY PUBLIC-CALIFORNIA
COUNTY OF LASSEN
MY COMM. EXP. AUG. 8, 2010



2007-09127
Pg:2/2

EXHIBIT 2

8045-1267 ATB

RECEIVED
SEP 1 3 2010
BY: ......................

1   Peter M. Talia, State Bar Number 52975
    Law Office of Peter M. Talia
2   470-345 Circle Drive
3   Susanville, CA 96130
    Telephone: (530) 257-5199
4   Fax: (530) 257-5995

5   Attorney for Norman W. Allen, Plaintiff

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
                 IN AND FOR THE COUNTY OF LASSEN

9

10  Norman W. Allen,                          )   No. 45679
                                              )
11              Plaintiff,                     )
                                              )
12  vs.                                       )
                                              )
13  Summit Financial Group, Dana Capital      )
    Corp, Steve Weich, Rod Hosilyk, Dwight    )
14  A. Bennett, Judith A. St. John, Wells Fargo )
    Bank, NA as Trustee for MLMI Trust        )
15  Series 2005-HE3, Evans Appraisal          )
    Services, Inc., and Does 1-10,            )
16                                            )
17              Defendants.                    )
                                              )
18  As Previously Consolidated with 50324     )
                                              )
19                                            )   No. 46190
    JUDITH A. ST. JOHN,                       )
20                                            )
                                              )
21              Plaintiff                      )   **NOTICE OF ENTRY OF ORDER**
                                              )   **VACATING TRIAL IN NO. 46190**
22  v.                                        )   **AND CONSOLIDATING ACTIONS**
                                              )   **46190 AND 45679**
23                                            )
    DWIGHT A. BENNETT, DEBORAH S.             )
24  SWETLAND-McNEAL, and all persons          )
    Unknown claiming any interest in the      )
25  property, named as DOES 1 through 25,     )
    inclusive,                                )
26                                            )
27                                            )
                Defendants.                    )
28  _____ )

_____

NOTICE OF ENTRY OF ORDER VACATING/CONSOLIDATING                    1

1   To All parties of Record in Actions Numbered 46190 and 45679 and 50324

2   NOTICE IS HEREBY GIVEN that on August 30, 2010 the Court vacated the September 8, 2010

3   trial date in action number 46190 and ordered that case consolidated for trial with action number

4   45679 which the Court designated as the lead case and all pursuant to ORDER VACATING

5   TRIAL AND CONSOLIDATING CASE attached hereto.

6

7

8   Dated:  September 9, 2010

9                                              Peter M. Talia, Attorney for
                                               Norman Allen
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF LASSEN

## MINUTE ORDER

Date:  August 30, 2010
Clerk:  Nancy Holsey

F. Donald Sokol, Judge

JUDITH A. ST. JOHN,

            Plaintiff,

v.

DWIGHT A. BENNETT and
DEBORAH S. SWETLAND-MCNEAL, et al,

            Defendants.

Case No. 46190

NATURE OF THE PROCEEDINGS:    ORDER VACATING TRIAL AND
                                   CONSOLIDATING CASE

The trial date of September 8, 2010 for Case No. 46190 is hereby vacated. There being common issues of law and fact pending before the court in the within case and Case No. 45679 entitled *Allen, Norman W. v. Summit Financial, et al.* and into which Case No. 50324 having previously been consolidated, the within case, Case No. 46190 is hereby consolidated for trial, with No. 45679 being the lead case.

