FILED
October 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003821880

Timothy M. Ryan, Bar No. 178059
tryan@theryanfirmm.com
Austin T. Beardsley, Bar No. 270046
Abeardsley@theryanfirm.com
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Dwight Bennett<br><br>      Debtor, | CASE NO.: 11-40155<br>Chapter: 11<br>Dated Filed: August 18, 2011<br><br>Assigned for All Purposes to<br>Hon. Michael S. McManus<br>Courtroom: 28<br><br>**CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICING, LP'S REPLY TO DWIGHT BENNETT'S OPPOSITION TO MOTION FOR RELIEF FROM STAY AND TO EXCUSE TURNOVER BY RECEIVER PURSUANT TO 11 U.S.C. §§ 362 (d) AND 543 (d)**<br><br>Date:      October 17, 2011<br>Time:      10:00 a.m.<br>Courtroom:  28<br><br>Trial Date:  None set. |

Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership ("Creditors") hereby submit their reply to the Debtor's ("Bennett") opposition to

1

Creditors' motion for relief from stay and to excuse turnover by receiver pursuant to 11 U.S.C. §§362 (d) and 543 (d) (the "Motion").

## 1. INTRODUCTION AND SUMMARY

Bennett's Opposition makes two chief arguments against Creditors' Motion. First, the Opposition alleges Creditors lack standing to bring the Motion because they do not have a security interest encumbering real property known as Lassen County Assessor's parcel no. 099-260-69 ("Subject Property"). Second, Bennett opposes Creditors' prayer for an order excusing the turnover requirement of 11 U.S.C. § 543 (d) by the state court appointed receiver because of alleged, unsupported allegations that the receiver has violated the automatic stay.

Neither of the Opposition's arguments has merit because neither argument is supported by relevant fact, law or evidence that controverts the Motion's well founded facts and analysis. First, Bennett's arguments fail to show that Creditors do not have a valid, unavoidable security interest in the Subject Property. Second, Bennett fails to show that there are sufficient funds for an effective reorganization and that he has competently managed the Subject Property. Therefore, Creditors' Motion should be granted in its entirety.

## 2. THE OPPOSITION FAILS TO SHOW THAT CREDITORS DO NOT HAVE STANDING TO MOVE FOR RELIEF FROM STAY

Bennett's Opposition alleges that Creditors do not have standing to bring their Motion. In support of this allegation, Bennett provides wild, wholly unsupported factual assertions and legal theories that are difficult at times to follow. For the reasons set forth below, none of Bennett's allegations or theories is supported by fact or law.

First, Bennett attempts to allege that the corporation assignment of deed of trust ("Assignment") that assigns all beneficial interest in the underlying note and deed of trust is not valid. (*See* Opposition, pp. 2-3; LOE Exhibit 3). In support of this allegation, Bennett claims that the underlying pooling and servicing agreement is inconsistent with

2

Wells Fargo Bank's Reply to Dwight Bennett's Opposition to Motion for Relief from Stay
and to Excuse Turnover by Receiver

execution and recordation of the Assignment. (Opposition pp. 2-3). However, Bennett fails to provide the provision of the pooling and servicing agreement that he is referring to. Second, Bennett provides no legal support as to how the alleged inconsistencies invalidate the recorded deed of trust and Assignment, both of which have been judicially noticed by Creditors. (LOE Exhibits 2-3). Therefore, Bennett's argument regarding the pooling and servicing agreement fails.

Bennett also alleges that Creditors lack standing because in order to "proceed as a Creditor, . . . they must first foreclose on the Allen DOT." (Opposition p.4:12- 13). However, Bennett fails to provide any support for this assertion, relying instead on a citation to *In re Foreclosure Cases*, ((S.D. Ohio 2007) 521 F. Supp. 2d 650, 653), that makes a general assertion that standing to foreclose requires injury, including borrower's failure to make payments. (Opposition p.4:15-20).

