Case 11-40155   Filed 10/19/11   Doc 100

FILED
October 19, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003846403

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Dwight Bennett<br><br>   Debtor, | CASE NO.: 11-40155<br>Chapter: 11<br>Dated Filed: August 18, 2011<br><br>Assigned for All Purposes to<br>Hon. Michael S. McManus<br>Courtroom: 28<br><br>**DECLARATION OF VICKI LOZANO IN SUPPORT OF CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICING, LP'S OPPOSITION TO TRUSTEE'S MOTION TO CONVERT**<br><br>Date:   October 31, 2011<br>Time:   10:00 a.m.<br>Courtroom: 28<br><br>Trial Date: None set. |

I, Vicki Lozano, declare:

1. I am over the age of eighteen and I am competent to make this declaration.

2. I am the court appointed receiver of the real property commonly referred to as 695-725 Highway 36, Susanville, CA 96130 (the "Subject Property"). I was appointed as the receiver by the Lassen County Superior Court in a written order issued on July 21, 2011. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, I could and would competently testify thereto.

1

Declaration of Vicki Lozano

3. On the same day I was appointed the receiver in this matter (July 21, 2011), I personally visited the Subject Property in order to begin my investigation and inventory of the items present.

4. Having been ordered to possess and control all improvements and business property over the Subject Property, I made a complete inventory of the same on July 21, 2011, and attempted to perform all necessary duties over the same until September 2, 2011, the date the receivership was subjected to the turnover requirement of 11 U.S.C. § 541.

5. During the time period between July, 21, 2011, and September 2, 2011, neither myself, nor anyone under my supervision removed, converted, damaged or otherwise misappropriated any of the movable business property that was located on the Subject Property beginning on July 21, 2011.

6. Furthermore, I have reviewed debtor Dwight Bennett's ("Bennett") bankruptcy schedule B and its accompanying "Inventory of Missing Items." Accordingly, to the extent that the items listed on that list actually exist, none of the items were removed by myself nor anyone under my supervision.

7. Therefore, to the extent that any of the items listed in Bennett's schedule B is not in the immediate control of Bennett, it was removed by Bennett, or by one of the three (3) purported "tenants" on the Subject Property during the time that the receivership was stayed by the subject bankruptcy proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on 10\17\2011 at Susanville, California.

VICKI LOZANO—DECLARANT