UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Dwight Alan Bennett | Case No : | 11-40155 - A - 11 |
| | | Date : | 10/31/11 |
| | | Time : | 10:00 |
| Matter : | [76] - Motion/Application to Convert Case From Chapter 11 to Chapter 7 [UST-1] Filed by U.S. Trustee August B. Landis (Fee Paid $0.00) (jris) [76] - Motion/Application to Dismiss Case/Proceeding [UST-1] Filed by U.S. Trustee August B. Landis (jris) [76] - Motion/Application to Appoint Trustee [UST-1] Filed by U.S. Trustee August B. Landis (jris) | | OPPOSED |
| Judge : | Michael S. McManus | | |
| Courtroom Deputy : | Sarah Head | | |
| Reporter : | Diamond Reporters | | |
| Department : | A | | |

**APPEARANCES for :**
**Movant(s) :**
    U.S. Trustee's Attorney - Allen Massey
**Respondent(s) :**
    Debtor(s) Attorney - Carolyn Chan
(by phone)  Creditor's Attorney - Austin Beardsley

HEARING CONTINUED TO: 11/14/11 at 10:00 AM

The hearing was continued for the following reason(s):
To allow the US Trustee to appoint a Chapter 11 trustee.

Final Ruling: The motion will be granted and the court will appoint a chapter 11 trustee.

The U.S. Trustee moves for conversion to chapter 7 or for dismissal, or in the alternative for the appointment of a chapter 11 trustee.

Wells Fargo Bank and BAC Home Loans Servicing oppose the motion.

11 U.S.C. § 1112(b)(1) provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

For purposes of this subsection, " cause' includes– (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation [and] (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(A), (F).

11 U.S.C. § 1104(a) provides that:

"At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the

number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor."

This case has been pending since August 18, 2011. But, the debtor has not filed operating reports for August and September 2011. The September 2011 report was due October 15, 2011.

Further, the debtor has claimed to have substantial assets and to have a viable business. In Schedule A, the debtor has listed ownership in a 40−acre parcel of land in Lassen County with a value of $100,000 and subject only to $13,000 of encumbrances.

In Schedule B, the debtor has listed a receivable for $215,000 on account of "unpaid board cost Judy St. John," a $47,000 interest in the net income from properties owned by Judith St. John, a $69,000 interest in "community cash assets removed by St. John," an $84,000 interest in a 2004 tax return and in jewelry, gemstones, and heirloom jewelry "from previous career removed by St. John 2005 and 2009," equipment including trailers, trucks and a tractor with a value of $17,000, equipment including tractors, trailers and a snow plow with a value of $22,000, "animals taken by Wells Fargo" with a value of $192,700, supplies, tools and farm equipment taken by Wells Fargo with a value of $85,687, two missing horse trailers with a value of $3,400, and other supplies, tools and horse equipment with a value of $30,730. The personal property listed in Schedule B has a value of $782,117.

In spite of the debtor's scheduled assets, the debtor has not provided the U.S. Trustee with requested information about his property, about the required DIP accounts, and about insurance on his assets. As is noted on the schedules by the debtor himself, some assets were allegedly taken away from him. Those assets appear to include valuable animals and some equipment and supplies.

Further, while the debtor claims to have the ability to continue operating his horse care and boarding business to generate revenue in this chapter 11 case, the debtor has admitted that the improvements on his 40−acre parcel are encumbered or should have been encumbered by a loan held by Wells Fargo Bank on an adjacent parcel. The improvements were sold by the debtor as part of his sale of an adjacent 14−acre parcel, in which the debtor has claimed no interest. See Schedule A. More, this court has granted relief from stay to Wells Fargo Bank and BAC Home Loans Servicing to obtain an order on their summary adjudication motion for equitable mortgage on the debtor's 40−acre property. Without the improvements on the 40−acre property, even though the debtor has animals, equipment and supplies, the debtor cannot conduct a viable horse care and boarding business.

And, when the state court appointed a receiver to care for the 40−acre property, the state court was clearly concerned with whether there was insurance coverage for that property. See Docket 52, Exhibit 12 paragraph 5. The order appointing the receiver specifically directed the receiver to investigate whether the debtor had insurance coverage for the 40−acre property. Id. This court notes that the debtor has not provided the U.S. Trustee with information about insurance.

The debtor has also mismanaged the animals that were taken from him by Lassen County pre−petition. This court takes judicial notice of the decisions by the state court to order the appointment of a receiver and the removal of the animals. In making these decisions, the state court was clearly concerned about the debtor's ability to care for the animals. See Docket 52, Exhibit 9 at 3.

Based on the foregoing, the court concludes that the debtor has mismanaged the 40−acre property, has mismanaged the sale of the adjacent 14−acre parcel, and has mismanaged the animals that were removed by Lassen County. Because of the debtor's mismanagement, the value of this bankruptcy estate has diminished and the debtor has no reasonable likelihood of reorganization. Outside of the debtor's interest in the animals and the 40−acre property, the debtor has no other means to reorganize.

The above is cause for the appointment of a chapter 11 trustee. The appointment of a chapter 11 trustee is in the best interest of the estate and the creditors because such trustee will determine whether there is a salvageable business that could generate revenue in this case. If and when a chapter 11 trustee determines that there is no salvageable business in this case, the trustee may move for conversion to chapter 7 or dismissal.

Lastly, with one exception, the court does not necessarily disagree with the issues raised by the opposition to the motion. The opposition's disputes over the valuation of the debtor's scheduled assets, over whether personal property assets of the estate were converted by anyone, over whether are not sufficiently relevant to defeat this motion. The court is granting this motion principally based on the debtor's mismanagement of assets, not on what is the value of assets or who owns the assets. Those latter issues are to be resolved with the assistance of the trustee.

As to the exception, this court does not agree that the debtor has no equity in the 40−acre parcel because Wells Fargo Bank and BAC Home Loans Servicing have an equitable mortgage on the property. The mortgage on the 40−acre

property is admittedly limited to the improvements on that property, meaning that the remainder of the raw land of the 40−acre property is not subject to the mortgage. This issue has been litigated in state court already.

The motion will be granted and the court will appoint a chapter 11 trustee.