Case 11-40155   Filed 03/02/12   Doc 138



```
6
Carolyn Chan sbn147978
2485 Notre Dame B. Ste. 370
Chico, CA 95928
Telephone: 530.359.8810


Attorney for
Dwight Bennett
```

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.

| | |
|---|---|
| In re<br><br>    DWIGHT A. BENNETT<br><br>    Debtor.<br>-----------------------------/ | Case No.: 11-40155-A-7<br>DEBTOR DWIGHT BENNETT'S MOTION TO TERMINATE RECEIVER FOR GOOD CAUSE, ALLOW INVENTORY OF DEBTOR'S PROPERTY INCLUDING ANIMALS, FOR CAUSE and ALLOW DEBTOR'S RETURN TO POSSESSION<br><br>Date:03 / 12 /2012<br>Time:10:00am    Dept: Ctr 28 |

DECLARATION OF CAROLYN CHAN, ESQ. IN SUPPORT OF MOTION TO TERMINATE RECEIVER, ALLOW INVENTORY OF DEBTOR'S PROPERTY INCLUDING ANIMALS AND DEBTOR'S RETURN TO POSSESSION

Carolyn Chan, attorney for debtor herein, declare as follows:

1. I am familiar with this case and have reviewed debtor's state court documents, and did attend ex parte hearing and then the state court hearing for debtor where I personally cross examined the 'receiver' which Wells Fargo hired. I now understand why the receiver does not know what she is doing.

---

Declaration of attorney Carolyn Chan

1

She admitted, she has never done a receivership in her life. A terrible choice for this complicated case. Further her background indicates she has been suspended for fiduciary breach violations in the past.

2.  There is no underlying order signed by any Judge, which gives Wells Fargo any colorable title over debtor's property.

Wells Fargo has argued (for perhaps years) that there is, but there is no order and there has never been a hearing "in equity" to determine what equitable title there could be, if any. Wells Fargo has never proven up their right to any colorable title [as evidenced by the court pleadings] and a non judicial foreclosure *had been started by Wells Fargo*, and then purposely **stopped** (when quiet title by debtor was filed.)

This would explain the desperate acts that are known to have already taken place. *For example*, it appears Mr. Timothy M. Ryan turned over privileged emails including those from debtor to **myself**, to the Lassen County D.A. I hate to even think how this might have been obtained and I am not one to tolerate such abuse of the legal process.

3. I, as well as many members of the public, have personally seen and viewed many personal statements posted online for MONTHS by Mr. Timothy M. Ryan against the debtor, as personal attacks. I view this also as desperation by Wells Fargo, and as unprofessional, unethical, demeaning and knowingly done in order to convince others that debtor is "delusional." It also violates the California Business and Professions Code as it applies to

attorneys. See attached exhibits __A__. This amounts to conducting the case in the media and leading the parade in doing so.

I have also had calls threatening me for representing debtor after the October 2011 hearing in Bankruptcy Court, and after the "rescue" group owner tried to accost us in the hallway of the courthouse which was witnessed by at least 7 other people including the security guards, who had to escort Beth Decaprio outside.

4. Having personally reviewed "seizure" cases where animals are seized due to alleged "exigent medical" circumstances, such cases *must* follow strict procedural due process criteria according to California Penal Code Sections 597, 597.1 etc. When these requisite procedures are not followed, it is obvious that issues can and do arise involving the legality of the seizure. These usually become 42 U.S.C. 1983 claims. In many of the cases I have seen, the seizures are done incorrectly, or involve misrepresentation. In this particular case I believe that serious questions involving procedural due process, property and liberty interests have transpired--- just by reading the pleadings filed.

5. In this case, Wells Fargo Bank by Timothy M. Ryan executed an ex parte hearing wherein debtor was not given the opportunity to present evidence or experts on the alleged issue of exigent seizure of debtor's animals, as required by law.

