

3

Carolyn Chan sbn147978
2485 Notre Dame B. Ste. 370
Chico, CA 95928
Telephone: 530.359.8810

Attorney for Dwight Bennett

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.**

In re

DWIGHT A. BENNETT

Debtor.

----------------------------/

Case No.: 11-40155-A-7
DEBTOR'S REQUEST FOR ORDER SHORTENTING TIME FOR SERVICE TO 5 DAYS FOR CAUSE;
TO TERMINATE RECEIVER FOR GOOD CAUSE,ALLOW INVENTORY OF DEBTOR'S PROPERTY INCLUDING ANIMALS,FOR CAUSE and ALLOW DEBTOR'S RETURN TO POSSESSION

DC No. CC-002
Date: 03/12 /2012
Time:10:00am Dept: Ctr 28

**FACTS IN SUPPORT OF ORDER SHORTENING TIME FOR HEARING RE TERMINATING RECEIVER, OBTAINING INVENTORY AND POSSESSION**

Debtor requests that the Court be quickly alerted to the fact that this case must be heard as soon as possible due to the failure of Wells Fargo to ever obtain any order re equitable lien on debtor's property, as Judge again refused to sign Wells Fargo's order proffered February 23, 2012. Wells Fargo already evicted debtor and his tenants by using receiver/civil contempt even without the underlying order [indicating colorable title] ever being signed.

The Wells Fargo receiver was appointed almost 8 months ago, *without* either a contract or a court order showing Wells Fargo has any colorable title. The receiver is thus exerting authority over property to which Wells Fargo has failed to show colorable title.

Wells Fargo has ignored the automatic stay implicating that the debtor can be evicted physically from the property.

Debtor was constructively evicted by civil contempt, and so were the tenants of debtor. Civil Contempt actions were filed again, AFTER excusal of Sect. 543 turnover, in November. See Exhibit __C__.

The contempt citation was based upon the "receiver" gaining possession, however- Wells Fargo never had an underlying order (equitable or otherwise) proving any colorable title at any time in the past 8 months. Judge again REFUSED to sign such an order for Wells Fargo on February 23, 2012, and he refused to sign the order in January 2012, November, 2011, and July 2011. *Therefore Wells Fargo has had 8 months to secure this order and Judge will not sign the order for them.*

Receiver has breached her duty of neutrality, reasonable diligence, and fiduciary responsibility in failing to first file the undertaking, allowing conversion of property, allowing damage to the inside of the residence, and by helping to illegally seize the debtor's animals and overriding due process.

Receiver has never done a receivership before and Mr. Timothy M. Ryan is drafting and executing her declarations. No inventory status reports have ever been given to debtor or to the

Courts that we are aware. Debtor has no idea of the status of his personal property because he was run out of the premises by the receiver.

The civil contempt violates the automatic stay, resulted in debtor being homeless, and the invalid receiver order has caused extensive collateral damage to both the debtor and the property.

Dated: March 2 2012

__/s/_Carolyn Chan____

Attorney for Dwight Bennett