02/25/2012 16:09    18663157089                  CCHAN

Case 11-40155    Filed 03/04/12    Doc 143

FILED
March 04, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004104529

# EXHIBIT C

Contempt v Debtor

Statement that Receiver granted over Property where No valid order ever signed [giving any colorable title to Wells Fargo]

1  Timothy M. Ryan, Bar No. 178059
   Austin T. Beardsley, Bar No. 270046
2  THE RYAN FIRM
   A Professional Corporation
3  1100 N. Tustin Avenue, Suite 200
   Anaheim, California 92807
4  Telephone (714) 666-1362; Fax (714) 666-1443

5  Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee
6  for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas
   limited partnership, successor by merger to Wilshire Credit Corporation, erroneously
7  sued as BAC Home Loan Servicing, LLP

8  **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LASSEN**

10

11 NORMAN W. ALLEN,                          ) LEAD CASE NO.: 45679
12                                           ) (Consolidated with
         Plaintiff,                          )  Case Nos. 50324 & 46190)
13                                           )
   vs.                                       ) Unlimited Jurisdiction
14                                           )
   SUMMIT FINANCIAL GROUP;                   ) Date Action Filed: Unknown.
15 DANA CAPITAL CORP.; STEVE                 )
   WEICH; ROD HOSILYK; DWIGHT                ) Assigned for All Purposes to
16 A. BENNETT; JUDITH A. ST. JOHN;           ) Hon. Raymond J. Girdano, Judge
   WILSHIRE CREDIT                           ) Dept. 6
17 CORPORATION; EVANS                        )
18 APPRAISAL SERVICES, INC.; and             ) **NOTICE OF OSC RE: CONTEMPT**
   DOES 1–10,                                )
19                                           ) Date:     November 17, 2011
         Defendants.                         ) Time:     1:00 p.m.
20                                           ) Dept:     6C
   _____       )
21 NORMAN W. ALLEN,                          ) Trial Date: None set.
                                             )
22       Plaintiff,                          )
                                             )
23 vs.                                       )
                                             )
24 T.D. SERVICE COMPANY; WELLS               )
   FARGO BANK, N.A., as Trustee for          )
25 the MLMI Trust Series 2005-HE3; and       )
   DOES 1–10,                                )
26                                           )
27       Defendants.                         )
   _____       )
28 WELLS FARGO BANK, N.A., as                )

|   |   |
|---|---|
| 1 | Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Cross-Complainants, |
| 6 | vs. |
| 7 | |
| 8 | NORMAN W. ALLEN; DWIGHT A. BENNETT; JUDITH A. ST. JOHN; EVANS APPRAISAL SERVICES; INC.; and ROES 1–10, |
| 9 | |
| 10 | Cross-Defendants. |
| 11 | |
| 12 | AND ALL OTHER CROSS-ACTIONS |

14     **PLEASE TAKE NOTICE** that the on November 4, 2011, the Honorable John Moran ordered that Defendant and Cross-Complainant Wells Fargo Bank, as trustee and BAC Home Loans Servicing L.P.'s motion on hearing the amend receivership order could be heard on shortened time, setting that hearing for November 17, 2011, at 11:00 a.m., in Department 6C of the above-entitled Court.

19     **PLEASE TAKE FURTHER NOTICE** that on November 4, 2011, the Honorable John Moran reviewed Wells Fargo and BAC's application for an OSC re: contempt and found sufficient evidence to issue an OSC re: contempt as to Carlee Brazier, Dwight Bennett, Anthony Glenn (or Glen) aka Anthony Aguirre, and James Brown. As The Ryan Firm attended the hearing by telephone, it was not able to physically retrieve both orders from Judge Moran. The Ryan Firm discovered today that its attorney service was only able to retrieve the order on amending the receivership and did not retrieve a copy of the order on the OSC re: contempt.

27     Please allow this notice to serve as notice of the OSC re: contempt. Judge Moran set the contempt hearing for 11:00 a.m. on November 17, 2011, in Department 6C, with

THE RYAN FIRM
A Professional Corporation

Notice of OSC re: Contempt

1  opposition papers personally served (or served via facsimile) no later than November 13,
2  2011 (must be filed by the following business day), and reply papers filed and personally
3  served, (or served via facsimile) no later than November 15, 2011.
4      Attending the hearing was counsel for Dwight Bennett, Dwight Bennett, and
5  Anthony Glenn or Glen (aka Anthony Aguirre).

DATED: November 9, 2011

THE RYAN FIRM
A Professional Corporation

By: *[signature]*
TIMOTHY M. RYAN
AUSTIN T. BEARDSLEY
Attorneys for Defendants/Cross-
Complainants WELLS FARGO
BANK, N.A., as Trustee for MLMI
Trust Series 2005-HE3; and BAC
HOME LOANS SERVICING, LP, a
Texas limited partnership, successor by
merger to Wilshire Credit Corporation,
erroneously sued as BAC Home Loan
Servicing, LLP

THE RYAN FIRM
A Professional Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES.

1. INTRODUCTION AND SUMMARY

Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3 and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP ("Defendants") seek to amend the receivership order issued by this court on July 21, 2011 ("Order" or "Receivership Order"). Amendment to the Receivership Order is necessary to allow law enforcement to immediately remove all parties from the property who are there without the consent of the Receiver. Otherwise, trespassers who do not have the Receiver's permission will be free to interfere with the purpose of the receivership by causing property damage and by removing valuable assets, including timber, from the property.

2. FACTS

Pursuant to an equitable lien and mortgage granted to Defendants on July 21, 2011, Defendants applied for, and received, an order ("Order" or "Receivership Order") granting a receivership over the real property comprised of Lassen County Assessor's parcel numbers 099-260-69 and 099-260-70, and commonly known as 695-725 State Highway 36, Susanville, CA 96130 (the Subject Property"). (*See* Request for Judicial Notice "RFJN," Exhibit 1). According to the Order, signed July 21, 2011, the Receiver, Vicki Lozano, was empowered and directed to take immediate possession of the Subject Property. (*See* RFJN Ex. 1, ¶¶ 3, 4(a)). Furthermore, the Order directs Defendant Dwight Bennett ("Bennett") and his "agents" to immediately relinquish possession of the Subject Property to the Receiver. (*See* RFJN Ex. 1, ¶ 8). Last, The Order requires full cooperation in turning over all property to the receiver. (*See* RFJN Ex. 1, ¶ 9). This order was served on the Bennett and all others inhabiting the Subject Property. *(See* Declaration of Timothy M. Ryan "Dec. of Ryan" ¶¶ 6, 12-13).

///

*[handwritten annotation: "NO SIGNED ORDER"]*

THE RYAN FIRM
A Professional Corporation

1