Case 11-40155   Filed 03/06/12   Doc 145

2011-40155
FILED
March 06, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004104957

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 11-40155-A-7
)
DWIGHT A. BENNETT, ) Docket Control No. CC-002
)
)
Debtor. )
)
_____ )

**ORDER**

Attorney Carolyn Chan has applied to shorten the notice for a hearing on a motion ostensibly filed on behalf of the debtor. The motion seeks to terminate a state court receivership, compel an inventory of animals, and to return the debtor to possession of the real estate in the charge of a receiver. Counsel seeks a hearing on March 12.

There are several problems.

First, the court has nothing in its file executed by the debtor making Ms. Chan his attorney. On March 5 counsel filed a statement that she had previously proffered a substitution of counsel signed by the debtor. However, that substitution is not on the docket and the debtor did not sign the March 5 statement.

Second, the court modified the automatic stay on October 21, 2011, and allowed Wells Fargo Bank to proceed with two state court actions affecting title to the debtor's real property. In

connection with that relief, this court also excused turnover by a state court receiver who had been appointed by the state court to take possession of the subject real property and the business operated on it.

It appears that the debtor wants this court to remove the receiver even though the state court has jurisdiction over the receivership.

Third, on January 3, 2012, the court ordered the abandonment of the animals to the debtor. As a result, they are not property of the bankruptcy estate. And, some, perhaps all, of these animals had been removed from the debtor's real property on the order to the state court. Given the abandonment and given that the animals were removed by the order of the state court, the state court is the obvious court with jurisdiction to entertain the debtor's motion for an inventory.

Fourth, this case was converted from chapter 11 to chapter 7. There is a chapter 7 trustee. Therefore, to the extent there may be grounds for this court to order the receiver to return property, it will be returned to the trustee, not to the debtor.

Fifth, the proposed hearing date of March 12 gives inadequate notice of a hearing on the motion.

Therefore, on condition that a signed substitution of attorney is filed by March 12, and on condition that no later than March 9 the motion papers and a notice of a hearing are sent by U.S. Mail as well as by electronic mail, facsimile transmission, or next day delivery to the trustee, counsel for the trustee, the receiver, counsel for the receiver (if any), counsel for Wells Fargo Bank and BAC Home Loans Servicing, LP,

1 and the U.S. Trustee, the court will hear the debtor's motion on
2 March 19, 2012 at 10:00 a.m.  Should the debtor wish to address
3 the issues raised by the court above, and file admissible
4 evidence to support the motion, he shall do so on or before March
5 9.  Anything additional that is filed shall be filed and served
6 no later than March 9 with, and in same manner as, the notice of
7 the hearing.

8     Parties in interest shall file and serve their opposition no
9 later than March 15.  It shall be served by U.S. Mail as well as
10 electronic mail, facsimile transmission, or next day delivery on
11 Ms. Chan.

12     SO ORDERED.

Dated: March 06, 2012

By the Court

Michael S. McManus
United States Bankruptcy Judge