

**4**

Carolyn Chan sbn147978
2485 Notre Dame B. Ste. 370
Chico, CA 95928
Telephone: 530.359.8810


Attorney for Dwight Bennett


# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.


In re

    DWIGHT A. BENNETT

    Debtor.

------------------------------/

Case No.: 11-40155-A-7
NOTICE OF MOTION BY DEBTOR TO SHOW BAD FAITH BY WELLS FARGO/ RECEIVER,ALLOW INVENTORY OF DEBTOR'S PROPERTY INCLUDING ANIMALS,FOR CAUSE and ALLOW CHAPTER 7 TRUSTEE TO PERFORM INVENTORY;
SANCTIONS TO BE CONSIDERED

DC No. CC-002
Date: 03/19 /2012
Time:10:00am    Dept: Ctr 28


    To the Court and Interested Parties:

    **PLEASE TAKE NOTICE:** Debtor Dwight Bennett will petition the court for an order to determine whether actions by Wells Fargo and their "receiver" have been implemented in bad faith causing inherent harm to both debtor and this Federal Court, by asking this Court to allow excusal of turnover in this case, when in fact this case had been dismissed with prejudice against debtor on July 21, 2011, the same day the receiver was implemented.

____

_____
Debtor's Motion showing Bad Faith by W Fargo, Receiver

1

The two cases that Wells Fargo claim they have related to the two (2) separate properties in Lassen County are Lassen County No. 45679 [civil, by *Norm Allen v Summit Financial et al* for fraud] and Lassen No. 52277 [civil, by Wells Fargo v Allen and Bennett, for recission, etc, dismissed July 21, 2011 by Wells Fargo with prejudice.]

Lassen Case No. 46190 [civil, by J. St John v Bennett] does *not involve* Wells Fargo and Lassen Case No. 50324 [civil, by Allen v Wells Fargo/BAC has *been consolidated* with Lassen No. 45679 after *Wells Fargo was forced to defend in the case* despite opposition, Wells Fargo claiming they were "non monetary" interest holders and Judge held them to answer.]

Thus the only case involved in Federal Court is Lassen Case No. 45679 (Allen v Summit) which did involve disputes over predatory lending practices, fraud, and named creditors Wells Fargo and servicer Bank of America. [Formerly the lenders and servicers were different companies, and the involved individual[s] may have been discharged in bankruptcy, but as no hearing on the fraud issue was ever heard, it is unknown whether it is subject to a bankruptcy fraud exception from discharge.]

Very recently, Allen's attorney noticed Bennett that the stipulation dated July 21, 2011, and filed with Lassen County Superior Court was going to be set for review, status and hearing, wherein Allen's attorney Mr. Talia claimed "Mr. Norm Allen, Judy St. John and Dwight Bennett"- on issue of ownership of remaining part [of 40 acres] would be determined.

*That "settlement" referred to by Mr. Talia was never signed or agreed to by Mr. Bennett*, because *Wells Fargo gave all title of the improvements to itself **plus** a majority of the 40 parcel acreage*, and left a fraction of the 40 acre parcel to be divided up amongst the three named parties supra. No equitable data was actually used, nor had the court ever had any hearing on it.

Plaintiffs voluntarily dismissed with prejudice their cases (Plaintiffs being *Wells Fargo v Bennett, Evans, Allen*; and Evans' cross complaint against Allen and Bennett; and Allen's complaint v Evans.)

Almost immediately after Bennett refused to sign the proposed settlement document, the receiver action, contempt,illegal seizure, police raid and many other purposeful, knowing and harmful acts were levied by Wells Fargo against debtor, including but not limited to, having a SWAT Team heavily armed with artillery, to raid debtor at his property with trumped up charges of alleged animal "abuse", even though there were no animals there.

There were no animals there since Wells Fargo Receiver/Lassen County/Grace Foundation had been paid already to get rid of/seize the animals, and no lawful hearing was given to debtor, nor was the procedural due process followed at all under the Penal Code 597 and 597.1. There was no *exigent* medical conditions (since animals never even seized for almost 30 days.) This assertion is a fraud on the court in order to obtain the illegal seizure.

**The alleged acts/charges (attributed to debtor) were actually made up and put together in written form by Timothy M. Ryan for Wells Fargo**, and **then sent to the Lassen County District Attorney on a *flash drive***, with corresponding written allegations

3

and information, printed on Timothy M. Ryan's letterhead. Included in that written information were criminal type records belonging to *people who were NOT the debtor*, living in other states. So rather than Lassen County gather its own evidence, Timothy M. Ryan purposely gave his version of the evidence to Lassen County District Attorney and animal control. It should be noted that even if Wells Fargo was a creditor, Timothy M. Ryan is not the prosecutor of Lassen County.

These facts indicate the intent and extent to which counsel for Wells Fargo would go in order to personally take down debtor physically, emotionally and legally. This is in addition to the numerous public statements and opinions voiced by Timothy M. Ryan online for months, all of which transpired after debtor would not enter into the settlement document of July 21, 2011. Ryan even acknowledges it was difficult to get the District Attorney to even put charges against debtor, so the animal rescue gathered its volunteers to flood the District Attorney will calls. These assertions are based upon the declarations, points and authorities and exhibits herein.

Dated: March 09 2012              ___/s/_Carolyn Chan__
                                  Attorney for Debtor

The Wells Fargo receiver was appointed almost 8 months ago, *without* either a contract or a court order showing Wells Fargo has any colorable title. The receiver is thus exerting authority over property to which Wells Fargo has failed to show colorable title.

   Wells Fargo has ignored the automatic stay implicating that the debtor can be evicted physically from the property.

   Debtor was constructively evicted by civil contempt, and so were the tenants of debtor. Civil Contempt actions were filed again, AFTER excusal of Sect. 543 turnover, in November. See Exhibit __C__.

   The contempt citation was based upon the "receiver" gaining

Case 11-40155    Filed 03/09/12    Doc 147

possession, however– Wells Fargo never had an underlying order (equitable or otherwise) proving any colorable title at any time in the past 8 months. Judge again REFUSED to sign such an order for Wells Fargo on February 23, 2012, and he refused to sign the order in January 2012, November, 2011, and July 2011. *Therefore Wells Fargo has had 8 months to secure this order and Judge will not sign the order for them.*

Receiver has breached her duty of neutrality, reasonable diligence, and fiduciary responsibility in failing to first file the undertaking, allowing conversion of property, allowing damage to the inside of the residence, and by helping to illegally seize the debtor's animals and overriding due process.

Receiver has never done a receivership before and Mr. Timothy M. Ryan is drafting and executing her declarations. No inventory status reports have ever been given to debtor or to the Courts that we are aware. Debtor has no idea of the status of his personal property because he was run out of the premises by the receiver.

The civil contempt violates the automatic stay, resulted in debtor being homeless, and the invalid receiver order has caused extensive collateral damage to both the debtor and the property.

Dated: March 9 2012

  __/s/_Carolyn Chan____
  Attorney for Dwight Bennett