Case 11-40155    Filed 03/09/12    Doc 148

FILED
March 09, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004116584

Dwight A. Bennett

General Delivery

Susanville, CA 96130

# IN THE UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **DWIGHT ALAN BENNETT** | ) Case No. 11-40155-A-7 |
| | ) |
| Debtor. | ) |
| | ) **(Chapter 7)** |
| | ) |
| | ) |
| | ) |

**DEBTOR'S DECLARATION IN SUPPORT OF MOTION**

I, Dwight A. Bennett, declare:

1. I am over the age of eighteen and I am competent to make this declaration. I have personal knowledge of the facts stated herein, and I am prepared to competently testify thereto.

2. On August 18, 2011 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C § 101, et seq. (the "Bankruptcy Code"). The Debtor intended to continue in

possession of his property and the management of his business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code, pending a reorganization and sale of assets as needed.

3. The injunctive stay was never honored by purported creditors Wells Fargo Bank N A and BAC Home Loan Servicing who in fact ramped up state court actions against Debtor to seize property that was not subject to any Deed of Trust. Debtor welcomed a Court of Equity in state proceedings because I had purchased A.L.T.A. title insurance at the time of transaction and also paid more than $95,000.00 towards the "Allen Loan".

4. Debtor was present at the summary motion of July 21, 2011 for "Equitable Lien and Equitable Mortgage", where no equitable matters were presented. Rather a "rents, issues and profits" receiver was imposed over Debtor by ex parte motion that has been morphed into a "Recovery" receiver where no crimes or thefts had occurred.

5. The trial transcript of that event is on file with this court. The afternoon of July 21, 2011 featured a brutal threatening "settlement conference" where attorney Tim Ryan screamed profanities and threatened Debtor with "destroying your life, taking everything you own, and make sure you die in prison". This was for refusing to sign a settlement that was an end run around equity.

6. The Partial Settlement was signed by all other parties at the end of the day. While the settlement was hand written and a bit difficult to read it; <u>Dismissed</u> both actions against Debtor by Wells Fargo and BAC. As the relentless actions by WFB/BAC continued after petition and even after the Stay was confirmed by this court on September 2, 2011, I began to fear that every word promised by Ryan and more

Declaration in Support of Motion - 2

would come to pass. I hid and moved the documents I felt most important to finding relief from the plainly spoken demand that I turn over all original documents in my possession regarding Whispering Pines.

7. Recently I managed to recover the hand written signed settlement and minute order acknowledging that it was signed by Judge Giordano and recorded into the case record on July 21, 2011.

8. Debtor in his answers opposed Wells Fargo/BAC's theories of being "Non-monetary Agents only" from September 2008-October 2010. They refused to take action on the improvement issues from the written "noticed discovery" in May 2006 and still refuse to discuss the ALTA insurance. Four years and five months elapsed from "discovery" until Wells Fargo/BAC finally took action on the mistaken boundary. When they did take action it was an effort to blame Debtor and absolve themselves of all duty and responsibility.

9. Debtor asserted affirmative defenses of Statute of Limitations, Tolling of Laches, and Equitable Estoppel against Wells Fargo's and BAC's claims.

Dwight Alan Bennett (the "Debtor"), through counsel hereby moves this Court to allow examination of the actual facts of record, to determine the standing of parties and if deemed appropriate, to allow Debtor to proceed with Adversarial Actions against Wells Fargo, BAC Home Loans and other who have violated Bankruptcy Law in this matter. The state court Judge has refused to sign the "Expanded" Summary Adjudication Order proffered by the Ryan Firm even when the stay was lifted for that purpose. The primary complaint against Debtor was dismissed with prejudice on July 21, 2011 by all parties; the secondary complaint was dismissed

against Debtor at the same time. There is no possibility that the fallacious claims by Wells Fargo for foreclosure against Debtor's land, dismissed with prejudice, can be revived.

Wells Fargo Bank NA, BAC, the Ryan Firm and their agents and hires have perpetrated fraud on the Bankruptcy Court, the State Court and far worse on the Debtor, with foreknowledge and premeditation.

VERIFICATION

I, Dwight A. Bennett, am the Debtor in the above-entitled action. I have read the foregoing moving papers and Memorandum of Points and Authorities and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Susanville, California.

Dated: 3/9/2012

Respectfully Submitted,

/s/ Dwight A. Bennett

Dwight A. Bennett