FILED
March 09, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004116593

EXHIBIT E — Eviction By Contempt When Contempt Alleged To Be "Dropped" By Ryan. Tenants Forced Out.

December 2, 2011

**VIA EMAIL TO: tryan@theryanfirm.com**

Timothy M. Ryan
The Ryan Firm
1100 N. Tustin Avenue, Suite 200
Anaheim, CA 92807

    Re:    Wells Fargo v. Crabtree
           (Allen v. Wells Fargo)

Dear Mr. Ryan:

This matter has been referred by Lassen County to my office to handle all issues with respect to the order to show cause. Mr. Norcross will be assisting me.

To clarify any misunderstanding, Mr. Norcross made a special appearance at the ex parte hearing in order to preserve the County's objection to the existence of jurisdiction in this case. As he sought to explain, none of the real parties to the OSC are parties to your case, and each is entitled to proper service before any action against them can validly be taken. Emailing a notice of an ex parte hearing is not a recognized form of service under the Code of Civil Procedure and is not sufficient to subject these persons and entities to the Court's jurisdiction.

This too was the thrust of Mr. Crabtree's objection to the "order" presented to the Sheriff's Department. The order purports merely to authorize the Sheriff or other police agency to take action; it does not direct the Sheriff to do anything. Although it is not our responsibility to instruct you in the proper procedure, your proper course was to take the order and have the Court issue an appropriate writ, for example a writ of possession or a writ of an alias under CCP Section 1210, without which the Sheriff was fully justified, under ancient and binding California Supreme Court authority, to demand an indemnity. Your office very clearly refused the requested indemnity. Without a writ and without an indemnity the Sheriff was not compelled to act.

Moreover, since the Order upon which you rely does not bind the Sheriff, who is not a party to that order, your proper remedy—other than seeking a writ as you should have done—is a petition for writ of mandate, not an order to show cause re contempt.

Here are the problems that I perceive as did Mr. Crabtree. Your Amended Order states as follows:

Ltr to Timothy M. Ryan
December 9, 2011
Page 2

> "Any person who enters the Subject Property without the express consent of the Receiver will be subject to <u>immediate removal by the Lassen County Sheriff, or any other law enforcement agency with jurisdiction over the Subject Property.</u>"

In addition to the fact that this does not specifically direct the Lassen County Sheriff's Department to do something, it creates the following issues which could cause liability to my clients:

1. What does "removal" mean? Drop the persons at the property line? What does the Sheriff's Department do with "removed" persons?

2. What if persons, once removed, come back? The Sheriff's Department cannot act as security guards to keep people off the property.

3. Are persons on the property subject to arrest by the Sheriff's Department? If so, on what grounds?

4. Why is your client exempt from the requirements of CCP Section 1209 et seq?

5. Why are the occupants not entitled to due process which normally applies to eviction proceedings? Are the removed persons subject to arrest? If so, for what charges?

6. In your email to Mr. Crabtree dated November 21, 2011 at 4:00 p.m., you acknowledged that your process server was unable to personally serve the occupants with the OSC re Contempt. If the occupants have not been served with the contempt OSC, how can the Court order the Sheriff's Department to remove the persons from the property? Again, there is a due process problem.

7. What if the persons refuse to leave? Is the Sheriff's Department to use physical force to remove them? Under what authority? What have the occupants done to waive their civil rights, i.e. use of force, due process, etc.?

8. Why have you refused to indemnify my client? This action that you are requiring my client to follow, is wrought with problems, and creates some potential liability to my client. Your client is required to provide my client with indemnity, if requested. (See <u>Long v. Neville</u>, (1868) 36 Cal 455.)

If you comply with the procedural requisites, then the Sheriff's Department will act as required by the writ. However, from what little I have gathered about this matter from your various communications and documents, I think that there is a strong potential that these people will not stay away. The Lassen County Sheriff's Department does not have the manpower or resources to be constantly responding to multiple demands to eject persons from the land, and it is thus

Ltr to Timothy M. Ryan
December 9, 2011
Page 3

incumbent upon your clients to take what steps are necessary to secure the property in the future. With this understanding, a reasonable and non-contentious resolution to your client's problems seems eminently achievable.

In order to move this matter forward, I am authorized by my clients to accept service. This acceptance of service should not be construed or constitute any waiver regarding any issue of jurisdiction. As you alluded to in your December 1, 2011, 18:54 email to my client as an officer of the Court I expect that you will provide me with your Motion as soon as possible and not wait until the last minute. As you can tell there is a very short timeframe for us to file our responsive pleading.

