

```
1   7
    Carolyn Chan sbn147978
2   2485 Notre Dame Bl.Ste.370
    Chico, CA 95928
3   Telephone: 530.359.8810
4
5   Attorney for Dwight Bennett
```

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.

| | |
|---|---|
| In re | Case No.: 11-40155-A-7 |
| DWIGHT A. BENNETT | MOTION BY DEBTOR TO SHOW BAD FAITH BY WELLS FARGO/ RECEIVER, ALLOW INVENTORY OF DEBTOR'S PROPERTY INCLUDING ANIMALS, FOR CAUSE and ALLOW CHAPTER 7 TRUSTEE TO PERFORM INVENTORY; SANCTIONS TO BE CONSIDERED |
| | DECLARATION OF C. CHAN, ESQ. IN REPLY TO MOVANT'S OPPOSITION FILED *WITHOUT* EXHIBITS ON 03/15/12 |
| Debtor. | DC No. CC-002<br>Date: 03/19/2012<br>Time:10:00am    Dept: Ctr 28 |

-----------------------------/

**NEW EVIDENCE DISCOVERED, DECLARATION and REPLY OF CAROLYN CHAN,ESQ**

   I, Carolyn Chan, counsel for debtor Bennett herein, declare as follows:

   Wells Fargo/Bank of America and Timothy M. Ryan did apparently file and serve their opposition in this case but failed to include serving the exhibits.  This is shown by the

_____
Declaration of C. Chan Esq re New Evidence

1

exhibits being loaded to Pacer on 3/17/12 (Saturday) when the opposition was to be served Thursday 3/15/12.

Upon realizing the new exhibits downloaded by Timothy M. Ryan's firm had never been served nor given to either debtor nor myself, we were shocked and surprised to learn that there was allegedly a "signed order" by Lassen Court judge, purportedly on November 17, 2011– the day I was personally present in Lassen State Court *to oppose the noticed "contempt" hearing* (but the contempt hearing *did not* go forward and *instead* Wells Fargo had a hearing on the receivership being "renewed" and the summary adjudication order to be again "revisited", since no order had ever been signed– I had not received expected fax notice which we had agreed upon, instead the Ryan firm mailed me notice and filed their documents to the court marked "Filed Late" at 4:45pm on 11/16/11. I therefore had filed no opposition on that issue, because I *did not even know it was on the calendar*.)

It appears, then, that Wells Fargo/Timothy M. Ryan may have obtained the signed "order" and failed to give us a copy, as the only order I have ever received is the one for "renewed" receivership on 11-17-11 which was personally handed to me by Mr. Ryan, at the Courthouse. IF an order that very same day was signed, *it was not sent to me, nor handed to me at any time*.

YET the Lassen State Court Superior Index apparently shows that the Ryan firm filed a proof of service claiming they served me *on December 27, 2011.* This was not served on me and I had never seen the "signed" order dated 11-17-11.

*HAD I ever known* that such an alleged "signed" order existed, I would obviously NOT be filing a motion claiming there *was no* signed order. I have consistently maintained my position that there was no signed order throughout this case and never once has the Ryan firm corrected me, nor offered to claim, or show, that they actually had the order signed on 11-17-11.

*This new evidence* of even FINDING out that there IS a signed order simply alludes to the very fact that I have put forth from the beginning, which is that movant Wells Fargo/Bank of America by Timothy M. Ryan has and is using tactics grounded in bad faith.

After 11-17-11, several checks were performed to see if the order had ever been signed or filed at the Lassen Courthouse. At no time were we able to find the "signed" order in the court file. Also, the court file consists of 13 volumes of pleadings, and the clerks know the Ryan firm very well since the case has been ongoing for years, with most of the documents generated by Timothy M. Ryan.

Therefore, not having ever seen or been noticed that such an order existed, I filed the instant motion. Outside of the fact that neither debtor or I were ever put on notice that the motion was "signed"---- *I stand by all the assertions I have listed and filed on the motion.*

3

In fact, I believe that the "signed" order was not disclosed in an effort **to hinder debtor from appealing the order.**

Clearly without proper dual recordation of the order in the State Court action/event index, without actual notice given, and without the final judgment, grounds for appeal might be warranted, but if such grounds exist, it is possible that the time has lapsed for filing. These facts are unknown (due to new evidence discovered) but it is possible that debtor may contact the Courts to determine the possibilities. [The Court will note that its last order in October 2011 alluded to fact that debtor could pursue appeal of State Court order if needed.]

After finding that Timothy M. Ryan actually claimed to have such an order "signed", we just discovered that not only was debtor in the dark regarding the order, *but also the recent efforts Wells Fargo was apparently taking to enter a "Proposed Judgment"* on the movants' motion for Summary Adjudication (which was NOT a summary judgment.)

