03/18/2012  14:49    18663157089                CCHAN

Case 11-40155    Filed 03/18/12    Doc 173

FILED
March 18, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004129291

Case no. 2011-40155-A-7 D. Bennett

*6 pages*

# EXHIBITS 1-3

1. Served Opposition Failed to Include Exhibits
2. Debtor Opposition to Summary Adj Proposed Order
3. Movant's P/A re Equitablelien/mortgage (2 issues)



animal law attorney <animallaw10@gmail.com>

# In re Dwight Bennett - Opposition to Debtor's Motion to Terminate Receivership (#8045-1267 ATB)

1 message

**Jody C. McLain <jmclain@theryanfirm.com>**　　　　　　　Thu, Mar 15, 2012 at 5:18 PM
Reply-To: jmclain@theryanfirm.com
To: animallaw10@gmail.com
Cc: abeardsley@theryanfirm.com

Re: In re Dwight Bennett

　　Opposition to Debtor's Motion to Terminate Receivership

Dear Ms. Chan,

Please see attached Opposition to Debtor's Motion to Terminate Receivership; Request for Judicial Notice in Support; Exhibits in Support and Certificate of Service in the above matter.

Thank you.

Jody McLain

THE RYAN FIRM

1100 N. Tustin Ave., Suite 200

Anaheim, California 92807

Phone (714) 666-1362

Fax (714) 666-1443

Email: jmclain@theryanfirm.com

*MISSING "EXHIBITS"*

**EXHIBIT #1**

4 attachments

📎 **BENNETT Opposition to motion to terminate receivership.pdf**
　　98K

03/18/2012 14:49 18663157089 CCHAN PAGE 03/07

/16/12 Gmail - In re Dwight Bennett - Opposition to Debtor's Motion to Terminate Receivership (#6045-1267 AT...

Case 11-40155    Filed 03/18/12    Doc 173

+You   Search   Images   Maps   YouTube   News   Gmail   Documents   Calendar   More

Google

Judicial Notice in Support; Exhibits in Support and Certificate of Service in

Thank you.

✓ WERE NOT ATTACHED

Jody McLain
THE RYAN FIRM
1100 N. Tustin Ave., Suite 200
Anaheim, California 92807
Phone (714) 666-1362
Fax (714) 666-1443
Email: jmclain@theryanfirm.com

**4 attachments** — Download all attachments

📎 **BENNETT Opposition to motion to terminate receivership.**
   98K   View   Download

📎 **BENNETT RFJN.pdf**
   61K   View   Download

📎 **BENNETT List of Exhibits.pdf**
   59K   View   Download

📎 **BENNETT Certificate of Service.pdf**
   54K   View   Download

Reply     Reply to all     Forward

Send     Save Now     Discard

```
 1  Dwight A. Bennett
    P.O. Box 540
 2  Susanville, CA 96130
    In Pro Per
 3

 4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 5                      FOR THE COUNTY OF LASSEN

 6

 7
    ─────────────────────────────────────   )  Lead Case No.: 45679
 8  NORMAN W. ALLEN,                        )  (Consolidated with Case No. 50324)
                                            )  (Related Cases Nos. 46190 & DV49327
 9              Plaintiff,                  )  [Appellate Case No. C065379])
                                            )
10  vs.                                     )
                                            )  DEFENDANT/CROSS-DEFENDANT
11  SUMMIT FINANCIAL GROUP;                 )  DWIGHT A. BENNETT'S
    DANA CAPITOL CORP.; STEVE WEICH; ROD    )
12  HOSILK; DWIGHT A. BENNETT; JUDITH A.    )  OPPOSITION TO (PROPOSED) ORDER
    ST. JOHN; WILSHIRE CREDIT CORP.;        )  GRANTING DEFENDANT/CROSS-
13  EVANS APPRAISAL SERVICES, INC.; and     )  COMPLAINTANT WELLS FARGO BANK,
    DOES 1-10,                              )  N.A.'S MOTION FOR SUMMARY
14              Defendants.                 )  ADJUDICATION:
    ─────────────────────────────────────   )
15  NORMAN W. ALLEN                         )  REQUEST THAT THE COURT STRIKE
                                            )  NUMBER 5. AS UNSUPPORTED BY
16              Plaintiff,                  )  FACTS IN RECORD AND NOT IN
                                            )  EQUITY.
17  vs.                                     )
                                            )
18  T.D. SERVICE COMPANY; WELLS FARGO       )
    BANK, N.A. as Trustee for the MLMI Trust)
19  Series 2005-HE3; and DOES 1-10,         )
                                            )
20              Defendants,                 )
    ─────────────────────────────────────   )
    WELL FARGO BANK, N. A., as Trustee for  )
21  MLMI Trust Series 2005-HE3; and BAC HOME)
    LOANS SERVICING, LP, a Texas limited    )
22  partnership, successor by merger to Wilshire )
    Credit Corporation,                     )
23                                          )
              Cross-Complainants,           )
24                                          )
    vs.                                     )
25                                          )
    NORMAN W. ALLEN; DWIGHT A. BENNETT;     )
26  JUDITH A. ST. JOHN; EANS APPRAISAL      )
    SERVICES INC.; and ROES 1-10,           )
27                                          )
              Cross-Defendants,             )
28                                          )
    ─────────────────────────────────────   )
```



