03/18/2012  15:14    18663157089                    CCHAN

Case 11-40155    Filed 03/18/12    Doc 175

FILED
March 18, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004129293

# EXHIBIT 6

Lassen State Court P/A by Debtor's Counsel in Opposition to Contempt Hearing (Only noticed for contempt, not Amended Receiver/Summary Adj. Proposed order)

1 Carolyn Chan sbn147978
2 2485 Notre Dame B. Ste. 370
Chico, CA 95928
3 Telephone: 530.359.8810

4 Attorney for Defendant
Dwight Bennett
5

6

7

8           SUPERIOR COURT OF CALIFORNIA

9         IN AND FOR THE COUNTY OF LASSEN

10
11 NORMAN W. ALLEN,                          Lead Case No. 45679
     Plaintiff,                        Consolidated with No.50324/46190
12 vs.                                        Unlimited Jurisdiction
SUMMIT FINANCIAL GROUP,                   Assigned to: Hon R. Girdano
13    ET AL, Defendants                        Dept. 6

14 _____/
                                           POINTS/AUTHORITIES IN
15 WELLS FARGO BK,N.A.                       OPPOSITION
Et al, Cross Complainants                 TO REQUEST FOR "AMENDING"
16    vs.                                    RECEIVERSHIP "ORDER" AND
                                           CONTEMPT ALLEGATION RE
17 NORMAN W. ALLEN                           PROPERTY OF *BANKRUPTCY ESTATE*

18 Et al, Cross Defendants                   Date: 11/17/11

19 and all other cross actions              Time: 1pm Dept: 6

20 _____/

21

22

23

24 

25

26

27 Points/authorities, Bennett Opposition to Wells Fargo's Contempt and Amend Receiver Request

28

                           1

I

## Movant Wells Fargo and Receiver Cannot Violate the Automatic Stay Under Federal Bankruptcy Law

In all bankruptcy proceedings, the "Automatic Stay" is an integral part of each case. Under Federal Code Section 362 of the Bankruptcy Code, once a bankruptcy is filed, the bankruptcy court takes jurisdiction over the assets and affairs of the debtor.

No hearing is required for the Automatic Stay, no Judge's signature is required. The Stay is invoked by the stamp of the bankruptcy clerk's time stamp when a petition is presented for filing. Creditors are thus bound by the Automatic Stay even before they are aware of it, and sanction are applicable upon willful violation, Bankruptcy Code 362(h).

ANY acts which violate the Stay must have authorization by the Federal Court beforehand, not after the fact. Movant-Receiver are not specifically authorized to remove tenants from property, evict them, foreclose, or exert any other sanctions or collateral actions against them.

Court has only authorized movant to try and get a State court order/judgment on the equitable mortgage, because they do not HAVE such an order. Movant obtained a receivership order WITHOUT first getting an order for the underlying action of "equitable" mortgage. In fact the State Court issued a "Receivership" order [which is considered rare in residential

1  actions] EX PARTE, which is usually reserved for only extremely
2  serious cases.
3       In this case, numerous violations of the Automatic Stay have
4  already taken place, even when movants Wells Fargo and the
5  "Receiver" knew that debtor Bennett had filed bankruptcy.
6
7  Even despite such knowledge, movant Wells Fargo is still telling
8  the State Court it needs to amend orders, and foreclose by
9  evicting tenants of debtor, without so much as proving they have
10 such authority.
11
12
13
14                                II
15           Movant Wells Fargo and Receiver Have
              Already Previously Violated the Federal
16              Automatic Stay Numerous Times
17      As indicated by the United States Trustee's opposition in
18 late August 2011, the Trustee opposed Wells Fargo's attempt to
19 get relief from the Automatic Stay.
20
21      Despite having taken much of the personal property of debtor
22 by using the "Receiver" to do so, under alleged color of law,
23 both the movant Wells Fargo, the Receiver, and even the County of
24 Lassen have violated the Automatic Stay by seizing the personal
25 property of the debtor, including all of the debtor's animals, by
26 claiming they needed *immediate* "emergency" care in late JULY 2011
27 but in FACT, only moved the animals a MONTH later.
28

This "seizure" of the animals was simply a pretext used to get around the foreclosure that movant Wells Fargo has not attempted to do. Receivership-yes. Non judicial foreclosure-no. Instead, movant has resorted to the most expensive, most difficult procedure they can afford, including the illegal seizure of personal property of debtor.

And now, again, movant Wells Fargo is claiming they can now proceed to foreclose the property by ousting the tenants, and charging them with "contempt." There is not likely any legal authority for this extraordinary measure, as the contempt and attempted eviction requires some type of due process procedure.

