# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Dwight Alan Bennett | **Case No :** | **11−40155 − A − 7** |
| | | **Date :** | 3/19/12 |
| | | **Time :** | 10:00 |

**Matter :**  [137] − Motion/Application to Terminate    OPPOSED
Receiver For Good Cause Filed by Debtor
Dwight Alan Bennett (stps)
[137] − Motion/Application to Allow Inventory
Of Debtor's Property Including Animals Filed
by Debtor Dwight Alan Bennett (stps)
[137] − Motion/Application to Allow Debtor's
Return To Possession Filed by Debtor
Dwight Alan Bennett (stps)

**Judge :**  Michael S. McManus
**Courtroom Deputy :**  Sarah Head
**Reporter :**  Diamond Reporters
**Department :**  A

**APPEARANCES for :**
**Movant(s) :**
    Debtor(s) Attorney − Carolyn R. Chan
**Respondent(s) :**
    Trustee − Susan Didriksen
    Trustee's Attorney − Howard S. Nevins
(by phone)  Creditor's Attorney − Austin Beardsley


MOTION was :
Denied
See final ruling below.

The reciever is to file an interim report within 14 days.

ORDER TO BE PREPARED BY :    Susan Didriksen

Final Ruling: The motion will be denied.

The debtor is asking this court to terminate the receiver appointed by the state court, to place the debtor back in possession of his property, and to allow an inspection of the animals that were sent to the Grace Foundation.

This court previously authorized a receiver appointed by the state court before this bankruptcy case was filed to remain in possession. Given that order it does not have the authority to remove or terminate the receiver appointed by the state court. The state court appointed the receiver, the state court is instructing and supervising the receiver, and the state court has the authority to remove or terminate the receiver if the receiver is not following those instructions, orders, and applicable law.

There is no evidence that the debtor's bankruptcy estate is in any way concerned with the state court receiver. This case was converted from chapter 11 to chapter 7 on November 15, 2011. Susan Didriksen was appointed as a chapter 7 trustee over the debtor's bankruptcy estate. She is now in charge of the affairs of the bankruptcy estate. In addition, on January 6, 2012, pursuant to her motion, the court ordered that all the debtor's animals be abandoned. Dockets 135 & 136. Thus, the debtor cannot be placed in charge of any property of the estate. The receiver is charge of the estate with the exception of the animals. As to the animals, the debtor is free to litigate in state court over his rights in them. The bankruptcy estate

and the trustee have no interest in them given the abandonment.

The court makes no determination about anything the state court has done with respect to the debtor or his property. Any relief from an order issued by the state court lies with the state court, including the California Court of Appeals. This court is not an appellate court and it does not review state court orders.

Finally, the debtor says that Wells Fargo Bank "has likely violated the stay." But, the debtor does not explain how or when the bank violated the automatic stay. In any event, the motion does not establish that the bank has violated the stay. Nor does the motion ask for any damages due to the alleged stay violations.

The motion will be denied.