FILED

April 02, 2012

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004158347

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Dwight Bennett<br><br>       Debtor, | ) CASE NO.: 11-40155<br>) Chapter: 11<br>) Dated Filed: August 18, 2011<br>)<br>) Assigned for All Purposes to<br>) Hon. Michael S. McManus<br>) Courtroom: 28<br>)<br>) **RECEIVER'S INTERIM REPORT**<br>)<br>) Date:     April 2, 2012<br>)<br>) Trial Date:  None set.<br>) |

I, Vicki Lozano, declare:

1.      I am over the age of eighteen and I am competent to make this declaration.

2.      I am the court appointed receiver of the real property commonly referred to as 695-725 Highway 36, Susanville, CA 96130 (the "Subject Property"). I was appointed as the receiver by the California Superior Court for the County of Lassern in a written order issued on July 21, 2011. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, I could and would competently testify thereto.

1

THE RYAN FIRM
A Professional Corporation

3.      On or about October 21, 2011, this court entered an order excusing my appointed receivership from the turnover requirement of 11 U.S.C. §543. (Docket No. 103).

4.      Between October 21, 2011, and November 3, 2011, I was prevented from properly performing my duties by squatters on the Subject Property and observed them operating heavy machinery, removing trees from the Property, and burning garbage.

5.      Also, during that period of time, the Lassen County Sheriff's Department refused my requests to remove the squatters from.  The Department reasoned that the original receivership order was "vague."

6.      Subsequently, on November 17, 2011, the Superior Court for the County of Lassen amended paragraph 8 of the receivership order to include language expressly authorizing Lassen County to remove any person from the Subject Property at the express request of the appointed receiver.  A true and correct copy of this amended order is attached hereto as exhibit 1 and incorporated herein by reference.

7.      Accordingly, on or about November 18, 2011, I contacted the Lassen County Sheriff's Department for the purpose of obtaining its cooperation with removal of persons who I had observed causing damage to the Subject Property.  On or about the same day, the Sheriff's Department refused to comply with the amended receivership order.

8.      Having no other options, Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership ("BAC" and "Wells Fargo" individually and "Creditors" collectively) moved to set an order to show cause re: contempt against the Lassen County Sheriff's Department and Lassen County Office of County Counsel.

9.      On December 15, 2011, and prior to the hearing on the order to show cause, Creditors and the Lassen County Sheriff's Department and Department of County Counsel came to an agreement to amend the language in paragraph 8 in the receivership order.  A true and correct copy of the December 15, 2011, order is attached hereto as

2

Exhibit 2, and incorporated herein by reference.

10.    Subsequently, on or about December 21, 2011, all of the squatters were removed from the Subject Property without incident.

11.    Therefore, from the date the receivership was granted by the court, July 21, 2011, until December 21, 2011, the Subject Property was under the influence and control of several persons whom I personally observed causing harm to the Subject Property, but was unable to remove.

12.    Furthermore, during this time, I was prevented from taking an accurate inventory of all of the movable property located on the Subject Property.

13.    Please find listed below an inventory and report of all of the movable items currently located on the Subject Property:

a.    Near and around the barn there are approximately 21 sets of saddles and tack, 72 horse fence panels, watering troughs, feeding troughs, horse shoeing equipment, and tools in varying degrees of disrepair;

b.    There are a number of inoperable vehicles littering the Subject Property that are unidentifiable, and may only have value as scrap.

c.    In addition, the following movable property is located on the Subject Property:

1.    GMC dump truck;

2.    International flat-bed truck, license CA 3U58258;

3.    Miley white horse trailer;

4.    Blue 4 horse trailer;

5.    Pay-loader yellow front loader;

6.    Boat and trailer, license CF 4926 KF;

7.    Green and white travel trailer, license CA 1JY3026;

8.    Honda car, license CA 4YJR876;

9.    Mercedes 240, license CA # 659VVL;

10.    Blue and white travel trailer;

THE RYAN FIRM
A Professional Corporation

3

11.     Ford truck, license CA 4D48004;

12.     Ford truck flat-bed, license CA 3R11649;

13.     Ford truck with utility bed, license CA 2K12818;

14.     Blue tractor;

15.     Two fuel tanks.

d.      In addition to the above-listed vehicles, I have been approached by multiple parties who have provided evidence showing that the following vehicles are not licensed to Dwight Bennett:

1.     Flat-bed trailer, license CA 4BR8234, registered to Judith St. John per, Lassen County Sheriff Department.

2.     Semi-truck, license CA 9C12507 and trailer, registration provided by Mr. Chuck Sweatland;

3.     Hitchhiker 5th wheel, license CA 1GY1082, registration provided by Mr. Chuck Sweatland;

4.     Yellow Ford skip-loader, registration provided by Mr. Chuck Sweatland;

5.     40 foot Semi truck trailer, license CA 4DR8262, registration provided by Mr. Chuck Sweatland;

6.     A second 40 ft Semi truck trailer with misc. plumbing materials, registration provided by Mr. Chuck Sweatland;

7.     27 foot Storage van with office, registration provided by Mr. Chuck Sweatland;

8.     Wood splitter, registration provided by Mr. Chuck Sweatland.

14.     With regard to the overall condition of the Subject Property, the unimproved land is littered with garbage and deceased horse corpses.  There are approximately 100 used car tires.

15.     Also, on or after December 21, 2011, I discovered that the two well houses had been frozen and the pipes had broken.

