Case 11-40155    Filed 06/19/12    Doc 186

FILED
June 19, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004294978

5

Carolyn Chan sbn147978
2485 Notre Dame B. Ste. 370
Chico, CA 95928
Telephone: 530.359.8810

Attorney for

Dwight Bennett

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.

| In re | Case No.: 11-40155-A-7 |
|---|---|
| | DEBTOR DWIGHT BENNETT'S |
| | SUBMISSION OF AMENDED |
| DWIGHT A. BENNETT | EXEMPTION CLAIMS, SCHEDULE C |
| | |
| Debtor. | Date: 07/02 /2012 |
| | Time:10:00  Dept: Ctr 28 |
| _____/ | |

BACKGROUND OF THE CASE

1. New discovery in this case coupled with the actions of the Wells Fargo attorney Timothy Ryan have compounded the issues in debtor's case, including the ability to "list" the proper, reasonable exemptions.

Recently the Trustee and debtor, attempted to set up with

_____
Debtor's Submission of Amended Exemption Claims

the Wells Fargo "Receiver", the ability to view the remaining personal property of the debtor. The Ryan law firm would not allow a viewing of the remaining property by debtor and stated the condition: The trustee could "only" hand carry outside, the items that debtor would list, to be carried outside the premises.

The Trustee seriously objected to this demand and refused to engage in such nonsensical actions.

Debtor is left to GUESS as to what personal property he could exempt.

**NEW ADDITIONAL DISCOVERY**

Recently it came to light that the rescue which TOOK the debtor's horses in August 2011 by the Ryan "Receiver" [by illegal seizure] announced that the Wells Fargo attorney Ryan, purposely told the rescue that debtor filed bankruptcy AFTER the horses were transferred to the rescue.

This was completely FALSE, and Ryan knew it. This thus created a stay violation by Ryan. Debtor believed that the rescue (Grace Foundation) was paid $40,000 up-front and possibly more, BY Wells Fargo to take the animals in the seizure. Since the seizure was illegal, but Ryan knowingly enacted the transfer of the debtor's horses despite knowing about the bankruptcy, this means that there is yet another potential legal issue for which debtor may have to claim (on Schedule C.)

Furthermore, because Ryan's "Receiver" claimed the seizure for the horses was based on exigent medical condition (which was *not* true), this became a Penal Code issue of alleged abuse, thereby causing such animals to be evidence in a criminal case. Grace *could not* sell such animals, adopt out or otherwise interfere with their legal status. On information and belief, debtor believed that Grace may have transferred, sold, or moved debtor's animals. Ryan had previously rejected the debtor's request to inventory the horses in October and *refused to allow* debtor to identify the horses.

Debtor will need to get an inventory of the horses to determine *if a claim is needed* against Grace for conversion of any animals, and to determine if any can be exempted (if they are in fact still alive, etc.)

Grace Foundation (the rescue) is now claiming that Ryan owes Grace $350,000 for the care of the animals due to fraud and misconduct. Grace Foundation has also asserted truthfully that Ryan represented both the banks (Wells Fargo and Bank of America) and also claimed that he represented the Grace Foundation as well, in a clear conflict of interest (since the banks supposedly paid Grace to take/transfer debtor's horses illegally.)

3

Debtor thus requests:

1. That he be allowed additional time to modify his Schedule C document with the appropriate State exemptions;

2. That the Court order the Ryan firm to allow debtor to view his own remaining personal property in person in order to reasonably see and determine what items he may exempt;

3. That the Ryan firm not interfere, nor cause the "Receiver" to prohibit an onsite inventory requested by debtor's counsel, to have debtor's horses inventoried and examined by certified humane officers for purposes of determining debtor's owned property in the temporary custody of the Grace Foundation of Northern California. Without this inventory the debtor cannot reasonably determine which animals [if they are even there] may be exempted. There is no court order that prohibits debtor from viewing animals.

4. That the Court allow at least 14 days for the viewing of the personal property and the inventory to take place.

Respectfully submitted,

Dated: June 18,2012        By:  /s/ Carolyn Chan
                                Attorney for Dwight Bennett