UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | |
|---|---|
| Case Title : | Dwight Alan Bennett |
| Case No : | 11-40155 - A - 7 |
| Date : | 7/2/12 |
| Time : | 10:00 |

| | | |
|---|---|---|
| Matter : | [182] - Objection to Debtor's Claim of Exemptions [SMD-1] Filed by Trustee Susan Didriksen (bons) | UNOPPOSED |

Judge : Michael S. McManus
Courtroom Deputy : Janice Busch
Reporter : Diamond Reporters
Department : A

APPEARANCES for :
**Movant(s) :**
(by phone)   Trustee - Susan Didriksen
**Respondent(s) :**
(by phone)   Creditor's Attorney - Timothy Ryan

OBJECTION was :
Sustained
See final ruling below.

ORDER TO BE PREPARED BY :   Movant(s)

Final Ruling: The objection will be sustained.

The trustee objects to a series of exemptions claimed by the debtor pursuant to 11 U.S.C. § 522(d).

The debtor filed two responses to the motion, one on June 19 and the other on June 23. In the June 19 response, the debtor agrees that the exemption statutes cited in his Schedule C do not entitle him to the claimed exemptions. He asks for time to file an Amended Schedule C, for an order directing the Ryan law firm to allow him to view his personal property in person so he can determine what items he may exempt, asks the court to order the Ryan firm not to interfere with the debtor's efforts to inventory and inspect his property, including horses, and asks for 14 days to view and inventory his personal property.

The June 23 response makes allegations about improprieties committed by the Ryan firm and Wells Fargo Bank. But, as this response is untimely because it was filed only nine days prior to the hearing, it will be stricken.

Turning to the merits of the motion, California has opted out of the federal exemption scheme contained in the Bankruptcy Code. See e.g., In re Gose, 308 B.R. 41, 44 (B.A.P. 9th Cir. 2004). Hence, the debtor's reliance on the federal exemption scheme is misplaced. The court will sustain the objection to the exemption claims referenced by the trustee, including:

- home on 40 acres, exemption pursuant to 11 U.S.C. § 522(d)(1);
- 1988 Ford F250, exemption pursuant to 11 U.S.C. § 522(d)(2);
- household furnishings, exemption pursuant to 11 U.S.C. § 522(d)(3);
- clothes, exemption pursuant to 11 U.S.C. § 522(d)(3);
- sporting goods, guns and fishing poles, exemption pursuant to 11 U.S.C. § 522(d)(3);
- western saddle, bridle and two pack saddles, exemption pursuant to 11 U.S.C. § 522(d)(6);
- hand and power tools, exemption pursuant to 11 U.S.C. § 522(d)(6); and
- jewelry, exemption pursuant to 11 U.S.C. § 522(d)(4).

The court will order no other relief. The Bankruptcy Code and Rules do not place any restrictions on the debtor to amend his schedules, including his Schedule C. It is unnecessary for the court to give the debtor time to file an Amended Schedule C.

As to the remaining relief requested by the debtor, the court cannot award any of it in connection with his opposition to the objection. The debtor should file his own motion or proceeding as is necessary.

The objection will be sustained.