```
3
Carolyn Chan sbn147978
2485 Notre Dame Blvd. Ste. 370
Chico CA 95928
Tel. 530.359.8810


Attorney for
Dwight Bennett
```

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.

In re

DWIGHT BENNETT,

    Debtor.

_____/

Case No.: 11040155-A-7
DECLARATION OF CAROLYN CHAN IN SUPPORT OF DEBTOR'S MOTION TO OBTAIN PERSONAL PROPERTY, INVENTORY AND RELOCATE DEBTOR'S ANIMALS; ATTORNEY FEES

Date: _____
Time: _____     Dept: Ctr 28

I, Carolyn Chan, attorney of record for Debtor herein, hereby declare as follows:

I have been sent pictures of Debtor's property from the Chapter 7 Trustee, taken by her at the former residence of Debtor. While such property may or may not currently remain on the property, Chapter 7 Trustee directly informed me that under no circumstances would she be commanded to hand carry any of Debtor's property anywhere as it was completely unreasonable.

The Ryan Firm told the Chapter 7 Trustee that this was the only way Debtor could get his property apparently. There is no reason I should have to file any motion for debtor to be able to take his own property, but due the Ryan Firm creating this issue, I believe I am now forced to

---

push this issue forward simply because the Ryan Firm continues to use tactics which prohibit Debtor from obtaining his own personal property.   Ryan tries to blame the alleged "Receiver" which he controls, but the "Receiver" has no authority under a rents and profit (even if valid) to withhold Debtor's property. Please see Points and Authorities.

I can find no legal reason for either the Ryan Firm nor the "Receiver" to withhold Debtor's property.  Making ridiculous commands for the Trustee to physically hand carry each item is pure insanity.

As for the request to have Debtor's animals relocated by a non profit SPCA with Humane Officers, registered with and in compliance with the Attorney General's compliance requirements, coupled with both of The Grace Foundation's attorneys admitting they know that The Grace Foundation has NO ownership of Debtor's animals, that both of the attorneys want the animals "abandoned" and both attorneys and CEO De Caprio agree that Grace Foundation is near insolvency, it would seem to be logical, reasonable, and elementary that the Debtor's animals should be removed from The Grace Foundation because they are in "imminent danger" according to the Grace Foundation attorney, of being not fed as of August 3, 2012.

I directly asked Ms. Sheridan as to her written statement, that the Debtor's horses "as of August 3, 2012, the Foundation will no longer provide food and care for them"– if she was serious about the statement made— and her direct, curt answer was "that's what it says doesn't it?".........to which I told her, for an animal rescue group to make that statement does not bode well considering the work that rescues do. *Furthermore, to claim that the animals are in imminent danger while in Grace's care was an admission that such animals are subject to peril and thus exigent circumstances of not being fed.*

Therefore, there is no reason why such animals should NOT be relocated.  Relocation solves the problem of Grace not feeding them; it solves the issue of trying to prove abandonment when no such process is even needed; it solves the issue of costing Grace more money; and it obviously indicates that Grace's attorney does not want to keep the animals, or why else would she issue such a statement to nearly 30 entities, including senators, assemblymen and women, board of supervisors, etc.. that have NOTHING to do with the case?

Furthermore, relocation mitigates Grace's damages and since Grace has no legal right to sell, give away or otherwise convert Debtor's animals, it is apparent that Grace keeping the animals is downright foolish, and Grace simply cannot afford it according to Grace's own admissions.

I am not requesting fees or costs from The Grace Foundation at this time, however I am requesting the relocation of Debtor's animals which makes logical sense, and cuts across the purported confusion of Grace's attorneys who do not seem to understand search and seizure law or due process violations associated therein. Grace has no reason to want to KEEP Debtor's animals *except to run up a higher bill than is already stated by Grace.*

My informal attempts to obtain an inventory of Debtor's animals has been met with refusal, as indicated by the letters sent out. This raises a red flag for me since in having investigated animal seizure cases in the past, it is a fact that many groups which take in animals upon seizure, do not follow the law that goes with the seizure, and will sell, give away, adopt out or otherwise convert the animals which are not their property. This is a due process violation.

In this case, we have some information that this has already happened, and if so, we want to know about it. I am being prevented from obtaining an inventory for Debtor as to the seized animals, and no other lawful entity is entitled to take the animals. Moreover, since 3 attorneys (2 being Grace attorneys) agree that Grace has no ownership but even if she did, Grace is trying to "abandon" the animals, then I should be allowed to relocate the animals for the Debtor, who does own the animals, by using a non profit SPCA as outlined in my attached exhibits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date _08/05/12_____                                   __/s/__ Carolyn Chan, Esq.__
                                                      Attorney for Debtor, Dwight Bennett