08/03/2012 00:33 +18631570896 CHAN

Case 11-40155   Filed 08/07/12   Doc 198

FILED
August 07, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0004378135

# CAROLYN CHAN
## ATTORNEY AT LAW
2485 NOTRE DAME BLVD. STE. 370
CHICO CALIFORNIA 95928
530.359.8810 ~ 916.877.5297

August 3, 2012

Ms. Susan Sheridan
655 University Ave. Ste. 110
Sacramento CA 95825

**RE: GRACE FOUNDATION**

Dear Ms. Sheridan:

     I called you today approximately at 12:45 to discuss your notice sent out to a host of senators and law enforcement, assemblymen and assemblywomen, district attorneys, county counsel, Board of supervisors, and other government personnel that do not seem to have any direct connection to this case. In your notice dated July 31, 2012, I mentioned to you that it would appear that you are now counsel for the litigation, since the first amended complaint was also sent to me, and named Mr. Leviton as "co-counsel", leading one to believe that you were also litigation counsel. You then informed me that you were not litigation counsel and were representing Grace only as to the business aspect of her case.

     You informed me that you did not serve me with the complaint. I have no issue with that, even if true or not. For removal purposes, service with summons is not required as long as a copy of the complaint has been obtained. The purpose of my call was to make known the requested inventory of the animals is still proceeding in court, and that since you announced that Grace was apparently abandoning the animals as of "August 3, 2012, the foundation will no longer provide food and care for them", I felt it was necessary to offer the potential solution of having the USSPCO, a registered 501©)(3) charitable entity, take over the custodial care and temporary ownership of the animals that Grace is abandoning. Since these animals were illegally seized to begin with, it makes sense that a third party with an animal husbandry background and Certified Humane Officers can both inventory, assess and protect such animals, as well as find temporary custodial care for which the USSPCO would remain liable.

     Since Grace already understands the care and cost of keeping such animals, it is doubtful that any other groups with the credibility of the USSPCO would offer an equal solution. Furthermore, the USSPCO ensures that the owner of the animals will not gain possession of the animals since that would violate the current state order. Therefore, it is my belief that this offer and our position is a valid and sustainable solution to the apparent abandonment of your client as

to the animals, which was stated to be August 3, 2012, the day that they would no longer be able to provide food and care to them. While we doubt Grace would starve the animals to death due to lack of funds, it is essential that I bring up this issue for the bankruptcy case.

Therefore, as I informed you, I plan to file my motion to obtain the inventory of the animals and am asking for fees from Mr. Ryan for having to file the motion for varying reasons amounting to good cause. In addition, I will be contacting the El dorado Court to make them aware that I will be filing for notice of the bankruptcy stay and subsequent violation of the same by Mr. Leviton, despite his failure to serve me the complaint at all. I will be explaining to the state court that I believe this case belongs in Bankruptcy Court or at least Eastern District Federal Court for several reasons. The issues in this case are inherently linked to Bankruptcy issues, violation of the stay, and abuse of process, compounded by illegal seizure and state actor liability. By no means is this an uncomplicated case. Most attorneys requested $50,000 to $70,000 down due to the complexity of involving criminal, civil, animal and bankruptcy issues, plus the fact of receivership and mortgage banking law issues.

Thank you for speaking with me today.

Very truly yours,

*[signature]*

Carolyn Chan, Esq.
Attorney for Debtor Dwight Bennett

# CAROLYN CHAN
### ATTORNEY AT LAW
2485 NOTRE DAME BLVD, STE. 370
CHICO CALIFORNIA 95928
530.359.8810

June 22, 2012

Beth DeCaprio
Grace Foundation of Northern California
POB 4692
5800 Latigo Ln.
El Dorado Hills CA 95762

Ms. DeCaprio:

I am writing in regard to obtaining an immediate inventory of the horses you took from Wells Fargo Bank, Lassen County, or whomever claimed they had the right to give them to you last year when the owner had filed bankruptcy.
You admit to taking in animals that require more medical treatment, yet you consistently lament that you cannot afford to feed the animals you have in your possession.

You admit that you planned to take the Susanville voluntarily placed horses, of which there were approximately 20; you admit that you also agreed to take approximately 36 more horses, and those horses were seized by attorney Timothy M. Ryan, by claiming his "Receiver" was taking them for the county, but it was your group that was actually taking them, and were being paid to take them by the banks. It was you and your group that knew mares could/would be in foal when you obtained the illegally seized animals.

Mr. Ryan represented to the court that all of these seized horses were in exigent medical circumstances and needed to be *seized immediately*, yet you did not pick up those horses until *almost one month later*. Certainly that fact alone indicates those horses were not suffering medically to qualify for exigent circumstance seizure, which requires a post seizure hearing. There was no post seizure hearing nor was the owner of the horses allowed to even oppose the seizure nor present any witnesses.

Your taking of those animals and any subsequent selling, giving away, gelding or otherwise interfering with the animal's physical condition, which includes gelding or pregnancy termination, was clearly not allowed. Because you arranged to obtain these animals through dubious circumstances, it is believed that you may be held responsible for either selling, adopting or giving away any of the animals that were seized by Ryan's motion (which was not legal since he had no post seizure hearing and committed a fraud on the court.)

Further, it is understood that you took insider knowledge from one of the horse owners, and subsequently documents were transformed into evidence which is not only untrue, but could be illegal for the fact that they are based upon deceit. None of those documents can be used against the owner of the horses even though Mr. Ryan allegedly gave such documents to the District Attorney. In addition, it is far more than obvious that you personally created a video or videos which was intended to show the animal owner is a horrific light, by implying that he in fact, is charged with killing horses, and that the carcasses *of those horses* are on the ground in your video.

