08/03/2012 21:26 +18631570896 CHAN

Case 11-40155 Filed 08/07/12 Doc 200

FILED
August 07, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004378137

87. The reasonable value of the services is at least $2 million, which is the responsibility of all Defendants, and each of them, jointly and severally.

## SECOND CAUSE OF ACTION

(Fraud)

**(Against the Banks, Ryan, The Ryan Firm, and Does 1 – 10, inclusive (collectively, "Fraud Defendants"))**

88. Plaintiff incorporates by reference paragraphs 1- 82, and 84 – 87, inclusive, of this First Amended Complaint as if fully set forth.

89. The Fraud Defendants, and each of them, knew that on August 26, 2011, when they purported to convey ownership of the Whispering Pines Horses to Grace, that ownership of them could not be conveyed to Grace at least because of Bennett's bankruptcy filing.

90. The Fraud Defendants, and each of them, knew on August 26, 2011, when they purported to convey ownership of the Whispering Pines Horses to Grace, that Grace's obtaining ownership of the horses on August 26, 2011 was a material term and condition of Grace's accepting care for the horses, and without ownership, Grace would not have accepted the horses.

91. Knowing that Grace would not accept the horses without ownership, the Fraud Defendants, and each of them, lied to Grace and represented to Grace that the transfer on August 26, 2011 included ownership of the horses. The Fraud Defendants knew that if they did not lie about this critical fact, Grace would not accept the horses.

92. The Fraud Defendants, and each of them, intended Grace to rely on its misrepresentation as to the ownership of the horses.

93. Grace, in fact, reasonably relied on this material misrepresentation. Throughout its negotiations with the Fraud Defendants, Grace made clear the essential role ownership of the horses played in Grace's accepting the horses. Moreover, by this time, Grace developed a trust in Ryan, as Ryan appeared to be acting in the best interests of the horses. Grace now believes and thereon alleges that Ryan induced Grace into trusting him so that he could obtain benefits for his clients, the Banks, without any regard for Grace or the horses.

94. The harm to Grace and the horses from this fraud borders on unimaginable. Not only is Grace teetering on the brink of bankruptcy, but the well being of the horses has been significantly jeopardized. Mares have needlessly, and in some cases, dangerously, been forced to carry pregnancies to term, sometimes with tragic outcomes, either to the mare or the foal, or both. Grace's resources have been completed depleted. And this could have all been avoided had the Fraud Defendants simply told the truth from the outset.

95. The Fraud Defendants' fraud has been a substantial factor in the harm caused to Grace and the horses. Grace estimates that its actual, compensatory damages will exceed $2 million, subject to prove at trial.

96. Grace is informed and believes and thereon alleges that the Fraud Defendants acted solely or substantially because of their greed. Had the Fraud Defendants not transferred control of the horses to Grace, the Banks would still be bearing the costs associated with the horses' care, either as the parties requesting the instatement of a receiver and/or pursuant to an express indemnity agreement with Lozano. Under this scenario, rather than Grace incurring $2 million plus in costs, the Banks would have bore this expense. Moreover, had the Banks been required to pay private parties to care for the horses, the care would have been even more expensive.

97. Because of this fraud, and the harm caused thereby, Grace is entitled to punitive damages against the Fraud Defendants, and each of them, in an amount sufficient to punish them and to deter similar misconduct in the future.

### THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### (Against Ryan, The Ryan Firm, and Does 11 – 20, inclusive (collectively, "Ryan Defendants"))

98. Plaintiff incorporates by reference paragraphs 1- 82, 84 – 87, and 89 – 96 inclusive, of this Complaint as if fully set forth.

99. As Grace's attorneys, the Ryan Defendants owed Grace a fiduciary duty, including a duty of loyalty and a duty of care.

///

100. By engaging in the acts and/or omissions alleged herein, the Ryan Defendants breached their fiduciary duty.

101. The Ryan Defendants' acts, as alleged herein, have proximately caused damage to Grace in an amount to be determined at trial, but in an amount of no less than $2 million.

102. The Ryan Defendants committed the acts described herein oppressively, fraudulently, and maliciously, entitling Grace to an award of punitive damages against the Ryan Defendants in an amount appropriate to punish and make an example of them.