Dated: August 30, 2010

Hon. F. Donald Sokol

cc:   Craig B. Close, Attorney at Law
      Dwight A. Bennett
      Deborah S. Swetland-McNeal

Case No.  45679, Allen v. Summit Financial Group
Case No.  46190, St. John v. Bennett
Case No.  50324, Allen v. T.D. Service

## Proof of Service by Mail

I am over the age of 18 years and not a party to the within action. I am employed at 470-345 Circle drive, Susanville, California  96130. On this date I served the following documents listed below:

## NOTICE OF ENTRY OF ORDER VACATING TRIAL IN NO. 46190 AND CONSOLIDATING ACTIONS 46190 AND 45679

By First Class mail a true and correct copy of the aforementioned document was placed by me in a stamped envelope directed to and addressed according to the names and addresses listed below:

Craig B. Close
Close Associates Law Office
P.O. Box 2522
Truckee, Ca 96160

Steve Weich
5876 Coyote Ridge Road
Reno, Nevada  89523

David Hosilyk
Fine Boggs Cope and Perkins
2450 S Cabrillo Ave.  Suite 100
Half Moon Bay, Ca  94109

Dwight Bennett
P.O. 540
Susanville, Ca 96130

Tim Ryan
The Ryan Firm
1100 North Tustin Avenue, Suite 200
Anaheim, Ca   92807

Jerrald K. Pickering II
P.O. Box 99220
Redding, Ca.  96099-2200

Debra McNeil
P.O. Box 540

Susanville, Ca  96130

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2010

EXHIBIT 3

8045-1267ATB

ENDORSED FILED

OCT 1 2 2010

R. REED, Clerk / _____ Officer
LASSEN COUNTY COURTS

By _____ Deputy

**S. Spangler**

1  Timothy M. Ryan, Bar No. 178059
   Austin T. Beardsley, Bar No. 270046
2  THE RYAN FIRM
   A Professional Corporation
3  1100 N. Tustin Avenue, Suite 200
   Anaheim, California 92807
4  Telephone (714) 666-1362; Fax (714) 666-1443

5  Attorneys for Defendants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust
6  Series 2005-HE3 and BAC HOME LOANS SERVICING, LP, a Texas limited
   partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as
7  BAC Home Loan Servicing, LLP

8              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF LASSEN**

10

11  NORMAN W. ALLEN,                     LEAD CASE NO.:  45679

12            Plaintiff,                 (Consolidated with: 50324 & 46190)

13  vs.                                  Unlimited Jurisdiction
                                         Complaint Filed April 13, 2010
14  T.D. SERVICE COMPANY, WELLS          Assigned to Hon. F Donald Sokol
    FARGO BANK, N.A. AS TRUSTEE
15  FOR THE MLMI TRUST SERIES            **CROSS-COMPLAINT FOR:**
    2005-HE3, and DOES 1-10,
16                                           1.    **Declaratory Relief**
            Defendants.                      2.    **Rescission**
17                                           3.    **Reformation**
    _____         4.    **Subrogation**
18  NORMAN W. ALLEN,                         5.    **Equitable Lien**
                                             6.    **Equitable Mortgage**
19            Plaintiff,                      7.    **Negligent Misrepresentation**
                                             8.    **Professional Negligence**
20  vs.
21                                       Trial Date:    None set.
22  SUMMIT FINANCIAL GROUP;
    DANA CAPITAL CORP.; STEVE
23  WEICH; ROD HOSILYK; DWIGHT
    A. BENNETT; JUDITH A. ST. JOHN;
24  WILSHIRE CREDIT
    CORPORATION; EVANS
25  APPRAISAL SERVICES, INC.; and
    DOES 1–10,
26
27            Defendants.
28

                                     1

_____
                              Cross-Complaint

**THE RYAN FIRM**
A Professional Corporation

| | |
|---|---|
| 1 | WELLS FARGO BANK, N.A., as )<br>Trustee for MLMI Trust Series 2005- ) |
| 2 | HE3 and BAC HOME LOANS )<br>SERVICING, LP, a Texas limited ) |
| 3 | partnership, successor by merger to )<br>Wilshire Credit Corporation, ) |
| 4 | erroneously sued as BAC Home Loan )<br>Servicing, LLP, ) |
| 5 | ) |
| 6 | Cross-Complainants, ) |
| 7 | vs. ) |
| 8 | NORMAN W. ALLEN, DWIGHT A. )<br>BENNETT, JUDITH A. ST. JOHN, ) |
| 9 | EVANS APPRAISAL SERVICES, )<br>INC., AND ROES 1-10 ) |
| 10 | ) |
| 11 | Cross-Defendants. ) |
| 12 | AND ALL OTHER CROSS- )<br>ACTIONS ) |
| 13 | ) |