In contrast to the Opposition's fragmented, unsupported arguments, Creditors have shown in their Motion that they have an equitable security interest in the Subject Property. (Motion, p.1:23- p. 2:16; LOE Exhibits 2-3; Declaration of Timothy M. Ryan ¶ 5; LOE Exhibit 5, p. 42:1-9). Therefore, the Opposition fails and Creditors' Motion should be granted in its entirety.

3. **BENNETT'S OPPOSITION FAILS TO SHOW THAT CREDITORS' RECEIVER SHOULD NOT BE EXCUSED FROM TURNOVER**

The Opposition makes two chief arguments against the Motion's prayer for an order excusing the turnover requirement of 11 U.S.C. § 543 (d). First, the Opposition attacks the underlying validity of the receivership. Second, the Opposition makes allegations of violations of the automatic stay and concludes that the alleged violations preclude turnover by the receiver. Neither of these arguments is valid against the well established facts and law provided by the Motion.

The Opposition's argument regarding the validity of the receivership relies on unsupported allegations of procedural defects in Creditors' ex parte application to impose

3

Wells Fargo Bank's Reply to Dwight Bennett's Opposition to Motion for Relief from Stay and to Excuse Turnover by Receiver

a receivership. (Opposition, p.7: 9-15). However, the validity of the receivership is not at issue in this Motion. Rather, Bennett has the burden of showing that there are funds sufficient for an effective reorganization and that he has not mismanaged the Subject Property. (Motion p.:1-7). The Opposition fails to provide evidence of either of these factors. In contrast, the Motion is replete with evidence, including Bennett's bankruptcy petition and schedules showing unavailability of funds for reorganization. (Motion p.9:8-16). Furthermore, the Motion provides extensive evidence of Bennett's failure to properly manage the Subject Property. (Motion p.9:17- p.10:13).

In addition, Bennett's allegations of violations of the automatic stay are insufficient to defeat the Motion. (Opposition pp. 7-15). As an initial matter the Opposition is written in such a stream-of-consciousness narrative that it is difficult to ascertain how the stay was violated and by whom. Furthermore, none of the allegations and analysis set forth in these passages shows either that there are sufficient funds for reorganization or that the poor state of the Subject Property was caused by anything other than Bennett's mismanagement. Therefore, the Creditors' Motion to excuse the turnover requirement of section 543 should be granted.

### 4. BENNETT'S OPPOSITION BRIEF ENTITLED "VIOLATIONS OF STAY ORDERED 8/18/2011" IS IRRELEVANT TO THE MOTION AT HAND AND SHOULD NOT BE CONSIDERED AT THE PRESENT TIME

In addition to his Opposition, supporting declarations and supporting exhibits, Bennett filed a document titled "Violations of Stay Ordered 8/18/2011." This document is one part motion for violation of the automatic stay and one part psychological thriller, baring no relation to reality. (*See* "Violations," p. 9:14-25). Needless to say, Creditors take exception to the characterization, accuracy and truthfulness of the alleged facts contained therein. However, instead of amassing all of the necessary declarations and other evidence to refute these allegations, Creditors simply note that these matters are not properly before the court. (LBR 9014-1). Creditors therefore request that the court

4

Wells Fargo Bank's Reply to Dwight Bennett's Opposition to Motion for Relief from Stay and to Excuse Turnover by Receiver

disregard the inflammatory and irrelevant factual assertions contained in this document as Bennett has not properly noticed, served or filed a motion for violations of the automatic stay.

**5.     CONCLUSION**

For all of the foregoing reasons set forth above, Bennett's Opposition fails and Creditors' Motion should be granted in its entirety.

DATED:     October 7, 2011           THE RYAN FIRM
                                     A Professional Corporation


                                     By: /S/ AUSTIN T. BEARDSLEY
                                         TIMOTHY M. RYAN
                                         AUSTIN T. BEARDSLEY
                                         Attorneys for Creditors WELLS
                                         FARGO BANK, N.A., as Trustee for
                                         MLMI Trust Series 2005-HE3; and
                                         BAC HOME LOANS SERVICING,
                                         LP

5

Wells Fargo Bank's Reply to Dwight Bennett's Opposition to Motion for Relief from Stay and to Excuse Turnover by Receiver