In that 'seizure' hearing, the pleadings allege the Wells Fargo "receiver" was seizing the animals *for* "Lassen County" but there was no evidence attached that validated this. Lassen County *did not do* the required procedural seizure hearing, and no hearing was ever conducted by the county or animal control on

3

exigent medical seizure. I am referring to the seizure ordered July 29 2011. But Wells Fargo and Bank of America paid the "rescue" large sums of money to take the equines, perhaps $40,000 and $80,000 which has been admitted in the case.

    6.   The 'exigent' seizure of animals usually requires the *immediate* seizure in order to save the life of the animals. In this case, the animals were not even removed from the premises until **almost a month later**. Surely this would *not* be indicative of "exigent" medical circumstances, nor was an expert present to testify as to the exigency, nor was debtor allowed to participate in the hearing.**

    7.   Further, the seized animals that allegedly went to the Grace Foundation are not pictured on the Foundation's website, but instead are kept hidden. I assigned an aide to purposely search for online photos of the seized horses. This is because there was little if anything wrong with these animals seized under "exigent" circumstances. In fact, we have seen no proof that the animals are even <u>at</u> the Grace Foundation property, but Grace Foundation has killed several of the animals recently, with convoluted circumstances that will require investigation, such as reports that Grace has between 50-80 of debtor's animals.

---

**Failure to immediately seize the animals based on 'exigent medical' circumstances indicates *there was no actual medical exigency*. This indicates misrepresentation. This is a huge part of this case because it was done by Wells Fargo claiming receiver was doing it for "Lassen" in an attempt to take debtor's property without having to prove they had title. This is a very serious predatory lending case and attempted foreclosure by subterfuge, using illegal seizure. As stated in the pleadings, debtor has already filed a tort claim v Lassen Country as exhausting administrative remedies but *is not* required to do so under 42 U.S.C. 1983. Calls to Lassen County Counsel by debtor's counsel have not been returned.

8. Inasmuch as the "receiver" could surely not prove up any exigent medical condition, a warrant should have issued in order to effect the seizure. According to the record, this was not done. The process of seizing animals which *did not require* exigent medical help, indicates that Wells Fargo simply "used" the receiver to get rid of the animals. But Mr. Timothy Ryan is found online bragging that it was his good deeds that "saved" these animals.

Illegally seizing the animals of any animal related group or business which results in certain economic harm falls under the Animal Enterprise Terrorism Act (AETA) Pub. L109-374; 18 U.S.C. § 43, and if done in order to sustain a profit could be considered as racketeering.

9. On the subjects of animal laws and related litigation in California, I have participated in national animal related cases, working with other experts such as behaviorists, forensics (necropsy) and dog-human fatalities and would be considered an expert on the subjects as they relate. I have also worked with those lobbying the legislature, and am current on most animal law related topics, and have challenged California state animal related laws in various courts, and also in Ohio and Colorado. I work with other team members as we receive requests for help from all over the United States. I have experience in criminal defense, civil defense and general civil litigation. Our efforts recently helped a farm family in Washington, where all charges were dropped against them re "animal abuse." Failure to follow procedural due process created this harm plus there was no actual abuse. Yet, all of the family's animals had been seized and sold by the animal control authority.

10. Debtor has filed a tort claim against the County of Lassen. Although not required under 42 U.S.C. 1983 regulations, it was done out of an abundance of caution since Lassen County is asserted by Timothy M. Ryan to have been the seizing 'authority' of the animals. Ryan's receiver thus appears to be the agent and had much to do with seizing the horses according to the court records. The tenants at debtor's residence were also served civil contempt citations, no hearing was had in open court, tenants did not get to mount a defense, and were evicted by Lassen County, without due process standard eviction procedure, as was debtor. This occurred shortly before Christmas and Mr. Timothy M. Ryan bragged about the episode heavily, see Exhibits ___B____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true.

Date: February 22, 2012             ___/s/__Carolyn Chan___
                                    Attorney for Debtor