Should you have any questions or wish to try to work this out so that my clients, your client, and even potentially the Court is not subject to civil liability, then give me a call.

Very truly yours,


LARRY B. MOSS
LBM:srd
cc:     Richard Crabtree, via email: rick@crabtreelawoffice.com
        Mark D. Norcross, via email: mdnorcuss@yahoo.com
1314

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LASSEN

| | |
|---|---|
| NORMAN W. ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>SUMMIT FINANCIAL GROUP; DANA CAPITAL CORP.; STEVE WEICH; ROD HOSILYK; DWIGHT A. BENNETT; JUDITH A. ST. JOHN; WILSHIRE CREDIT CORPORATION; EVANS APPRAISAL SERVICES, INC.; and DOES 1–10,<br><br>Defendants.<br><br>AND ALL OTHER CROSS-ACTIONS | LEAD CASE NO.: 45679<br>(Consol. w/ Case Nos. 50324 & 46190)<br>Unlimited Jurisdiction<br><br>Assigned for All Purposes to<br>Hon. Raymond J. Giordano, Judge<br><br>DEFENDANT/CROSS-COMPLAINANT WELLS FARGO BANK, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE LASSEN COUNTY SHERIFF'S DEPARTMENT, LASSEN COUNTY SHERIFF DEAN BOWEN, THE LASSEN COUNTY DEPARTMENT OF COUNTY COUNSEL AND LASSEN COUNTY COUNSEL RICHARD CRABTREE'S OPPOSITION TO WELL'S FARGO'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT; SUPPLEMENTAL DECLARATION OF AUSTIN T. BEARDSLEY<br><br>Date:    December 15, 2011<br>Time:   10:30 a.m.<br>Dept.:   6<br><br>Trial Date: None set. |

1

Reply to Opposition to Application for Order to Show Cause Re: Contempt

## Austin T. Beardsley

**From:** Vicki Lozano [rentalqueen@mtlhomes.com]
**Sent:** Friday, December 02, 2011 5:11 PM
**To:** tryan@theryanfirm.com
**Cc:** abeardsley@theryanfirm.com
**Subject:** Update on Sheriff Department

*Today at approximately 12:15 Sergeant Schmidt and Deputy Hunt stopped by my office. I was out of the office and they requested I call them.*

*I called the Sheriff office at approximately 2:30 and left a message for Sergeant Schmidt. He called me back immediately. Sergeant Schmitt requested a written statement of the events that happened on November 18, 2011 when I call the Sheriffs department to enforce the amended receivership order.*

*Deputy Hunt came to my office at approximately 4:00 and pick up my statement. I provided a copy of the declaration dated November 30, 2011. The declaration gave all the facts of the happened that day.*

*Vicki Lozano*

Vicki Lozano  Owner/Broker

License#00975314

Mt. Lassen Properties

822 Main Street Susanville, Ca 96130

530-257-8087  www.MTLhomes.com

12/9/2011

*information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.*

---

**From:** Richard Crabtree [mailto:rick@crabtreelawoffice.com]
**Sent:** Tuesday, November 29, 2011 12:57 PM
**To:** Jody C. McLain
**Cc:** abeardsley@theryanfirm.com
**Subject:** RE: Norman Allen v. Summit Financial Group, et al. -- Ex Parte Notice on November 30, 2011, at 9:00 a.m.

Please indicate when and how you intend to comply with California Rules of Court, Rule 3.1206.

Thank you,
Rick Crabtree

Richard Crabtree
Lassen County Counsel
221 S Roop St, Ste 2
Susanville, CA 96130
rcrabtree@co.lassen.ca.us
530-251-8334

---

**From:** Jody C. McLain [mailto:jmclain@theryanfirm.com]
**Sent:** Tuesday, November 29, 2011 9:49 AM
**To:** rcrabtree@co.lassen.ca.us
**Cc:** abeardsley@theryanfirm.com
**Subject:** Norman Allen v. Summit Financial Group, et al. -- Ex Parte Notice on November 30, 2011, at 9:00 a.m.

Dear Mr. Crabtree:

Please see attached letter advising you of the Ex Parte hearing scheduled for November 30, 2011, at 9:00 a.m., at the Lassen Superior Court, in Department 3, in the above matter.

Do not hesitate to call if you have any questions.

Thank you.

Jody Mclain
THE RYAN FIRM
1100 N. Tustin Ave., Suite 200
Anaheim, California 92807
Phone (714) 666-1362
Fax (714) 666-1443
Email: jmclain@theryanfirm.com

12/9/2011