This is shown by the February 6, 2012 letter filed by the Pickering Law Corporation, dated February 2, 2012, wherein Mr. Pickering *indicates changes he proposes to the proposed Judgment, which only involved 2 issues:* (5th Cause of Action-Equitable lien) and (6th Cause of Action-Equitable Mortgage)[See Exhibit of the letter by Attorney Mr. Pickering, dated February 2, 2012.]

NO other Causes of Action were sought by movants in the Summary Adjudication. **No Summary Adjudication was sought nor awarded *on any other causes*-** including "first secured deed of trust" via reformation. Summary Adjudication for equitable lien

4

and mortgage is what movants told this Bankruptcy Court (October 2011) they were seeking in State Court.

YET a reading of the *Summary Adjudication order* allegedly "signed" on 11-17-11 indicates that:

> 5.  IT IS FURTHER ORDERED that the Deed of Trust dated May 18, 2005, *and recorded in the Official Records for Lassen County, California as Instrument Number 2005-04695 on May 26, 2005, is* **hereby reformed to include a first priority security interest in the 40 acre parcel bearing the Assessor's Parcel Number 099-260-69, and legally described as set forth in Exhibit 1 attached hereto.**
>
> *IT IS SO ORDERED.*

Quite obviously "hereby reformed to include a first priority security interest" **was not** Issue #5 Fifth Cause of Action for equitable lien in the cross complaint, or Issue #6 Sixth Cause of Action for equitable mortgage. Further, debtor objected to this language and was ignored.

> Wells Fargo cannot obtain a reformation of title (in Mr. Allen's name) and then apply it to a parcel of land in debtor's name, since debtor has no contract with movant to begin with, and there is no privity of contract.

The original proffered "order" for adjudication from July 2011 did not contain "hereby reformed to include a first priority security interest in the 40 acre parcel.." but apparently when offered on 11-17-11, *the proposed order DID include such provision (which exceeds the Court's jurisdiction.)*

5

There is a marked legal difference in obtaining equitable lien or mortgage as contrasted with "reformed to include a first priority security interest in the 40 acre parcel" and movant did *this purposely* so as to avoid having to prove up any title to the 40 acre parcel (to which it had no privity and was separately recorded in debtor's name)– *which is not a benign fact.*

As long stated by debtor, he agreed to the PROCESS of "equity" which would consider the amounts the parties had spent, the appraisals of the improvements, appraisals of the bare land, and any factors *indicated in an equitable process*. Discovery of the alleged "signed" order of 11-17-11 and of the fact that movants Wells Fargo/Bank of America servicer by Timothy M. Ryan are now trying to file the "Proposed Final Judgment" on this case without ever notifying debtor plainly indicates continued bad faith intent to issue legal orders/judgments without the proper notification.

---

Debtor *in pro se,* objected to Movant's cross complaint asserting affirmative defense of laches, chain of title and SOL, and via Quiet Title action against the summary adjudication, which the Court ignored; but Movants then cancelled the non judicial foreclosure movant had started against Mr. Allen, June 6, 2011.The SOL began May 2006 when Wilshire/Wells Fargo were notified by Lassen County that improvements were not on the 14 acres, so even (for argument's sake)"if" a 4year contract, Wells Fargo filed suit Oct. 12, 2010,missing the deadline by 5 months, even assuming there was a contract of debtor and movant (which there was no contract.) Assuming a fraud allegation the statute would only be 3 years.

However, it is undisputed that debtor did notice movant on 7/29/11, *of his opposition* to the proposed order for summary adjudication wherein #5 "Reformation for deed of trust" was objected to, and where it was noted that movant had not complied with C.R.C. Rule 3.1312(a) ensuring delivery by close of next business day.

6

It is my belief from the evidence I have viewed that there is a continuing pattern of deceit and misrepresentation by movants represented by the Ryan law firm; that Timothy M. Ryan has publicly issued statements over 5-6 months online defaming debtor, claimed to have used a "receiver" to "seize" debtor's animals [illegally without the proper due process] but alleged it was the County's seizure, despite the County failing to file a motion; purposely pursued in both State and Federal Bankruptcy Courts, the notion that movant wanted turnover but not ever disclosing the settlement agreement [which debtor never signed], nor that the improved property is admittedly a mess inside (seen on "Facebook" personally, Mr. Timothy M. Ryan posting the fact, along with many other posts.)

There is likely even more evidence along this line in the State Court file which I have not had a chance to view due to just finding out re the newly discovered "signed" order.

I have also personally viewed the letter to the District Attorney written by Timothy M. Ryan wherein a "flash"drive was sent by Ryan to the District Attorney for the case. (Because the case is pending I did not include it as an exhibit but can show the Federal Bankruptcy Court if needed.)

Debtor intends to file a lawsuit against movants and others for other actions and we foresee there may be issues not yet contemplated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 17 2012            __/s/  Carolyn Chan_____
                                Attorney for Debtor Dwight Bennett

7