EXHIBIT # 2

Letter re: proposed ruling error and objection - 1

<u>Letter re "proposed ruling"</u>

Dear Mr. Ryan,

This letter is to inform you that I am opposed to your proposed order granting motion for summary judgment. No. 5 reformation of the deed of trust is excessive under the imposition of equitable liens and equitable mortgages. As you know I did not oppose your motion for summary adjudication, clearly unjust enrichment needs correction. Fortunately correction is a simple matter of striking number 5.

Reformation of the Deed of Trust is not mentioned once in you motion for summary adjudication or memorandum of points and authorities, had it been requested in any way I would have opposed the motion. I understand that equitable liens and equitable mortgages are not well understood by many litigators and judges but in no way are they similar or proximate to reformation of a deed of trust or other security instrument. Reformation of a security instrument to incorporate third parties requires either stipulation by those parties or a full trial on the merits to assure Constitutional protection. Any imposition of reformation by order or decree is an abuse of discretion. I'm sure that this was a mere oversight by your staff since in preparing an order in excess of law is an abuse of process if not fraudulent. While I know you enjoy mouthing claims of fraud, conspiracy and other insults in open court to an excess it is important to remember that in your verified pleadings you openly acknowledge that all parties were unaware of the property line error that was committed by the appraiser's father in law Jim Eddy.

Please be advised that your proposed order is postmarked July 27 and arrived in the Susanville Post Office on July 28. For your convenience I have included the new requirement for service of proposed orders below.

Thank you in advance for correcting the accidental expansion of the order from your motion as briefed, served to opposing parties and submitted to the Court. I will send this electronically and follow with mailing due to the very late arrival of your proposed order and the significance of the error it contains.

July 29, 2011

Dwight A. Bennett

///

**Issue No. 1**

Wells Fargo is entitled to judgment on the fifth cause of action for equitable lien in the Cross-Complaint because there is no defense to this cause of action.

**Issue No. 2**

Wells Fargo is entitled to judgment on the sixth cause of action for equitable mortgage in the Cross-Complaint because there is no defense to this cause of action.

This motion is based on this notice, on the papers and pleadings on file herein, on the memorandum of points and authorities, the separate statement of undisputed material facts, the declarations of Timothy M. Ryan, of a Custodian of Records for BAC Home Loans Servicing, LP, and of Barbara Smith, and the request for judicial notice all submitted herewith, and on such other and further evidence, both oral and documenta as may be presented at the hearing of this motion.

DATED:    May 5, 2011

THE RYAN FIRM
A Professional Corporation

By: _____
TIMOTHY M. RYAN
AUSTIN T. BEARDSLEY
Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP

EXHIBIT # 3

3

Notice of Motion and Motion for Summary Adjudication

### 6. CONCLUSION

As shown above, the equitable considerations, the undisputed facts, and the parties' universal acknowledgment that the Improvements were to be conveyed to Allen and thereafter encumbered by Wells Fargo's security interest mandates the imposition of an equitable lien and an equitable mortgage.[5] These factors overwhelmingly entitle Wells Fargo to summary adjudication on its fifth and sixth causes of action.

DATED: May 5, 2011

THE RYAN FIRM
A Professional Corporation

By: /s/ 
TIMOTHY M. RYAN
AUSTIN T. BEARDSLEY
Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP

r:\8045-1267 norman allen v. wilshire\case no. 45679\law & motion\motion for summary adjudication\motion for summary adjudication.doc

---

[5] The amount of Allen's default under the loan as of October 26, 2009, was $25,504.83. (SSUF, ## 27, 28, 57, 58.) Further, as of May 4, 2011, the amount of attorneys' fees and costs incurred by Wells Fargo in this matter (which Wells Fargo is entitled to recover against Allen) was $77,738.65. (SSUF, ## 29, 30, 59, 60.) Wells Fargo will submit a declaration stating the full amount due an owing under the loan prior to the date upon which its reply in connection with this motion is due.

10

Memorandum of Points and Authorities