Asking the State Court for such authority without more, while knowing that the Federal Bankruptcy Court has NOT authorized such seizure of the property— is yet another indication that the movant Wells Fargo has no respect for the Federal Court.

### III

Movant Failed to Give Adequate Notice of
Any Type Of "Amendment" Requested to "Receivership"
And should be Precluded From Asserting Relief
Not Already Requested or Specified

Movant is required to give adequate notice of what exactly they are seeking as far as legal requests.
Since movant filed an EX PARTE yet again, movant should be required to adequately state their position for exactly what they are seeking as to any "amendments" in any "Receivership" order since invariably, **it will affect debtor's property and estate.**

**By having failed to clearly delineate and state what amendments movant is seeking**, this forces debtor's counsel to have to follow a moving target, AND GUESS as to what actual relief may be ASKED for, and then NOT be able to make the opposition clearly, BECAUSE such relief was not spelled out in advance.

For that reason ALONE, failure to specifically plead the request being made will result in that ISSUE not being part of the movant's request, because it is not part of the pleadings.

Further, all State Court pleadings are fact pleading, NOT notice pleadings. Therefore, when movant fails to specify the relief so that the opposition has an adequate advance NOTICE of what is being sought, counsel for opposition cannot prepare the proper opposition.

Because movant has purposely failed to state what relief he/she is seeking, movant/receiver should be precluded from obtaining any relief that he/she has not specified in the pleadings on order shortening time. Further, counsel for debtor defendant cannot be expected to read the mind of movant and GUESS as to what legal authority movant has not disclosed.

Such non disclosure by movant/receiver should result in whatever relief that is NOT specified in any of the moving pleadings (not in the reply)— should not be considered by the Court. This amounts to bad faith in an effort to thwart the

5

proper defense of the defendant and will not be tolerated.

### IV

### Movant Cannot Modify an "Order" that it Actually Never Obtained, Nor a Judgment It never Obtained

Movant and Receiver have NEVER obtained an underlying order as to the "equitable" mortgage. In fact movant has only obtained an order for the "receiver" *without* any order for the "equitable" mortgage.

Knowing that movant did NOT obtain, and does NOT have ANY order in regard to the "equitable" mortgage, Federal Bankruptcy Judge Mc Manus allowed movant to petition the State Court to GET the order, with the specific ruling that DEBTOR can petition to set it aside, vacate, or appeal such order.

Specifically, debtor is covered by the Automatic Stay at this point and the Trustee owns the debtor's estate, the "receiver" and movant do not own the estate.

Movant Wells Fargo has no order on the "equitable" mortgage because **movant's counsel** attempted to proffer an order that exceeded the Court's jurisdiction by writing in "relief" which was neither requested nor granted.

That fact alone proves that movant should not be allowed any relief sought. To do so would be to condone using an abuse of process against the court system in order to ruin debtor.

The prior conduct of both movant, receiver and the so called non profit horse group have been atrocious. All of the parties seem to have exerted considerable efforts in getting the media, the Internet, and online venues to believe that debtor actually is responsible for "killing" horses, when in fact, there is absolutely no proof of that. Also, defamatory statements and more have been purposely put out to media sources in an effort to completely dismantle debtor's business, reputation, and finances.

Instead, certain parties made sure that Lassen County charged debtor with a huge number of "animal abuse" criminal counts, when it was a known fact that unknown perpetrators had been systematically targeting debtor's animals over a lengthy period of time, corresponding with the lawsuits on the property.

V

Movant Must Obtain Permission from Federal Court
for Any  Material Changes or Modifications in Any
Issue on Property of the Bankruptcy Estate

It is debtor's contention that due to the prior conduct and current acts of movant's counsel in general, movant should not be afforded any changes or modifications as to the "Receivership" as it would detrimentally affect debtor's estate.

7

This is already a concern of the United States Trustee as indicated in his opposition to the movant's prior request for relief from the stay which was denied in late August.

If movant is inclined to seek "equitable" relief, he/she should have clearly stated beforehand, specifically in the pleadings, just what relief is being sought. This is not and has not been done and thus such relief not requested in the moving motion, should be denied in total.

## VI

### Movant Cannot Use "Contempt" to Achieve That Which Movant Cannot do Without Federal Court Permission

As indicated repeatedly here, movant cannot use the State Court as a springboard to accomplish what he cannot do via Federal Court. Movant is not allowed to start new actions via contempt or otherwise, especially when it is apparent that such maneuvers will decidedly impact the debtor's property and thus impact the Trustee's position. The United States Trustee is entrusted to see that the debtor's property is secured, but not necessarily to secure it by going through the back door.