4

THE RYAN FIRM
A Professional Corporation

16.    The house has not been maintained, and there are broken windows, broken plumbing, and broken doors throughout.

17.    The house also contains various household furnishings and is full of garbage.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 2, 2012, at Susanville, California.

_____
VICKI LOZANO — DECLARANT

r:\8045 bank of america\8045-1267 norman allen v. wilshire\case no. 45679\bennett bankruptcy\receiver reports\receiver's interim report 4-2-12.doc

THE RYAN FIRM
A Professional Corporation

5

Declaration of Vicki Lozano

EXHIBIT 1

**FILED**

NOV 1 7 2011

LASSEN COUNTY SUPERIOR COURT
R. REED, CHIEF ADMIN. OFFICER
By _____
                              Deputy

1  Timothy M. Ryan, Bar No. 178059
   Austin T. Beardsley, Bar No. 270046
2  THE RYAN FIRM
   A Professional Corporation
3  1100 N. Tustin Avenue, Suite 200
   Anaheim, California 92807
4  Telephone (714) 666-1362; Fax (714) 666-1443

5  Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee
   for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas
6  limited partnership, successor by merger to Wilshire Credit Corporation, erroneously
   sued as BAC Home Loan Servicing, LLP
7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LASSEN

10

11  NORMAN W. ALLEN,                      )  LEAD CASE NO.: 45679
                                          )  (Consolidated with Case No. 50324)
12            Plaintiff,                  )  Unlimited Jurisdiction
                                          )  Date Action Filed:  Unknown.
13  vs.                                   )
                                          )  Assigned for All Purposes to
14                                        )  Hon. Raymond J. Girdano, Judge
   SUMMIT FINANCIAL GROUP;                )  Dept. 6
15  DANA CAPITAL CORP.; STEVE            )
   WEICH; ROD HOSILYK; DWIGHT            )
16  A. BENNETT; JUDITH A. ST. JOHN;      )  [~~PROPOSED~~] AMENDED ORDER
   WILSHIRE CREDIT                        )  APPOINTING RECEIVER AND
17  CORPORATION; EVANS                    )  PRELIMINARY INJUNCTION
   APPRAISAL SERVICES, INC.; and         )
18  DOES 1–10,                            )
                                          )
19            Defendants.                 )
20  _____      )  Date:      November 17, 2011
                                          )  Time:      11:00 a.m.
21  NORMAN W. ALLEN,                      )  Dept:      6
                                          )  Trial Date: None set.
22            Plaintiff,                  )
                                          )
23  vs.                                   )
                                          )
24                                        )
   T.D. SERVICE COMPANY; WELLS           )
25  FARGO BANK, N.A., as Trustee for     )
   the MLMI Trust Series 2005-HE3; and   )
26  DOES 1–10,                            )
                                          )
27            Defendants.                 )
   _____      )
28  WELLS FARGO BANK, N.A., as           )

                                     1
   _____
                [Proposed] Amended Order Appointing Receiver

| | Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP, | ) ) ) ) ) ) ) ) |
|---|---|---|

1
2
3
4
5                     Cross-Complainants,       )
6          vs.                                  )
7          NORMAN W. ALLEN; DWIGHT A.           )
8          BENNETT; JUDITH A. ST. JOHN;         )
           EVANS APPRAISAL SERVICES;            )
9          INC.; and ROES 1–10,                 )
10                    Cross-Defendants.          )
11         AND ALL OTHER CROSS-                 )
12         ACTIONS                              )
13
14             Application having been made on behalf of Defendant/Cross-Complainant Wells

15     Fargo Bank, N.A. ("Wells Fargo"), and good cause appearing therefore,

16             **IT IS ORDERED THAT:**

17             1.      Vicki Lozano be and hereby is appointed Receiver in this action;

18             2.      Within 1 business day of entering upon her duties as a receiver, she shall

19     take the oath, and within 5 business days of entering upon her duties shall file herein a

20     bond, with surety thereon approved by this court, in the sum of $ _10,000.00_,

21     conditioned upon the faithful performance of her duties as receiver;

22             3.      Said Receiver be and the same hereby is immediately empowered and

23     directed to take possession and control over the real property which is the subject of this

24     action, which property bears the Assessor's Parcel Numbers 099-260-69 (the "40 Acres")

25     and 099-260-70 (the "14.03 Acres") (collectively, the "Subject Property") and  legally

26     described as set forth in Exhibits 1 and 2, respectively, attached to this order and

27     incorporated by this reference;

28     ///

THE RYAN FIRM
A Professional Corporation

2

4.    Said Receiver is authorized and directed:

(a)    To take immediate possession and control of the Subject Property and to demand, receive and check all rents, issues, profits and income therefrom, and all other monies arising from the Subject Property, to collect debts and compromise same, and to perform all acts respecting the Subject Property which the court may authorize;

(b)    Within thirty (30) days from the date hereof, to file with this court a true and accurate inventory of the Subject Property;

(c)    To apply and disburse rents, issues, profits and income and all other monies arising from the Subject Property, monthly or more often, to the following expenditures, in such order of priority as said Receiver shall determine:

(i)    To pay all expenses and charges of the Receiver in the conduct of her office;

(ii)    To pay expenses reasonably necessary or incidental to the continued operation, care, preservation and maintenance of the Subject Property to insure that the tenants thereof shall be supplied with uninterrupted service;