Anyone who has viewed your video would get that impression, even though the owner is not charged with killing any horses. Subsequently both you and attorney Ryan then took your video, or videos and transmitted them into the hands of other third parties, by passing it out online. The detriment caused by those video(s) is impossible to calculate, but it would be obvious that they created severe harm toward the owner, at the very least. You also sent this same video or videos out to online sources who then passed them forward online, with your statement that people should pass it out to everyone else. You obviously should have consulted with an attorney when you did this.

There is also the fact that you refused in October 2011, to allow the owner to see the animals so that they could be inventoried. Mr. Ryan *is not* actually your attorney, and you believe he is guilty of some misconduct. Therefore we are giving you direct notice since you do not have current counsel.

We will be setting up a date to inventory the horses, and for owner to identify which horses are missing, and then you will be required to prove their whereabouts. Failure to allow us to do this inventory will result in a court hearing whereupon you will be forced to show why such an inventory should not be done. You would be required to attend this hearing in Lassen County or possibly in Sacramento Federal District Court.

As those seized animals are part of a criminal case and are *therefore* evidence, and are still part of the debtor's assets (despite the court abandoning the animals)— you have no legal right to either sell, give away, adopt out or otherwise interfere with evidence in a case. The owner is innocent until proven guilty, the animals are part of his estate, and the bankruptcy court insists on us turning in the owner's modified bankruptcy schedules. The owner's schedules allows him to list whatever property he chooses to exempt, *and that includes the animals*, and offspring of the animals seized.

Despite what attorney Timothy M. Ryan or anyone else may have told you, you do not OWN the horses which were illegally seized (in court, July 2011) and you have never owned them. What you do have is temporary custodial care, but nothing more. Animal control appears not to have followed the proper procedure as required by California law, and you stated you agreed to take these seized animals, and that your "team" physically went to the property and were even PAID to take them, by either attorney Ryan, or the banks, or both. As you stated in your public notice to the public, you believe you have rights to sue attorney Ryan, Lassen County, and animal control. We are not debating who you will need to sue, but you will be sued if you do not allow the owner to set up the inventory just described.

I will allow 5 business days for your response which *should not* be via snail mail since I will not receive it in time. The publicity of this case will not work in your favor if you attempt to interfere with evidence that is involved in a criminal case, and as you readily admit, the animals are evidence involved in the case, and Stephen King is the criminal defense attorney. If you decide to hire counsel I suggest you quickly have your new attorney contact me *immediately*.

Very truly yours,

Carolyn Chan
Attorney for Owner D. Bennett

— GRACE
Refused to
Allow Inventory



LAW CORPORATION

SUSAN J. SHERIDAN
JOAN C. WOODARD
HEATHER R. MESSENGER

July 31, 2012

*Via Email and/or Certified Mail with Return Receipt Requested*

See attached list of addressees

    Re:    *Care of Whispering Pines Stables horses and foals*

Ladies and Gentlemen,

    We have been retained to represent The Grace Foundation of Northern California ("Foundation") in this matter. This letter will serve to put all of you on notice that the Foundation is no longer able to provide food and veterinary care to the 46 horses from the Whispering Pines Stables in Susanville, California. At this time, these horses are at the Foundation ranch and as of August 3, 2012, the Foundation will no longer provide food and care for them. These 46 horses (14 of which are foals born at the Foundation) are in imminent danger of no longer being cared for as the Foundation resources have been depleted in providing the food and care to them since August 26, 2011. If these horses and foals are not removed from the Foundation ranch in the very near future, the 150 other animals at the Foundation ranch will also be in imminent danger due to the total depletion of all Foundation resources and its anticipated bankruptcy.

    For your information, attached is the First Amended Complaint in the Case No. 20120382 filed in El Dorado County on July 25, 2012.

    This will also serve as our demand that Lassen County, Wells Fargo Bank, N.A., Bank of America, N.A., and Vicki Lozano immediately indemnify the Foundation for any and all expenses, which have been incurred to date by the Foundation for the feeding and care of the horses and foals. Attached is a spreadsheet documenting the expenses incurred by the Foundation to date. We will provide all back up documentation on request.

    Please contact me if you have any questions.

Sincerely,

Susan J. Sheridan

SJS:mms
Cc: Beth DeCaprio

G:\G\Grace Foundation\Ltr re care of horses and foals_073112

655 University Avenue
Suite 110
Sacramento, CA 95825-6746

VOICE: (916) 488-5388
FAX:   (916) 488-5387
EMAIL: ssheridan@sheridanlawcorp.com
WEB:   www.sheridanlawcorp.com

Case 11-40155 Filed 08/07/12 Doc 198

7/29/2012
Grace Foundation - Totals of All Three Spreadsheets

| Description | Amount | Total |
|---|---:|---:|
| Daily Board and Care of Susanville Horses from 8/26/2011 Through 7/31/2012 | | $249,520.00 |
| Medical Care of Susanville Horses from 8/26/2011 Through 7/31/2012 | | |
| Sub-Total initial Medical Intake Costs | $17,805.00 | |
| Sub-Total of Supplemental Feed | $17,880.00 | |
| Sub total of Medical Costs for the initial 34 | $30,882.00 | |
| Sub Total of the medical costs associated with the continuing care of the horses and the birthing of the 16 foals. | $73,700.00 | |
| | | $140,267.00 |
| Grand Total on One Time Costs already Paid by Grace Foundation through July 31, 2012 | $145,486.00 | |
| Total of Lost Opportunities and other costs that need to be funded | $307,379.00 | |
| Total Back Salaries for Executive Director Beth | $103,666.00 | |
| Total Back Salaries for key staff most of which have worked nearly full time at the Foundation since the Susanville horses have been at Grace Foundation | $222,800.00 | |
| Sub Total | | $779,331.00 |
| Grand Total | | $1,169,118.00 |