## FOURTH CAUSE OF ACTION

### (Legal Malpractice)

### (Against Ryan, The Ryan Firm, and Does 11 – 20, inclusive (collectively, "Ryan Defendants"))

103. Plaintiff incorporates by reference paragraphs 1- 82, 84 – 87, 89 – 96, and 99 - 101 inclusive, of this First Amended Complaint as if fully set forth.

104. The Ryan Defendants owed Grace a duty to use such skill, prudence, and diligence as members of the legal profession commonly possess and exercise on behalf of their clients.

105. The Ryan Defendants breached that duty, as alleged herein. By example only, and without limitation, the Ryan Defendants did not advise against the transfer of the horses to Grace on August 26, 2011, even though they knew or should have known that ownership of the horses was not being transferred to Grace, and that this was a material term of Grace's accepting of the horses. Thereafter, at no time did the Ryan Defendants advise Grace to seek reimbursement from the Banks, or to otherwise protect its rights with respect to the Banks. Instead, the Ryan Defendants, to the detriment of Grace, favored its other clients, the Banks, and attempted to protect the Banks from any liability to Grace.

106. The Ryan Defendants' acts and/or omissions, as alleged herein, proximately caused harm to Grace, as alleged herein.

107. As a direct result of the Ryan Defendants' acts and/or omissions, Grace has been damages in an amount to be determined at trial, but in an amount no less than $2 million.

///

# FIFTH CAUSE OF ACTION

## (Rescission)

### (Against Lozano and Lassen County)

108. Plaintiff incorporates by reference paragraphs 1- 82, 84 – 87, 89 – 96, 99 – 101, and 104 – 105, inclusive, of this First Amended Complaint as if fully set forth.

109. Grace entered into the "Final Disposition" Agreement, Exhibit A hereto, with the good faith belief, based on the representations of the Banks, Ryan, Lozano, and Lassen County, that upon execution of the Final Disposition Agreement, Grace would own the subject animals. As alleged herein, Grace's ownership of the subject animals was both a material term of the Final Disposition Agreement and an essential precondition for Grace accepting custody and control of the subject animals.

110. As of August 26, 2011, the Banks and Ryan knew that Lozano and Lassen County could not transfer ownership of the subject animals to Grace.

111. As of August 26, 2011, Lozano and Lassen County either knew or should have known that neither could enter into the Final Disposition Agreement because Lozano did not have the legal authority to enter into the agreement. Although Lozano was a court-appointed receiver, she acted effectively as the Banks' agent and for the Banks' benefit with respect to the Whispering Pines Stables.

112. As of August 26, 2011, Grace neither knew nor should have known that neither Lozano nor Lassen County had the authority to enter into the Final Disposition Agreement. To the contrary, Ryan, Grace's attorney, was advocating for the prompt transfer of the subject animals to Grace, and (mis)lead Grace into believing that this transfer was legal. Grace did not have actual or constructive knowledge of Bennett's bankruptcy, and had no reason to inquiry further as to Lozano's authority to act.

113. Continued enforcement of the Final Disposition Agreement is legally unconscionable. As alleged herein, care for the subject animals exceeds $50,000 per month. Grace, as a non-profit foundation, simply does not have the financial resources to care for the animals going forward. To date, Grace has incurred substantial debt caring for the animals, and its own survival is in

24
COMPLAINT; DEMAND FOR JURY TRIAL

jeopardy, absent some form of immediate relief. But for the material misrepresentation regarding the ownership status of the animals, Grace would never have entered into the Final Disposition Agreement.

114. Lozano can be placed back into the status quo ante simply by the Court rescinding the Final Disposition Agreement and ordering Lozano to accept immediate custody of the subject animals, or in the alternative, to make arrangements with Grace or another third party for the immediate care of the subject animals, including paying for such care.

115. Although Lassen County has been named as a defendant in this action, Grace does not allege that Lassen County has ultimate responsibility for the subject animals. Lassen County served as the conduit through which the subject animals were transferred from Lozano, acting at the request of and for the benefit of the Banks, through Lassen County, to Grace. Moreover, Lassen County is a party to the Final Disposition Agreement. As such, although Lassen County is a necessary party to this rescission claim, Grace does not seek any monetary relief from Lassen County.

116. Grace either has given, or by this pleading gives, Lozano and Lassen County timely notice of its intent to rescind the Final Disposition Agreement.