14    Cross-Complainants, Wells Fargo Bank, N.A., as Trustee for MLMI Trust Series

15  2005-HE3 and BAC Home Loan Servicing LP, a Texas limited partnership, successor by

16  merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing

17  LLP, hereby allege as follows:

18                                **PARTIES**

19    1.    Cross-Complainant Wells Fargo Bank, N.A. ("Wells Fargo") is the current

20  Trustee for the MLMI Trust Series 2005-HE3, beneficiary for the WFB Deed of Trust for

21  the real property in Lassen County known as assessor's parcel number 099-260-70

22  ("WFB WFB Deed of Trust.")

23    2.    Cross-Complainant BAC Home Loans Servicing LP ("BAC,") a Texas

24  Limited Partnership, successor by merger to Wilshire Credit Corporation, erroneously

25  sued as BAC Home Loan Servicing LLP, is the servicer of the loan secured by the WFB

26  WFB Deed of Trust.

27    3.    Wells Fargo and BAC are informed and believe, and based thereon allege,

28  that Cross-Defendant Norman Allen is an individual residing in the County of Lassen.

2

THE RYAN FIRM
A Professional Corporation

4.    Wells Fargo and BAC are informed and believe, and based thereon allege, that Cross-Defendant Dwight A. Bennet is an individual residing in the County of Lassen.

5.    Wells Fargo and BAC are informed and believe, and based thereon allege, that Cross-Defendant Judith St. John is an individual residing in the County of Lassen.

6.    Wells Fargo and BAC are informed and believe, and based thereon allege, that Cross-Defendant Evans Appraisal Service is a corporation doing business in and organized under the laws of the State of California.

7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Cross-Defendants Roes 1-100 are unknown to Wells Fargo and BAC, and therefore sues Cross-Defendants by such fictitious names.   Cross-Complainant reserves the right to amend this Cross-Complaint to specify the true names of said Cross-Defendants when those true names become ascertained and known.

**VENUE**

8.    This action was commenced by Plaintiff on September 18, 2007 against, among others, Wells Fargo and BAC for reformation of the WFB WFB Deed of Trust for a 14.03 acre parcel of real property located in Lassen County, California. The subject property is within the boundaries of this judicial district, and this action is properly within the court's jurisdiction.

**FIRST CAUSE OF ACTION**

**(For Declaratory Relief Against Allen, St. John, and Bennett)**

9.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 8 inclusive as though set forth in full herein.

10.    On or before June, 2004, Cross-Defendants Bennett and St. John owned as joint tenants a 54.03 acre parcel in Lassen County ("the 54 acres.")  Bennett and St. John desired to re-finance the property in order to pay off the existing mortgage.  Bennett and St. John agreed to partition the two lots creating a small, valuable lot that could be sold for enough money to pay of the entire mortgage.

3

THE RYAN FIRM
A Professional Corporation

11.    On or about June 14, 2004, Cross-Defendant St. John quitclaimed her interest in 14.03 of the 54 acres to Cross-Defendant Bennett ("the 14 acres.") This lot is known as assessor's parcel number 099-260-70.  The remaining 40 acres are now known as assessor's parcel number 099-260-69 ("the 40 acres.")  Bennett and St John both remain on the title to the 40 acres.

12.    On or about December 4, 2004, Cross-Defendants Bennett and Allen entered into a contract ("Contract") for the sale of the 14 acres.

13.    In or about May 2005, Cross-Defendants completed the sale for a total purchase price of $485,000.00.  In order to obtain the full purchase price, Cross-Defendant Allen executed a note in the amount of $437,000.00.

14.    Wells Fargo and BAC are informed and believe, and based thereon allege, that Bennett used the proceeds of the sale to pay off the previous mortgage on the property.  ("Existing Mortgage.")