Movant's actions are specious at best, and flagrant at worst. This is not the first nor probably the last time movant will engage such behavior. It is actually an insult to the legal profession and to the respect that any Court deserves.

In fact it shows an absolute disregard for the profession of law and should not be tolerated. Further, it undermines constitutional law protections designed specifically to curtail such acts.

## VII

### Movant Has Failed to Provide Adequate Authority for Any of Its Requests Pending Federal Court Permission

Movant has categorically failed to state any legal authority whatsoever in the moving documents or declaration. Other than one sentence claiming Civil Code of Procedure Section 1209(a)(5) (which is "contempt"), movant has failed to disclose that the Federal Court ordered the Receiver out of possession on September 2, 2011.

And as stated prior, the United States Trustee opposed the movant's request to re-take possession of the property.

Judge Mc Manus' latest order is that the U.S. Trustee try to appoint a Chapter 11 Trustee- NOT have the receiver take back the property. Movant has absolutely no authority to take back the property, to foreclose, or to even cite for contempt for that matter. [Contempt is discussed infra.]

9

## VIII

### Movant Has been Ordered Not to Foreclose on Debtor Property and Contempt is NOT A Viable Action against Debtor's Renters

Movant seems to believe that if he/she has an "order" then that order can be acted upon by contempt. Unfortunately, while in a bankruptcy case, such actions must be carefully inspected.

While the Automatic Stay is in effect, bringing contempt charges which will not have the safeguard of Sixth amendment procedure, is basically a civil action.

In this case, it amounts to nothing more than simply doing an action which would amount to foreclosure *without* having to file a non judicial foreclosure, since movant believes he can just put the tenants in jail.  Meanwhile debtor is already incarcerated on trumped up charges of "alleged abuse."

Convenient, yes. Inherently legal, no.

The purpose of civil contempt is to gain compliance but when such action is done in order to gain possession of property without the need for due process, and to circumvent the Federal Court order of NO foreclosure, it is fairly clear that this is a calculated move to do the very thing movant has been ordered not to do.  The collection motive of movant is obvious and calculated.  The State Court should not engage in giving movant relief that violates the Automatic Stay.

## IX

### Receiver and Movant and "Non Profit" Grace Foundation Operated in Collusion to Violate Penal Code Section 597, 597.1 and Eliminating Mandated Due Process

Movant, Receiver and the non profit horse group all acted together to gain possession by seizure, of debtor's property.

The seizure claimed to be for "emergency" survival of the animals in late July 2011 was granted. Not only were the animals moved, much of the personal property of debtor was seized while the movant had him in jail on "contempt" charges.

The receiver was seen loading much of the personal property and animal related equipment into trailers. The horse group was paid either $40,000 or $80,000 to take animals of debtor.

By claiming "emergency" for the animals, and claiming they were going to die if not taken, this immediately triggers Penal Code Section 597, which has standardized procedure for both notice and required hearing.

NONE of the required procedure or mandated hearing was done, despite Lassen County animal Control, the horse group, and the receiver all joining in to seize the debtor's animals.

Failure to engage this mandated procedure while claiming emergency animal abuse [and thus seizure is required according to the movant's declarations] violates debtor's due process rights.

11

1  Seizure of property usually always has a due process
2  element. But not apparently when this movant is involved.
3  The court records show that movant and receiver and the
4  horse group all filed declarations attesting to this alleged
5  "emergency" seizure due to the medical exigent circumstances.

7  Yet the facts show the animals were not even moved for about
8  another month. And the facts show that the animals, in particular
9  the horses, did not require medical treatment, and were not in
10 need of any 'emergency" seizure.

11 This blatant disregard for the required due process notice
12 and hearing were completely ignored, violating the Federal AETA
13 (Animal Enterprise Terrorism Act) which has to do with purposely
14 interfering with an animal enterprise. Further, the horse group
15 then used the horse story to gain donations for themselves.
16 Then, apparently movants and or the horse group decided that
17 they had better get charges filed against debtor, so he could be
18 put in jail. And they did just that, despite no charges of
19 abuse, negligence, or any type of citation ever having had been
20 filed against debtor before, as to the animals. Debtor may have
21 run short of money, but he did not kill animals.
22 The facts are clear. Movant and his helpers will do anything
23 to take the debtor's property. And they did just that.
24 Respectfully submitted,

26 _11-13-11_

Carolyn Chan
Attorney for Dwight Bennett

12