(iii)    To pay all expenses incurred for repairs, alterations and improvements of the Subject Property reasonably necessary or incidental to keep the Subject Property in rentable and usable condition;

(iv)    To pay all general and special property taxes and assessments upon the Subject Property now due or to become due;

(v)    To make leasehold payments now due or to become due in the event the Subject Property is subject to a ground lease;

(vi)    To pay for property and liability insurance for the Subject Property in the event existing coverage is absent or

THE RYAN FIRM
A Professional Corporation

3

11/17/2011  14:02   7146661443          RYAN FIRM                                    PAGE  04

1 insufficient;

2       (vii)    To pay all remaining sums towards the indebtedness

3                Plaintiff/Cross-Defendant Norman W. Allen ("Allen") owes

4                to Wells Fargo under the Deed of Trust that all parties agree

5                should have encumbered the 14.03 Acres, and any senior

6                deeds of trust, and thereafter to pay all liens and

7                encumbrances secured by the 14.03 Acres in the order of their

8                priority.  Payment of those installments totaling less than the

9                total delinquency owing shall not be deemed a waiver of the

10                right of Wells Fargo to proceed with or complete judicial or

11                non-judicial foreclosure;

12      (d)    To take and hold possession of the Subject Property, and to make,

13           cancel, extend or modify leases, obtain or eject tenants, set or modify rents

14           and terms of rent, and to collect all or any part of the rents, issues and

15           profits; and said Receiver is further authorized to expend out of the rents,

16           issues, profits and income such sums as said Receiver shall deem

17           reasonable for the purpose of advertising the Subject Property for rent or

18           lease.

19      5.    The Receiver shall have thirty (30) working days to investigate and to

20 determine whether or not there exists upon the Subject Property insurance coverage, and

21 during such period said Receiver shall not be responsible for claims arising for the

22 procurement of insurance;

23      6.    The Receiver shall have thirty (30) working days to investigate and to

24 determine the financial condition of the stable/riding business on the 40 Acres.  If, in the

25 Receiver's sole professional opinion and discretion, the financial affairs of said business

26 is such that a Receivership would merely present a drain of resources, then the Receiver

27 may, at her sole option, inform the Court of her resignation in conjunction with an

28 accounting of any sums collected by the Receiver, and the Receiver shall be discharged

THE RYAN FIRM
A Professional Corporation

4

1  from all duties and liability upon the following terms:

2         (a)    the receivership estate will terminate upon the Receiver's filing of a

3         notice of resignation with this Court and the return of all property collected

4         under the authority of this order, and the Receiver will be formally

5         discharged of all further duties, liabilities, and responsibilities in this

6         matter;

7         (b)    all of the acts, transactions of the Receiver for the receivership

8         period will be confirmed, ratified and approved as being right and proper

9         and in the best interests of the receivership estate and the parties to this

10         action;

11         (c)    any fees and expenses by the Receiver shall be recoverable, in the

12         Court's discretion, upon separate application by the Receiver and supported

13         by declaration or affidavit;

14         (d)    any bond filed by the Receiver will be exonerated;

15      7.    The Receiver is authorized to employ agents, employees, clerks, attorneys

16  and accountants, and to pay for same at ordinary and usual rates and prices out of funds

17  which shall come into his possession as Receiver and to do all things and to incur the

18  risks and obligations ordinarily incurred by owners, managers and operators of similar

19  commercial properties, and no risk or obligation so incurred shall be the personal risk or

20  obligation of the Receiver, but a risk and obligation of the Receivership Estate;

21      8.    Defendants/Cross-Defendants Dwight A. Bennett ("Bennett"), Judith St.

22  John ("St. John"), and Allen and/or their agents are to relinquish possession of the

23  Subject Property to the Receiver upon her appointment becoming effective hereunder,

24  and shall not collect further rents. Furthermore, no *person* shall attempt to occupy, or

25  otherwise enter the Subject Property without the express consent of the appointed

26  Receiver. Any *person* who enters the Subject Property without the express consent of the

27  Receiver will be subject to immediate removal by the Lassen County Sheriff, or any other

28  law enforcement agency with jurisdiction over the Subject Property. Any such further

5

[Proposed] Amended Order Appointing Receiver

1  rents received by Bennett, St. John, Allen and/or their agents shall immediately be turned
2  over to the Receiver by them;

3      9.      Bennett, St. John, Allen, their agents, employees, servants, assignees, and
4  persons acting in concert with them shall fully cooperate in turning over all property,
5  including books and records thereof wherever located, to the Receiver; and that prior to
6  such turnover and thereafter, pending further order of this Court, said persons and each of
7  them, shall take no action of any kind with respect to the operation of the Subject
8  Property;

9      10.     Said Receiver is to hold all additional proceeds derived from the Subject
10  Property heretofore described, less all costs, expenses and payments authorized herein
11  until further Order of this Court, including judgment decreeing who is entitled thereto;

12      11.     The Receiver shall be authorized to prepare periodic interim statements
13  reflecting the Receiver's fees, and administrative costs and expenses incurred for said
14  period in the operation and administration of the Receivership Estate herein.  Upon
15  completion of said interim statement, and mailing said statement to the parties' respective
16  attorneys of record or any other designated person or agent, the Receiver shall pay from
17  Estate funds, if any, the amount of said statement.  Despite periodic payment of
18  Receiver's fees, and administrative expenses, said fees and expenses shall be submitted to
19  the court for its approval and confirmation, in the form of either a noticed interim request
20  for fees, stipulation among all the parties, or Receiver's Final Account and Report;