117. Grace has not received anything of value from either Lozano or Lassen County in support of the Final Disposition Agreement. As such, there is nothing for Grace to return to either party upon the rescission of the Final Disposition Agreement.

118. With respect to the $40,000 in "donations" from Wells Fargo and B of A/BAC, each made it clear that these "donations" were just that, donations to Grace, and not legal consideration in support of the Final Disposition Agreement. As such, at least with respect to this rescission claim, Grace owes the Banks nothing, and there is nothing to return to either.

119. Grace is entitled to the immediate rescission of the Final Disposition Agreement, and an order directing Lozano either to take immediate custody of the subject animals, or arrange with Grace or another third-party to provide for the care of the subject animals and to pay the fair market value of such care.

///

## SIXTH CAUSE OF ACTION

### (Declaratory Relief - Abandonment)

### (Against Lozano, Lassen County, and Bennett)

120. Plaintiff incorporates by reference paragraphs 1- 82, 84 – 87, 89 – 96, 99 – 101, 104 – 105, and 109 – 119, inclusive, of this First Amended Complaint as if fully set forth.

121. When Lozano and Lassen County entered into the Final Disposition Agreement, neither had the authority to do so.

122. When Grace was induced to enter into the Final Disposition Agreement, it did so under a material mistake of fact, which is a ground for rescinding the agreement, as alleged herein. The effect of this is to render the Final Disposition Agreement null and void.

123. Absent the Final Disposition Agreement, Grace became a depositary of the subject animals, per Civil Code Section 1814, on or about August 26, 2011. *[handwritten: nature of loans not animals]*

124. By no later than September 2, 2011, Lozano, Lassen County, and Bennett knew that Lozano and Lassen County did not have the right to enter into the Final Disposition Agreement, and by no later than that date, should have resumed care, custody, and control of the Whispering Pines Horses purportedly subject to the Final Disposition Agreement. None did so on that date, or at any time thereafter until the present. *[handwritten: doesn't apply — Mostly for boarding + Kennel]*

125. Per Civil Code Section 1834.5, if the owner of an animal does not resume care, custody, and control of his or her animal within 14 days of the date on which such resumption of responsibilities is required, the animal is deemed abandoned. Lozano, Lassen County, and Bennett have long since abandoned the Whispering Pines Horses.

126. Pursuant to Code of Civil Procedure Section 1060, Grace seeks a determination and declaration as to whether the Whispering Pines Horses currently within its care, custody, and control have been abandoned within the meaning of Civil Code Section 1834.5. An actual controversy exists with respect to this issue at least among Grace, Lozano, Lassen County, and Bennett.

127. Pursuant to Code of Civil Procedure Section 1062.3, this claim is entitled to preference in the setting of a trial date, and Grace requests the earliest possible trial date.

*[handwritten: tabled 7 on complaint]*

## EIGHTH CAUSE OF ACTION

(Indemnification - Civil Code § 1833)

(Against Banks, Ryan, and Lozano)

128. Plaintiff incorporates by reference paragraphs 1- 82, 84 – 87, 89 – 96, 99 – 101, 104 – 105, 109 – 119, and 121 – 125, inclusive, of this First Amended Complaint as if fully set forth.

129. Banks, Ryan, and Lozano are "depositors" within the meaning of Civil Code Section 1814.

130. Banks, Ryan, and Lozano "voluntarily" deposited the subject horses with Grace, as a "voluntary" depositary.

131. Per Civil Code Section 1833, Banks, Ryan, and Lozano must indemnify Grace for all costs incurred as a result of Grace's care of the subject horses, and for all damages the deposit has caused Grace. To date, Grace has incurred at least $870,000 in costs caring for the subject horses, and expects its total costs to exceed $2,000,000.