15.    To secure the note, Cross-Defendant Allen executed the WFB Deed of Trust on the 14 acres.

16.    The WFB Deed of Trust belongs to the MLMI Trust Series 2005-HE3, Cross-Complainant Wells Fargo acting as Trustee of the Trust.  Cross-Complainant BAC acts as servicer on the Deed for Wells Fargo.

17.    Wells Fargo and BAC are informed and believe, and based thereon allege, that at all times relevant, all parties to this cause of action believed that the improvements, including a residence, a barn, and outbuildings ("Improvements") originally located on the 54 acres were subsequently located on the 14 acres rather than the 40 acres.

18.    Wells Fargo and BAC are informed and believe, and based thereon allege, that at all times relevant, all parties to this cause of action intended the Improvements to be part of the 14 acres.

19.    Wells Fargo and BAC are informed and believe, and based thereon allege, that at all times relevant, all parties to this cause of action knew that it was necessary for

4

THE RYAN FIRM
A Professional Corporation

1  the Improvements to be on the 14 acres, otherwise, the property would not command a

2  price sufficient to pay off the Existing Mortgage.

3        20.    Wells Fargo and BAC are informed and believe, and based thereon allege,

4  that the Contract for sale was founded on the mistaken belief that the Improvements were

5  located on the 14 acres and the purchase price reflects the market value of the 14 acres

6  plus the Improvements.

7        21.    Wells Fargo and BAC are informed and believe, and based thereon allege

8  that, the WFB Deed of Trust was executed based on the mistaken belief that the

9  Improvements were located on the 14 acres, and the price of the note reflects the market

10  value of the 14 acres plus the Improvements.  Bennett and St. John received the value of

11  the 14 acres plus Improvements, and were able to pay off the Existing Mortgage.

12        22.    If the allegations of the Complaint are true, the Improvements are located

13  on the 40 acres.

14        23.    If the allegations of the Complaint are true, there exists a real controversy

15  between Cross-Complainants and Cross-Defendants, namely the intent of all parties to

16  convey the Improvements, concerning their respective rights and duties under the WFB

17  Deed of Trust and Contract, requiring a judicial determination, interpretation, and

18  declaration of the parties' respective rights and duties under the WFB Deed of Trust and

19  Contract.

20        **SECOND CAUSE OF ACTION**

21        **(For Rescission Against Allen)**

22        24.    Wells Fargo and BAC re-allege and incorporate by reference the allegations

23  contained in paragraphs 1 through 23 inclusive as though set forth in full herein.

24        25.    If the allegations in the Complaint are true, Cross-Defendant Allen

25  executed the WFB Deed of Trust under the mistaken belief that the deed included the 14

26  acres plus the Improvements.

27        26.    If the allegations in the Complaint are true, predecessors in interest to Wells

28  Fargo and BAC entered into the WFB Deed of Trust under the mistaken belief that the

5

deed included the 14 acres plus the Improvements.

27.     Wells Fargo and BAC are ready, willing and able to tender the WFB Deed of Trust to Allen in exchange for the original loan amount minus any principal payments Cross-Defendant Allen has already paid on the note.

28.     Wells Fargo and BAC are informed and believe, and based thereon allege, that this mutual mistake constitutes grounds for rescission of the WFB Deed of Trust, and Cross-Complainants' tender allows the court to grant rescission of the WFB Deed of Trust.

## THIRD CAUSE OF ACTION

### (For Reformation Against Allen, Bennett, and St. John)

29.     Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 28 inclusive as though set forth in full herein.

30.     Wells Fargo and BAC are informed and believe, and based thereon allege, that St. John intended to convey the Improvements when she quitclaimed the 14 acres to Bennett.

31.     Wells Fargo and BAC are informed and believe, and based thereon allege, that Bennett intended to convey the Improvements to Allen when they entered into the Contract for the sale of the 14 acres.

32.     Wells Fargo and BAC are informed and believe, and based thereon allege, that Allen intended the Improvements to be a part of WFB Deed of Trust.