21      12.     Bennett, St. John, Allen, their respective agents, servants, employees,
22  assignees, successors, representatives, and all persons acting under, in concert with, or for
23  them, are restrained and enjoined during the pendency of this action from engaging in,
24  committing or performing, directly or indirectly, any or all of the following acts:

25          (a)     Demanding, collecting, receiving, or in any other way diverting or
26                  using any further rents, issues, profits or income from the Subject Property;
27          (b)     Committing or aiding or abetting any waste on the Subject Property
28                  or any part thereof, or committing or aiding or abetting any act on said

THE RYAN FIRM
A Professional Corporation

6

[Proposed] Amended Order Appointing Receiver

Case 11-40155    Filed 04/02/12    Doc 178

1  premises or any part thereof in violation of law, or removing, transferring,

2  encumbering or otherwise disposing of the Subject Property, or any of the

3  fixtures presently on the Subject Property or any part thereof, without

4  further Order of this Court so permitting;

5      (c)    Interfering with, hindering or molesting in any manner whatsoever

6  the Receiver in the performance of the Receiver's duties herein described or

7  in the performance of any duties incidental thereto.

8      13.    Bennett, St. John, and Allen are hereby ordered to pay over to the Receiver

9  any monies presently held by them, whether jointly or severally, that have been received

10  as refundable deposits for the Subject Property;

11      14.    The Receiver is empowered to establish bank accounts at any bank as the

12  Receiver may determine;

13      15.    Wells Fargo shall immediately file an applicant's bond under *Code of Civil*

14  *Procedure* section 566(b) in the amount of $_____.

15      16.   ~~ORDER TO SHOW CAUSE RE CONFIRMATION:~~

16  ~~Pursuant to Rule 3.1176 of the *California Rules of Court*, requiring that a~~

17  ~~confirmation hearing take place within fifteen (15) days of the issuance of this order,~~

18  ~~The parties hereto are hereby ordered to appear on _____, at~~

19  ~~___, in Department _____ of this Court, located at~~

20  ~~_____, to show cause, if any they have,~~

21  ~~why the Appointment of the Receiver should not be confirmed.~~

22      Wells Fargo is to serve this order and related documents upon all adverse parties

23  pursuant to *California Rules of Court*, rule 3.1176(b).

24

25  DATED: *Nov 17, 2011*

26                      JUDGE OF THE SUPERIOR COURT

27

28

7

1    Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
2    THE RYAN FIRM
A Professional Corporation
3    1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
4    Telephone (714) 666-1362; Fax (714) 666-1443

5    Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee
6    for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas
limited partnership, successor by merger to Wilshire Credit Corporation, erroneously
7    sued as BAC Home Loan Servicing, LLP

8    **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **FOR THE COUNTY OF LASSEN**

10

11    NORMAN W. ALLEN,        )   LEAD CASE NO.:  45679
12             Plaintiff,      )   (Consolidated with Case No. 50324)
                        )   Unlimited Jurisdiction
13                        )   Date Action Filed:   Unknown.
14    vs.                      )
                        )   Assigned for All Purposes to
15    SUMMIT FINANCIAL GROUP;   )   Hon. Raymond J. Girdano, Judge
    DANA CAPITAL CORP.; STEVE   )   Dept. 6
16    WEICH; ROD HOSILYK; DWIGHT )
    A. BENNETT; JUDITH A. ST. JOHN; )
17    WILSHIRE CREDIT          )   **[PROPOSED] ORDER GRANTING**
    CORPORATION; EVANS       )   **DEFENDANT/CROSS-COMPLAINANT**
18    APPRAISAL SERVICES, INC.; and  )   **WELLS FARGO BANK, N.A.'S**
    DOES 1–10,              )   **MOTION FOR SUMMARY**
19                        )   **ADJUDICATION**
           Defendants.      )
20    ――――――――――――――― )   Date:      July 21, 2011
21    NORMAN W. ALLEN,        )   Time:    9:30 a.m.
                        )   Dept.:    6
22            Plaintiff,      )
                        )   Trial Date:  None set.
23    vs.                      )
                        )
24    T.D. SERVICE COMPANY; WELLS )
    FARGO BANK, N.A., as Trustee for )
25    the MLMI Trust Series 2005-HE3; and )
    DOES 1–10,              )
26                        )
27           Defendants.      )
    ――――――――――――――― )
28    WELLS FARGO BANK, N.A., as   )

*THE RYAN FIRM*
*A Professional Corporation*

1

1    Trustee for MLMI Trust Series 2005-  )
     HE3; and BAC HOME LOANS            )
2    SERVICING, LP, a Texas limited     )
     partnership, successor by merger to )
3    Wilshire Credit Corporation,       )
     erroneously sued as BAC Home Loan  )
4    Servicing, LLP,                    )
                                        )
5            Cross-Complainants,        )
                                        )
6    vs.                                )
                                        )
7    NORMAN W. ALLEN; DWIGHT A.         )
8    BENNETT; JUDITH A. ST. JOHN;       )
     EVANS APPRAISAL SERVICES;          )
9    INC.; and ROES 1–10,               )
                                        )
10           Cross-Defendants.          )
                                        )
11   _____   )
     AND ALL OTHER CROSS-               )
12   ACTIONS                            )
                                        )
13

14          The motion by Defendant/Cross-Complainant Wells Fargo Bank, N.A., as Trustee

15   for MLMI Trust Series 2005-HE3 ("Wells Fargo") for summary adjudication of its fifth

16   cause of action for equitable lien and its sixth cause of action for equitable mortgage

17   came on for hearing in Department 6 of this Court on July 21, 2011.  Timothy M. Ryan

18   of The Ryan Firm appeared on behalf of Wells Fargo, Peter Talia appeared on behalf of

19   Plaintiff/Cross-Defendant Norman W. Allen ("Allen"), Craig Close appeared on behalf of

20   Defendant/Cross-Defendant Judith A. St. John ("St. John"), Jerrald Pickering appeared

21   on behalf of Defendant/Cross-Defendant Evans Appraisal Services, Inc., and Dwight A.