132. Grace's damages will be subject to proof at trial.

**WHEREFORE**, Grace demands judgment against Defendants, and each of them, as follows:

1. For compensatory damages according to proof on Grace's first, second, third, fourth, and seventh causes of action;

2. For punitive and exemplary damages according to proof on Grace's second and third causes of action;

3. On its fifth cause of action, for a judicial finding that the Final Disposition Agreement should be rescinded, and is of no force and effect, and for an order requiring Lozano to assume immediate care, custody, and control of the subject horses, or in the alternative, to make arrangements with Grace or another third party to provide for the care of the subject horses, and to assume full financial responsibility for such care;

4. On its sixth cause of action, for a determination and declaration as to whether the subject horses have been abandoned;

5. On all causes of action, for attorney fees and costs, if applicable;

6. On all causes of action, for prejudgment interest on all amounts claimed; and

7. On all causes of action, for any other and further relief that the court considers just and proper.

Dated: July 25, 2012

LEVITON LAW GROUP, A P.C.
Stuart L. Leviton

By: _____
Stuart L. Leviton
Attorneys for Plaintiff
THE GRACE FOUNDATION OF NORTHERN CALIFORNIA

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury as to all causes of action so triable.

Dated: July 25, 2012

LEVITON LAW GROUP, A P.C.
Stuart L. Leviton

By: _____
Stuart L. Leviton
Attorneys for Plaintiff
THE GRACE FOUNDATION OF NORTHERN CALIFORNIA

# Exhibit A

ENDORSED FILED
JUL 2 9 2011

LASSEN COUNTY COURTS
By_____ Deputy

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LASSEN

| | |
|---|---|
| NORMAN W. ALLEN, <br><br>Plaintiff, <br><br>vs. <br><br>SUMMIT FINANCIAL GROUP; DANA CAPITAL CORP.; STEVE WEICH; ROD HOSILYK; DWIGHT A. BENNETT; JUDITH A. ST. JOHN; WILSHIRE CREDIT CORPORATION; EVANS APPRAISAL SERVICES, INC.; and DOES 1–10, <br><br>Defendants. | LEAD CASE NO.: 45679 <br>(Consolidated with Case Nos. 50324 & 46190) <br>Unlimited Jurisdiction <br>Date Action Filed:  Unknown. <br><br>Assigned for All Purposes to <br>Hon. Raymond J. Girdano, Judge <br>Dept. 6 <br><br>[PROPOSED] ORDER GRANTING DEFENDANT/CROSS-COMPLAINANT WELLS FARGO BANK, N.A.'S EX PARTE APPLICATION FOR AN ORDER AUTHORIZING THE RECEIVER TO SURRENDER EQUINES TO THE COUNTY OF LASSEN |
| NORMAN W. ALLEN, <br><br>Plaintiff, <br><br>vs. <br><br>T.D. SERVICE COMPANY; WELLS FARGO BANK, N.A., as Trustee for the MLMI Trust Series 2005-HE3; and DOES 1–10, <br><br>Defendants. | Date:    July 29, 2011 <br>Time:    10:00 a.m. <br>Dept.:   3 <br><br>Trial Date:  None set. |
| WELLS FARGO BANK, N.A., as | |

1

[Proposed] Order

|   |   |
|---|---|
| 1 | Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Cross-Complainants, |
| 6 | vs. |
| 7 | NORMAN W. ALLEN; DWIGHT A. BENNETT; JUDITH A. ST. JOHN; EVANS APPRAISAL SERVICES; INC.; and ROES 1–10, |
| 8 | |
| 9 | |
| 10 | Cross-Defendants. |
| 11 | AND ALL OTHER CROSS-ACTIONS |
| 12 | |

The Court, having considered the ex parte application of Defendant/Cross-Defendant Wells Fargo Bank, N.A., as Trustee for MLMI Trust Series 2005-HE3, for an order authorizing the Receiver to surrender the animals located on the real property located at 695-725 Highway 36, Susanville, CA 96130 (the "Subject Property") to the County of Lassen, having considered the arguments raised in support of an opposition to said application, and good cause appearing, hereby orders as follows:

IT IS ORDERED THAT the court appointed Receiver over the Subject Property, Vicki Lozano, is authorized to surrender any and all animals on or from the Subject Property to the County of Lassen.

IT IS FURTHER ORDERED THAT Defendant/Cross-Defendant Dwight A. Bennett ("Bennett"), his agents, servants, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for him, are restrained and enjoined during the pendency of this action from engaging in, committing or performing, directly or indirectly, any act to hinder, interfere, or otherwise meddle with the Receiver's surrender of animals subject to this order.