33.     Wells Fargo and BAC are informed and believe, and based thereon allege, that Bennett and St. John benefited from the sale by paying off the Existing Mortgage with the sale proceeds.  Bennett and St. John knew the only way to receive enough money to pay off the Existing Mortgage was to convey the Improvements along with the 14 acres.

34.     If the allegations in the Complaint are true, reformation of each of these instruments will reflect the true intentions of the parties, and restore to each party the intended benefits of the respective bargains.

THE RYAN FIRM
A Professional Corporation

6

THE RYAN FIRM
A Professional Corporation

35.    If the allegations in the Complaint are true, without reformation of all of the instruments involved, Bennett and St. John will be inequitably enriched by being able to pay off the Existing Mortgage while not parting with the valuable property they intended to sell.

## FOURTH CAUSE OF ACTION

### (For Equitable Subrogation Against Bennett and St. John)

36.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 35 inclusive as though set forth in full herein.

37.    Wells Fargo and BAC are informed and believe, and based thereon allege, that the loan proceeds from  Defendant Allen's purchase of the 14 acres paid off the Existing Mortgage on all 54 acres.  The lender, Option One Mortgage, Wells Fargo and BAC's predecessor in interest ("Lender,") paid off the Existing Mortgage in order to secure the 14 acres and Improvements.

38.    Lender did not act as a volunteer in paying off the Existing Mortgage.

39.    Lender was not primarily liable for the Existing Mortgage.

40.    Lender paid off the entire Existing Mortgage.

41.    Subrogating the current mortgage on the 14 acres with the Existing Mortgage will re-align the interests of each party with the interests each party intended to give and receive.

## FIFTH CAUSE OF ACTION

### (For Equitable Lien Against Allen, Bennett, and St. John)

42.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 41 inclusive as though set forth in full herein.

43.    Wells Fargo and BAC are informed and believe and based thereon allege that on or about June 14, 2004, Cross-Defendant St. John quitclaimed her interest in the 14 acres to Cross-Defendant Bennett with intent to convey the Improvements.  She did so to create a parcel valuable enough to pay off the Existing Mortgage on all 54 acres.

/ / /

7

THE RYAN FIRM
A Professional Corporation

44.    Wells Fargo and BAC are informed and believe and based thereon allege that Cross-Defendant Bennett sold the 14 acres to Cross-Defendant Allen with intent to convey the Improvements.  He did so in order to generate enough revenue from the sale to pay off the Existing Mortgage on all 54 acres.

45.    Cross-Defendant Allen executed the note for $437,000.  To secure the note, Wells Fargo and BAC are informed and believe and based thereon allege that Allen executed the WFB Deed of Trust with intent to provide the Improvements as security.

46.    Wells Fargo and BAC are informed and believe and based thereon allege that the loan proceeds were used to pay off the existing mortgage on the 54 acres.

47.    The Improvements were not actually included on the WFB Deed of Trust.

48.    Wells Fargo and BAC are informed and believe and based thereon allege that without the Improvements, the value of the 14 acres is under $100,000 dollars.

49.    Therefore, Wells Fargo and BAC are entitled to the imposition of an equitable lien on the improvements.  Imposition of an equitable lien will put all parties in their intended positions, and will afford all parties the benefits sought by entering into these transactions.

## SIXTH CAUSE OF ACTION

### (Equitable Mortgage Against Bennett, St. John, and Allen)

50.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 49 inclusive as though set forth in full herein.

51.    Wells Fargo and BAC are informed and believe and based thereon allege that on or about June 14, 2004, Cross-Defendant St. John quitclaimed her interest in the 14 acres to Cross-Defendant Bennett with intent to convey the Improvements.  She did so to create a parcel valuable enough to pay off the Existing Mortgage on all 54 acres.

52.    Wells Fargo and BAC are informed and believe and based thereon allege that Cross-Defendant Bennett sold the 14 acres to Cross-Defendant Allen with intent to convey the Improvements.  He did so in order to generate enough revenue from the sale to pay off the Existing Mortgage on all 54 acres.