22   Bennett ("Bennett") appeared in pro per.  After full consideration of the evidence, and the

23   written and oral submissions by the parties, the Court HEREBY ORDERS, ADJUDGES

24   AND DECREES as follows.

25          1.      The Court GRANTS Wells Fargo's request for judicial notice as to items 1

26   through 6 and takes judicial notice of the contents of those items.

27          2.      The Court GRANTS Wells Fargo's request for judicial notice as to items 7

28   through 9 and takes judicial notice of the fact that these documents were filed or

                                        2

THE RYAN FIRM
A Professional Corporation

recorded, but the Court declines to take judicial notice of the truth of the matters asserted in said documents.

     3.    The Court finds that there is no triable issue of material fact, and that Wells Fargo entitled to summary adjudication as a matter of law on its fifth cause of action for equitable lien and its sixth cause of action for equitable mortgage, and hereby GRANTS Wells Fargo's motion for summary adjudication.

     4.    IT IS ORDERED that Wells Fargo is entitled to the imposition of an equitable lien and an equitable mortgage over the 40 acre parcel bearing the Assessor's Parcel Number 099-260-69, and legally described as set forth in Exhibit 1 attached hereto.

     5.    IT IS FURTHER ORDERED that the Deed of Trust dated May 18, 2005, and recorded in the Official Records for Lassen County, California as Instrument Number 2005-04695 on May 26, 2005, is hereby reformed to include a first priority security interest in the 40 acre parcel bearing the Assessor's Parcel Number 099-260-69, and legally described as set forth in Exhibit 1 attached hereto.

     IT IS SO ORDERED.

DATED: _____

                                      _____
                                        JUDGE OF THE SUPERIOR COURT

**THE RYAN FIRM**
A Professional Corporation

r:\8045-1267 norman allen v. wilshire\case no. 45679\law & motion\motion for summary adjudication\proposed order.doc

3

[Proposed] Order

# EXHIBIT 1

ORDER NO: 5267679
REFERENCE NO: ST JOHN, BENNETT
TITLE OFFICER: DARIEN MCDONALD
PRODUCT TYPE: LITIGATION GUARANTEE

## EXHIBIT A

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE **STATE OF CALIFORNIA, COUNTY OF LASSEN, CITY OF SUSANVILLE,** AND IS DESCRIBED AS FOLLOWS:

PARCEL NO. 1:

IN TOWNSHIP 30 NORTH, RANGE 11 EAST, MOUNT DIABLO MERIDIAN, ACCORDING TO THE OFFICIAL PLAT THEREOF.

SECTION 25: THE SE 1/4 OF THE SW 1/4

PARCEL NO. 2:

A NON-EXCLUSIVE EASEMENT FOR ACCESS AND PUBLIC UTILITY PURPOSES OVER, UNDER AND ACROSS THE EAST 60 FEET OF THE NE1/4 OF THE NW 1/4 OF SECTION 36, TOWNSHIP 30 NORTH, RANGE 11 EAST, LYING NORTH OF STATE HWY 36.

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 1100 North Tustin Avenue, Suite 200, Anaheim, California 92807.

On July 25, 2011, I served the within document(s) described as: **[PROPOSED] ORDER GRANTING DEFENDANT/CROSS-COMPLAINANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY ADJUDICATION** on the interested parties in this action:

☒    by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☒    addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Law Office of Peter M. Talia<br>Peter Talia<br>470-345 Circle Drive<br>Susanville, CA 96130 | Tel: 530-257-5199<br>Fax: 530-257-5995 | Attorney for Plaintiff Norman W. Allen |
| Fine, Boggs & Perkins, LLP<br>David Hosilyk<br>80 Stone Pine Road, Suite 210<br>Half Moon Bay, CA 94109 | Tel: 650-712-8908<br>Fax: 650-712-1712 | Attorney for Defendants Rod Hosilyk and Summit Financial Group |
| Dwight Bennett<br>695-725 State Highway 36<br>Susanville, CA 96130 | Tel: *<br>Fax: *<br>whisperingpines@frontiernet.net | Defendant/Cross-Defendant in Pro Per |
| Dwight Bennett<br>P.O. Box 540<br>Susanville, CA 96130 | Tel: *<br>Fax: *<br>whisperingpines@frontiernet.net | Defendant/Cross-Defendant in Pro Per |
| Close Associates Law Offices<br>Craig Close<br>PO Box 2522<br>Truckee, CA 96160 | Tel: 530-587-7666<br>Fax: 530-550-8888 | Attorney for Defendant/Cross Complainant Judith A. St. John |
| Steve Weich<br>5876 Coyote Road<br>Reno, NV 89523 | Tel: *<br>Fax: * | Defendant in Pro Per |
| Pickering Law Corporation<br>Jerrald Pickering<br>1915 Placer Street, Redding, CA 96001 | Tel: 530-241-5811<br>Fax: 530-241-3145 | Counsel for Defendant Evans Appraisal Services, Inc. |
| Pickering Law Corporation<br>Jerrald Pickering<br>PO Box 992200, Redding, CA 96099 | Tel: 530-241-5811<br>Fax: 530-241-3145 | Counsel for Defendant Evans Appraisal Services, Inc. |