2

[Proposed] Order

THE RYAN FIRM
A Professional Corporation

IT IS FURTHER ORDERED THAT Bennett, his agents, servants, employees, assignees, successors, representatives, and all persons acting under, in concert with, or for him are to relinquish possession of the animals subject to this Order, and shall fully cooperate with the Receiver in her execution of acts performed under the authorization granted by this Order.

IT IS FURTHER ORDERED THAT the County of Lassen Department of Public Works may release any animals surrendered by the Receiver to its owner upon a sufficient showing by the purported owner of his or her ownership, and upon a sufficient showing by the purported owner that he or she can adequately care for the claimed animal.

IT IS SO ORDERED.

DATED: 7-29-11

*[signature]*
JUDGE OF THE SUPERIOR COURT
(Assigned)

r:\8045-1267 norman allen v. wilshire\case no. 45679\law & motion\ex parte application to surrender horses\proposed order.doc

3

{Proposed} Order

THE RYAN FIRM
A Professional Corporation

# Exhibit B

# DEPARTMENT of PUBLIC WORKS

County of Lassen 

**IILLAR**, *Director*
... orks/Transportation
ounty Engineer

Administration Building
707 Nevada Street, Suite 4
Susanville, CA 96130

530/251-8288
FAX: 530/251-2674
FAX: 530/251-2675

## LASSEN COUNTY ANIMAL CONTROL

Final Disposition of Animals at Whispering Pines Stables with a Physical Address of 695-725 Highway 36, Susanville, CA 96130. (APN 099-260-69 and 099-260-70)

Pursuant to court order dated 7/29/11, in the Lassen Superior Court, by Judge David A. Mason, the Receiver for above noted property was authorized to surrender any and all animals on or from property to the County of Lassen.

The animals detailed on Attachment A of Animal Inventory for Whispering Pines Stables are hereby surrendered to Lassen County Animal Control.

Dated: 6/26/11

Court Appointed Receiver

Vicki Lozano
Receiver

Further, the animals detailed on Attachment A of Animal Inventory for Whispering Pines Stables are hereby relinquished to the Grace Foundation of Northern California, an animal rescue and adoption organization.

The Grace Foundation of Northern Ca.
501(c)(3) ID# 52-2444981

Dated: 6/26/11

Beth DeCaprio
Chief Executive Officer

Dated: 6/26/11

County of Lassen

Peter C. Heimbigner
Public Works Deputy Director

Page 1 of 1

\\lan-nt4\deptshare\PWK\Public Works\2011 PW\BG-C-26 Animal Control\Whispering Pines\Surrender & Transfer Document - WP - 0811.doc

Animal Inventory for Whispering Pines Stables

| # | Name | Breed | Sex | Age(Yrs) | Color(s) | Surrendered | Removed |
|---|---|---|---|---|---|---|---|
| 1721 | Marbles | Pinto | F | 7 | Brown/White/Black | 8/26/2011 | 8/26/2011 |
| 1712 | Danni | | F | 10 | | 8/26/2011 | 8/26/2011 |
| 1707 | Moses | Burro | Gelding | 7 | Black | 8/26/2011 | 8/26/2011 |
| 1724 | Chico | Mustang | Gelding | 12 | Brown & White Paint | 8/26/2011 | 8/26/2011 |
| 1708 | Bunny | Draft | F | 9 | Flaxen Chestnut | 8/26/2011 | 8/26/2011 |
| 1722 | PJ | Arabian | F | 13 | Gray | 8/26/2011 | 8/26/2011 |
| 1750 | Blondie | | F | 8 | Palomino | 8/26/2011 | 8/26/2011 |
| 1718 | Nudge | | F | 6 | Buckskin | 8/26/2011 | 8/26/2011 |
| 1719 | Beauty | | F | - | Black | 8/26/2011 | 8/26/2011 |
| 1723 | Mischief | Fox-trotter cross | F | 4 | Chestnut | 8/26/2011 | 8/26/2011 |
| 1730 | Mischief II | Fox-trotter cross | F | 13 | Chestnut | 8/26/2011 | 8/26/2011 |
| 1713 | Tag Along | Fox-trotter cross | F | 5 | Palomino | 8/26/2011 | 8/26/2011 |
| 1727 | Specs | | F | 12 | Bay | 8/26/2011 | 8/26/2011 |
| 1702 | Euna | | F | 3 | Albino | 8/26/2011 | 8/26/2011 |
| 1742 | Babe | | F | 6 | Chestnut | 8/26/2011 | 8/26/2011 |
| 1745 | Tangles | Fox-trotter | F | 2 | Buckskin | 8/26/2011 | 8/26/2011 |
| - | Tangles II | Fox-trotter | F | - | Buckskin | 8/26/2011 | 8/26/2011 |
| - | Miss Margret | | F | - | Bay | 8/26/2011 | 8/26/2011 |
| - | Sallie May | Mustang | F | - | Dun | 8/26/2011 | 8/26/2011 |
| - | Butterfly | | F | - | | 8/26/2011 | 8/26/2011 |
| - | Peanut | | F | - | Dun | 8/26/2011 | 8/26/2011 |
| - | Cookie | | F | - | Flea Bitten Green | 8/26/2011 | 8/26/2011 |
| - | Bela | Mustang | F | - | Dun | 8/26/2011 | 8/26/2011 |
| - | Rogue | Appaloosa | F | - | Brown & White | 8/26/2011 | 8/26/2011 |
| - | Nana | | F | - | Brown & White Paint | 8/26/2011 | 8/26/2011 |
| - | Spice + foal | Mustang | F | 20 | Buckskin | 8/26/2011 | 8/26/2011 |
| - | Ali | | F | 14 | Bay | 8/26/2011 | 8/26/2011 |
| - | Bridgette | Mustang | F | - | Blonde | 8/26/2011 | 8/26/2011 |
| - | Princess | | F | - | Apple Gray | 8/26/2011 | 8/26/2011 |
| - | Goat 1 | | F | - | Gray | 8/26/2011 | 8/26/2011 |
| - | Goat 2 | | M | - | Gray | 8/26/2011 | 8/26/2011 |