8

THE RYAN FIRM
A Professional Corporation

53.    Cross-Defendant Allen executed the note for $437,000.  To secure the note, Wells Fargo and BAC are informed and believe and based thereon allege that Allen executed the WFB Deed of Trust with intent to provide the Improvements as security.

54.    Wells Fargo and BAC are informed and believe and based thereon allege that the loan proceeds were used to pay off the Existing Mortgage on the 54 acres.

55.    The Improvements were not actually included on the WFB Deed of Trust.

56.    As a result of these mistakes of fact, Wells Fargo and BAC currently do not hold the security interest in the Improvements that all parties intended.

57.    Therefore, Wells Fargo and BAC are entitled to imposition of an equitable mortgage on the Improvements.

58.    This mortgage will be enforceable against any party adjudged to hold title to the Improvements because the mortgage was intended by all parties to encumber the improvements, and the loan proceeds were used to pay off the existing loan on the Improvements.

## SEVENTH CAUSE OF ACTION

### (For Negligent Misrepresentation

### Against Evans Appraisal Service, and ROES 1-10)

59.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 58 inclusive as though set forth in full herein.

60.    Wells Fargo and BAC are informed and believe and based thereon allege that in or about March 2005, Steve Weich, acting as an agent for Summit Financial Group, requested an appraisal of the 14 acres from Cross-Defendant Evans Appraisal service.

61.    Wells Fargo and BAC are informed and believe and based thereon allege that on or about March 7, 2005, Chris Talley, an appraiser for Cross-Defendant Evans Appraisal Service delivered to Dana Capital an "Appraisal of Real Property." (Appraisal.)

/ / /

THE RYAN FIRM
A Professional Corporation

62.     Wells Fargo and BAC are informed and believe and based thereon allege that the Appraisal purports to determine the value of the 14 acre parcel.

63.     Wells Fargo and BAC are informed and believe and based thereon allege that the appraisal includes the Improvements on the 14 acre parcel, and estimates the market value of 14 acre parcel to be $485,000.

64.     Wells Fargo and BAC are informed and believe and based thereon allege that the Appraisal was furnished to the original lender, Option One Mortgage to help Option One Mortgage determine a loan amount.

65.     Option One relied on the figures stated in the Appraisal, and loaned $437,000 against the 14 Acres.

66.     Wells Fargo and BAC are informed and believe and based thereon allege that Evans Appraisal Service knew that lenders such as Option One, as well as investors who purchase mortgages would rely on the Appraisal in determining how much money would be loaned against the property.  They had this knowledge because Dana Capital and Summit Financial Group by their agents Steve Weich and Rod Hosylik represented to Cross-Defendant Evans Appraisal service this purpose in ordering the appraisal.

67.     The Improvements are not located on the 14 acres.

68.     Wells Fargo and BAC are informed and believe and based thereon allege that the actual market value of the 14 acres was less than $100,000, constituting a loss on the investment greater than $300,000.00.

## EIGHTH CAUSE OF ACTION

### (For Professional Negligence

### Against Evans Appraisal Service, and ROES 1-10)

69.     Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 68 inclusive as though set forth in full herein.

70.     Wells Fargo and BAC are informed and believe and based thereon allege that Cross-Defendant Evans Appraisal Service knew that the Appraisal would be relied upon by lenders and investors.

10

71.    Evans Appraisal Service therefore owed a duty to any lenders and subsequent investors to accurately state the value of the 14 Acres.

72.    Wells Fargo and BAC are informed and believe and based thereon allege that Evans Appraisal Service appraised the 14 Acres at $485,000.00.

73.    Wells Fargo and BAC are informed and believe and based thereon allege that Option One Mortgage, the original lender, and predecessor to Wells Fargo, relied upon the Appraisal when it loaned $437,000.00 on the 14 Acres.