**THE RYAN FIRM**
A Professional Corporation

Proof of Service

☒ **BY MAIL** (Code Civ. Proc. § 1013(a))—I deposited such envelope(s) for processing in the mailroom in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 25, 2011, at Anaheim, California.

_Jody McLain_
JODY MCLAIN

THE RYAN FIRM
A Professional Corporation

# THE RYAN FIRM
**A Professional Corporation**
1100 North Tustin Avenue, #200
Anaheim, California 92807

Timothy M. Ryan
Barry G. Coleman
Austin T. Beardsley
Michael W. Stoltzman, Jr.
Daniel J. Lee

Telephone (714) 666-1362
Facsimile (714) 666-1443
http://www.theryanfirm.com

# FACSIMILE TRANSMISSION COVER SHEET

**TO:**  Timothy M. Ryan (Guest)

**DATE:**  November 16, 2011

**COMPANY:**  Residence Inn Marriott

**FAX NO.:**  **775-853-8805**

**PHONE NO.:**  775-853-8800

**RE:**  *Norman W. Allen v. Wilshire Credit Corporation, et al.*

**FROM:**  Anna L. Ramirez
THE RYAN FIRM

**No. of Pages:**
**(including this page)**

## FOLLOWING THIS COVER SHEET, PLEASE FIND:

- **Proof of Service of OSC re Contempt to James Brown, Carly Brashear, and Anthony Avila.**
- **Proof of Service of Exparte App to James Brown, Carly Brashear, and Anthony Avila.**

|  | This copy is for your information/file. |  | This is the document you requested |
|---|---|---|---|
|  | No action is required on your part |  | Please OK this before we mail the original |
|  | Unless you have corrections or questions, please sign this and return it to us ☐ by fax; ☐ by mail |  | Please phone us to discuss this matter |
|  | Please let us have your comments and suggestions | **X** | Hard copy ☐ will, ☒ will not follow by mail |

**NOTES:**  Per my discussion with Griselda, please deliver this document to Mr. Timothy Ryan when he arrives at the hotel this evening.  Thank you.

NOTICE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.  THANK YOU.

```
┌─────────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT            │
└─────────────────────────────────────────────┘

                          TIME : 11/16/2011 17:44
                          NAME : RYAN FIRM
                          FAX  : 7146661443
                          TEL  : 7146661443
                          SER.# : BROM5J395248
```

```
┌──────────────────────────────────────────────────────────────────────────┐
│     DATE,TIME              11/16  17:43                                     │
│     FAX NO./NAME           17758538805                                      │
│     DURATION               00:01:03                                         │
│     PAGE(S)                03                                               │
│     RESULT                 OK                                               │
│     MODE                   STANDARD                                        │
│                            ECM                                             │
└──────────────────────────────────────────────────────────────────────────┘
```

EXHIBIT 2

1  Timothy M. Ryan, Bar No. 178059
   Austin T. Beardsley, Bar No. 270046
2  THE RYAN FIRM
   A Professional Corporation
3  1100 N. Tustin Avenue, Suite 200
   Anaheim, California 92807
4  Telephone (714) 666-1362; Fax (714) 666-1443

5  Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee
6  for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas
   limited partnership, successor by merger to Wilshire Credit Corporation, erroneously
7  sued as BAC Home Loan Servicing, LLP

**FILED**

DEC 1 4 2011

LASSEN COUNTY SUPERIOR COURT
R. REED, CHIEF ADMIN. OFFICER
By_____ Deputy

8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LASSEN

10

11  NORMAN W. ALLEN,                          ) LEAD CASE NO.: 45679
12                                            ) (Consolidated with Case No. 50324)
              Plaintiff,                      ) Unlimited Jurisdiction
13                                            ) Date Action Filed:   Unknown.
    vs.                                       )
14                                            ) Assigned for All Purposes to
15  SUMMIT FINANCIAL GROUP;                   ) Hon. Raymond J. Girdano, Judge
    DANA CAPITAL CORP.; STEVE                 ) Dept. 6
16  WEICH; ROD HOSILYK; DWIGHT                )
    A. BENNETT; JUDITH A. ST. JOHN;           ) [PROPOSED] AMENDED ORDER
17  WILSHIRE CREDIT                           ) APPOINTING RECEIVER AND
    CORPORATION; EVANS                        ) PRELIMINARY INJUNCTION
18  APPRAISAL SERVICES, INC.; and             )
    DOES 1–10,                                )
19                                            )
20         Defendants.                        ) Date:       December 15, 2011
                                              ) Time:       10:30 a.m.
21  NORMAN W. ALLEN,                          ) Dept:       6
                                              ) Trial Date: None set.
22         Plaintiff,                         )
                                              )
23  vs.                                       )
                                              )
24  T.D. SERVICE COMPANY; WELLS              )
25  FARGO BANK, N.A., as Trustee for          )
    the MLMI Trust Series 2005-HE3; and       )
26  DOES 1–10,                                )
                                              )
27         Defendants.                        )
                                              )
28  WELLS FARGO BANK, N.A., as               )