Page 1 of 1

# Exhibit C

# DEPARTMENT of PUBLIC WORKS

*County of Lassen* 

RRY MILLAR, *Director*
Public Works/Transportation
County Engineer

Administration Building
707 Nevada Street, Suite 4
Susanville, CA 96130

530/251-8288
FAX: 530/251-2674
FAX: 530/251-2675

## LASSEN COUNTY ANIMAL CONTROL

Protective Custody of Animals at Whispering Pines Stables with a Physical Address of 695-725 Highway 36, Susanville, CA 96130. (APN 099-260-69 and 099-260-70)

Pursuant to court order dated 7/29/11, in the Lassen Superior Court, by Judge David A. Mason, the Receiver for above noted property was authorized to surrender any and all animals on or from property to the County of Lassen.

The animals detailed on Attachment B of Animal Inventory for Whispering Pines Stables are hereby surrendered to Lassen County Animal Control.

Court Appointed Receiver

Dated: 8/26/11

Vicki Lozano
Receiver

Further, the animals detailed on Attachment B of Animal Inventory for Whispering Pines Stables are hereby place in protective custody with the Grace Foundation of Northern California, an animal rescue and adoption organization, until a final disposition can be made by Lassen County concerning ownership.

The Grace Foundation of Northern Ca.
501(c)(3) ID# 52-2444981

Dated: 8/26/11

Beth DeCaprio
Chief Executive Officer

County of Lassen

Dated: 8/24/11

Peter C. Heimbigner
Public Works Deputy Director

Page 1 of 1

\\Anx-ntd\deptshare\PWK\Public Works\2011 PW\BG-C-26 Animal Control\Whispering Pines\Surrender & Transfer Document - WP - 0811.doc

ATTACHMENT B
Animal Inventory for Whispering Pines Stables
Protective Custody

| # | Name | Breed | Sex | Age(Yrs) | Color(s) | Surrendered | Removed |
|---|---|---|---|---|---|---|---|
| 1728 | Magic Shadow Dancer | Fox Trotter | F | 21 | Liver Chestnut Spotted | 8/26/2011 | 8/26/2011 |
| 1746 | Maple Hills Patches + foal | Fox Trotter | F | 13 | Black & White Spotted | 8/26/2011 | 8/26/2011 |
| - | Latigo's Mandan Prince | Fox Trotter | Stud | 9 | Black & White Spotted | 8/26/2011 | 8/26/2011 |
| - | Coyote Rose (Mama Mustang + foal) | Mustang | F | - | Bay | 8/27/2011 | 8/27/2011 |

Page 1 of 1