74.    Wells Fargo are informed and believe and based thereon allege that the actual market value of the 14 Acres was under $100,000.00, constituting a loss on the investment greater than $300,000.00

## PRAYER

**WHEREFORE,** Wells Fargo and BAC pray for judgment as follows:

1.    For judgment declaring the rights and duties of each of the parties specified above.

2.    For judgment ordering the WFB Deed of Trust rescinded, and all properties and monies returned to the respective parties.

3.    For reformation of each and every instrument involved above to reflect the intent of the parties to convey the Improvements along with the 14 acres.

4.    For equitable subrogation, placing a lien on the 14 acres and the Improvements to reflect the intended benefits to each party.

5.    For Imposition of an equitable lien on the Improvements in favor of Wells Fargo and BAC, resulting in a right and just resolution to this controversy.

6.    For Imposition of an Equitable Mortgage on the Improvements in favor of Wells Fargo and BAC, encumbering the property all parties intended to encumber.

7.    For damages against Evans Appraisal Service for negligent misrepresentation in an amount to be proven at trial.

8.    For damages against Evans Appraisal Service for professional negligence in an amount to be proven at trial.

11

THE RYAN FIRM
A Professional Corporation

9.    For Attorney's fees and costs as allowed by law.

DATED:  October 8, 2010                    THE RYAN FIRM
                                           A Professional Corporation


                                           By:_____
                                           TIMOTHY M. RYAN
                                           AUSTIN T. BEARDSLEY
                                           Attorneys for Defendants/Cross-
                                           Complainants WELLS FARGO
                                           BANK, N.A., as Trustee for MLMI
                                           Trust Series 2005-HE3 and BAC
                                           HOME LOAN SERVICING, LP, a
                                           Texas limited partnership, successor by
                                           merger to Wilshire Credit Corporation,
                                           erroneously sued as BAC Home Loan
                                           Servicing, LLP

12

**PROOF OF SERVICE**

  I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 1100 North Tustin Avenue, Suite 200, Anaheim, California 92807.

  On October 8, 2010, I served the within document(s) described as: **CROSS-COMPLAINT** on the interested parties in this action:

☒  by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
   ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Peter M. Talia, Esq.<br>L/O Peter M. Talia<br>470-345 Circle Drive<br>Susanville, CA 96130 | Tel.: (530) 257-5199<br>Fax: (530) 257-5995 | Counsel for Plaintiff<br>NORMAN W. ALLEN |
| David A. Hosilyk<br>Fine, Boggs & Perkins, LLP<br>2450 S. Cabrillo Highway<br>Suite 100<br>Half Moon Bay, CA 94109 | Tel.: (650) 712-8908<br>Fax: (650) 712-1712 | Counsel for Defendants<br>ROD HOSILYK and<br>SUMMIT FINANCIAL<br>GROUP |
| Dwight A. Bennett<br>695–725 State Highway 36<br>Susanville, CA 96130 | Tel.: (530) 257-5199<br>Fax: (530) 257-5995 | Defendant/Cross-<br>Defendant in pro per |
| Craig B. Close<br>Close Associates Law Offices<br>P.O. Box 2522<br>Truckee, CA 96160 | Tel: (530) 587-7666<br>Fax: (530) 550-8888 | Counsel for<br>Defendant/Cross-<br>Complainant JUDITH A.<br>ST. JOHN |
| Steve Weich<br>5876 Coyote Road<br>Reno, NV 89523-1513 | Tel.: Unknown<br>Fax: Unknown | Defendant in pro per |
| Jerrald K. Pickering, II, Esq.<br>Pickering Law Corporation<br>1915 Placer Street<br>Redding, CA 96001<br>P.O. Box 992200<br>Redding, CA 96099-2200 | Tel.: (530) 241-5811<br>Fax: (530) 241-3145 | Counsel for Defendant |

☒ **BY MAIL** (Code Civ. Proc. § 1013(a))—I deposited such envelope(s) for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

1

☒      (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 8, 2010, at Anaheim, California.



JODY MCLAIN

2

Cross-Complaint