                                    1
─────────────────────────────────────────────────────────────
                    [Proposed] Amended Order Appointing Receiver

12/15/2011  12:05    7146661443                    RYAN FIRM                              PAGE  02

Trustee for MLMI Trust Series 2005- )
1   HE3; and BAC HOME LOANS          )
    SERVICING, LP, a Texas limited   )
2   partnership, successor by merger to )
    Wilshire Credit Corporation,     )
3   erroneously sued as BAC Home Loan )
    Servicing, LLP,                  )
4                                    )
5              Cross-Complainants,   )
                                     )
6   vs.                              )
                                     )
7   NORMAN W. ALLEN; DWIGHT A.       )
    BENNETT; JUDITH A. ST. JOHN;     )
8   EVANS APPRAISAL SERVICES;        )
    INC.; and ROES 1–10,             )
9                                    )
10             Cross-Defendants.     )
                                     )
11  _____ )
    AND ALL OTHER CROSS-             )
12  ACTIONS                          )
                                     )
13

14          Application having been made on behalf of Defendant/Cross-Complainant Wells

15  Fargo Bank, N.A. ("Wells Fargo"), and good cause appearing therefore,

16          **IT IS ORDERED THAT:**

17          1.      Vicki Lozano be and hereby is appointed Receiver in this action;

18          2.      Within 1 business day of entering upon her duties as a receiver, she shall

19  take the oath, and within 5 business days of entering upon her duties shall file herein a

20  bond, with surety thereon approved by this court, in the sum of $ *10,000°°—PM*

21  conditioned upon the faithful performance of her duties as receiver;

22          3.      Said Receiver be and the same hereby is immediately empowered and

23  directed to take possession and control over the real property which is the subject of this

24  action, which property bears the Assessor's Parcel Numbers 099-260-69 (the "40 Acres")

25  and 099-260-70 (the "14.03 Acres") (collectively, the "Subject Property") and  legally

26  described as set forth in Exhibits 1 and 2, respectively, attached to this order and

27  incorporated by this reference;

28  ///

THE RYAN FIRM
A Professional Corporation

2

4.      Said Receiver is authorized and directed:

(a)      To take immediate possession and control of the Subject Property and to demand, receive and check all rents, issues, profits and income therefrom, and all other monies arising from the Subject Property, to collect debts and compromise same, and to perform all acts respecting the Subject Property which the court may authorize;

(b)      Within thirty (30) days from the date hereof, to file with this court a true and accurate inventory of the Subject Property;

(c)      To apply and disburse rents, issues, profits and income and all other monies arising from the Subject Property, monthly or more often, to the following expenditures, in such order of priority as said Receiver shall determine:

(i)      To pay all expenses and charges of the Receiver in the conduct of her office;

(ii)     To pay expenses reasonably necessary or incidental to the continued operation, care, preservation and maintenance of the Subject Property to insure that the tenants thereof shall be supplied with uninterrupted service;

(iii)    To pay all expenses incurred for repairs, alterations and improvements of the Subject Property reasonably necessary or incidental to keep the Subject Property in rentable and usable condition;

(iv)     To pay all general and special property taxes and assessments upon the Subject Property now due or to become due;

(v)      To make leasehold payments now due or to become due in the event the Subject Property is subject to a ground lease;

(vi)     To pay for property and liability insurance for the Subject Property in the event existing coverage is absent or

3

THE RYAN FIRM
A Professional Corporation

THE RYAN FIRM
A Professional Corporation

insufficient;

(vii)   To pay all remaining sums towards the indebtedness Plaintiff/Cross-Defendant Norman W. Allen ("Allen") owes to Wells Fargo under the Deed of Trust that all parties agree should have encumbered the 14.03 Acres, and any senior deeds of trust, and thereafter to pay all liens and encumbrances secured by the 14.03 Acres in the order of their priority. Payment of those installments totaling less than the total delinquency owing shall not be deemed a waiver of the right of Wells Fargo to proceed with or complete judicial or non-judicial foreclosure;

(d)     To take and hold possession of the Subject Property, and to make, cancel, extend or modify leases, obtain or eject tenants, set or modify rents and terms of rent, and to collect all or any part of the rents, issues and profits; and said Receiver is further authorized to expend out of the rents, issues, profits and income such sums as said Receiver shall deem reasonable for the purpose of advertising the Subject Property for rent or lease.

5.      The Receiver shall have thirty (30) working days to investigate and to determine whether or not there exists upon the Subject Property insurance coverage, and during such period said Receiver shall not be responsible for claims arising for the procurement of insurance;

6.      The Receiver shall have thirty (30) working days to investigate and to determine the financial condition of the stable/riding business on the 40 Acres. If, in the Receiver's sole professional opinion and discretion, the financial affairs of said business is such that a Receivership would merely present a drain of resources, then the Receiver may, at her sole option, inform the Court of her resignation in conjunction with an accounting of any sums collected by the Receiver, and the Receiver shall be discharged

4

1   from all duties and liability upon the following terms:

2           (a)    the receivership estate will terminate upon the Receiver's filing of a

3       notice of resignation with this Court and the return of all property collected

4       under the authority of this order, and the Receiver will be formally

5       discharged of all further duties, liabilities, and responsibilities in this

6       matter;

7           (b)    all of the acts, transactions of the Receiver for the receivership

8       period will be confirmed, ratified and approved as being right and proper

9       and in the best interests of the receivership estate and the parties to this

10      action;

11          (c)    any fees and expenses by the Receiver shall be recoverable, in the

12      Court's discretion, upon separate application by the Receiver and supported

13      by declaration or affidavit;

14          (d)    any bond filed by the Receiver will be exonerated;

15      7.    The Receiver is authorized to employ agents, employees, clerks, attorneys

16  and accountants, and to pay for same at ordinary and usual rates and prices out of funds

17  which shall come into his possession as Receiver and to do all things and to incur the

18  risks and obligations ordinarily incurred by owners, managers and operators of similar

19  commercial properties, and no risk or obligation so incurred shall be the personal risk or

20  obligation of the Receiver, but a risk and obligation of the Receivership Estate;

21      8.    Defendants/Cross-Defendants Dwight A. Bennett ("Bennett"), Judith St.

22  John ("St. John"), and Allen, and/or their agents, are to relinquish possession of the

23  Subject Property to the Receiver upon her appointment becoming effective hereunder,

24  and shall not collect further rents.  Furthermore, no person, including but not limited to:

25  (a) Anthony Glenn, aka Anthony Glen, aka Anthony Avila, (b)James Brown, (c) Michelle

26  Newkirk, (d) Dwight Bennett, and (e) Carlee Brasier aka Carlee Brazier shall attempt to

27  occupy, or otherwise enter the Subject Property without the express consent of the

28  appointed Receiver.  The Lassen County Sheriff, or any other law enforcement agency

THE RYAN FIRM
A Professional Corporation

5

Case 11-40155    Filed 04/02/12    Doc 178

1    with jurisdiction over the Subject Property is directed to immediately remove the above

2    named persons and any person who enters the Subject Property without the express

3    consent of the Receiver. Any such further rents received by Bennett, St. John, Allen

4    and/or their agents shall immediately be turned over to the Receiver by them;

5        9.     Bennett, St. John, Allen, their agents, employees, servants, assignees, and

6    persons acting in concert with them shall fully cooperate in turning over all property,

7    including books and records thereof wherever located, to the Receiver; and that prior to

8    such turnover and thereafter, pending further order of this Court, said persons and each of

9    them, shall take no action of any kind with respect to the operation of the Subject

10    Property;

11       10.     Said Receiver is to hold all additional proceeds derived from the Subject

12    Property heretofore described, less all costs, expenses and payments authorized herein

13    until further Order of this Court, including judgment decreeing who is entitled thereto;

14       11.     The Receiver shall be authorized to prepare periodic interim statements

15    reflecting the Receiver's fees, and administrative costs and expenses incurred for said

16    period in the operation and administration of the Receivership Estate herein. Upon

17    completion of said interim statement, and mailing said statement to the parties' respective

18    attorneys of record or any other designated person or agent, the Receiver shall pay from

19    Estate funds, if any, the amount of said statement. Despite periodic payment of

20    Receiver's fees, and administrative expenses, said fees and expenses shall be submitted to

21    the court for its approval and confirmation, in the form of either a noticed interim request

22    for fees, stipulation among all the parties, or Receiver's Final Account and Report;

23       12.     Bennett, St. John, Allen, their respective agents, servants, employees,

24    assignees, successors, representatives, and all persons acting under, in concert with, or for

25    them, are restrained and enjoined during the pendency of this action from engaging in,

26    committing or performing, directly or indirectly, any or all of the following acts:

27          (a)     Demanding, collecting, receiving, or in any other way diverting or

28          using any further rents, issues, profits or income from the Subject Property;

**THE RYAN FIRM**
A Professional Corporation

[Proposed] Amended Order Appointing Receiver

(b)   Committing or aiding or abetting any waste on the Subject Property or any part thereof, or committing or aiding or abetting any act on said premises or any part thereof in violation of law, or removing, transferring, encumbering or otherwise disposing of the Subject Property, or any of the fixtures presently on the Subject Property or any part thereof, without further Order of this Court so permitting;

(c)   Interfering with, hindering or molesting in any manner whatsoever the Receiver in the performance of the Receiver's duties herein described or in the performance of any duties incidental thereto.

13.   Bennett, St. John, and Allen are hereby ordered to pay over to the Receiver any monies presently held by them, whether jointly or severally, that have been received as refundable deposits for the Subject Property;

14.   The Receiver is empowered to establish bank accounts at any bank as the Receiver may determine;

15.   Wells Fargo shall immediately file an applicant's bond under *Code of Civil Procedure* section 566(b) in the amount of $_____.

~~16.   ORDER TO SHOW CAUSE RE CONFIRMATION:~~

~~Pursuant to Rule 3.1176 of the *California Rules of Court*, requiring that a confirmation hearing take place within fifteen (15) days of the issuance of this order, The parties hereto are hereby ordered to appear on _____, at _____ in Department _____ of this Court, located at _____ to show cause, if any they have, why the Appointment of the Receiver should not be confirmed.~~

Wells Fargo is to serve this order and related documents upon all adverse parties pursuant to *California Rules of Court*, rule 3.1176(b).

DATED: 12/15/2011

_____
JUDGE OF THE SUPERIOR COURT

7

THE RYAN FIRM
A Professional Corporation