SHARON Z. WEISS, California Bar No. 169446
ELANA CUZZO, California Bar No. 276042
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:     (310) 576-2100
Facsimile:      (310) 576-2200
sharon.weiss@bryancave.com
elana.cuzzo@bryancave.com

Attorneys for
Bank of America, N.A., as successor by merger
to BAC Home Loans Servicing, L.P. ("BANA")

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 11-40155 |
| DWIGHT ALLAN BENNETT, | DC No. SZW-001 |
| Debtor. | Converted to Chapter 7 |
| | **APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON BANA'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Date:      TBD
Time:      TBD
Room:     Crtrm 28, Dept. A
Address: 501 I. St., Suite 3-200
               Sacramento, CA 95814 |

1  **TO THE HONORABLE MICHAEL S. MCMANUS, THE DEBTOR, THE DEBTOR'S**
2  **COUNSEL, THE CHAPTER 7 TRUSTEE, THE OFFICE OF THE UNITED STATES**
3  **TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

4      Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P.
5  ("BANA"), by and through its undersigned counsel, hereby moves the Court for entry of an order
6  shortening the time for a hearing on the attached motion for relief from the automatic stay (the
7  "Relief From Stay Motion").  (Attached as Exhibit 1 to BANA's Application For Order
8  Shortening Time, pursuant to Local Bankruptcy Rule 9014-1(f)).

9      As more fully set forth below, BANA requests shortened time to permit the state court to
10 rule on <u>Friday, November 16, 2012</u>, to decide what is appropriate for the transfer of ownership
11 and/or custody of the horses and their progeny rescued from Debtor's custody and control in 2011,
12 and to award any other relief against the Debtor the state court deems appropriate in connection
13 with the horses.  Without immediate relief from stay, the horses may suffer grave prejudice
14 because the Foundation currently caring for these horses can no longer properly care for them.  In
15 appropriate circumstances and for good cause, the Court may order that the amount of notice of a
16 hearing on a motion be shortened to fewer than fourteen days.  Local Bankruptcy Rule 9014-
17 1(f)(3).  This Motion is made pursuant to Bankruptcy Code Section 362(d), Federal Rules of
18 Bankruptcy Procedure 4001 and 9014, and Local Bankruptcy Rules 4001-1 and 9014-1.  This
19 application is made pursuant to Local Bankruptcy Rule 9014-1(f)(3) and is more fully supported
20 by the concurrently-filed Motion, the exhibits attached thereto, and on all the pleadings and papers
21 on file in this action.  BANA respectfully requests that the Court grant this application and enter
22 an order scheduling a hearing on the Motion for the earliest date possible **but in no event later**
23 **than the morning of Friday, November 16, 2012**.

24
25 Dated:    November 13, 2012        BRYAN CAVE LLP

26                                   By: _/S/ Sharon Z. Weiss_
                                         Sharon Z. Weiss
27                                    Attorneys for Defendants
                                      Bank of America, N.A., as successor by merger to
28                                    BAC Home Loans Servicing, L.P. ("BANA")

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  FACTS**

The State Court Action, filed September 18, 2007, arose from a lot line dispute between Debtor-Defendant Dwight A. Bennett and Plaintiff Norman W. Allen regarding real property located at 695-725 Highway 36, Susanville, CA 96130 (the "Property"). (*See, generally, Second Amended Complaint*, Ex. A.) Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. ("BANA") is a cross-complainant in the State Court Action and is the servicer on a loan secured by the Property that is the subject of the State Court Action. Although the Property was believed at one time to be a functioning ranch under the control of the Debtor, a receiver was appointed on July 11, 2011. The receiver discovered that the ranch animals, including numerous horses, were living under abhorrent conditions. On July 29, 2011, the state court entered an Order permitting the receiver to surrender the horses to Lassen County. The receiver surrendered the horses to Lassen County, and Lassen County relinquished the horses to a horse rescue organization, The Grace Foundation of Northern California (the "Foundation"), who agreed to care for the horses. The ownership, custody and care of the horses is the subject of a November 16 hearing set by the state court as a result of the Foundation's inability to continue properly caring for the horses.

**II.  THERE EXISTS GOOD CAUSE TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO BANA'S MOTION FOR RELIEF FROM STAY**

BANA seeks an order for relief from the automatic stay to allow the parties to the State Court Action to proceed with litigation in the non-bankruptcy forum for the limited purpose of permitting the state court to enter a valid order to decide what is appropriate for the transfer of ownership and/or custody of the horses and their progeny rescued from Debtor's custody and control in 2011, and to award any other relief against the Debtor the state court deems appropriate in connection with the horses. Debtor's estate holds no interest in the horses, as the Chapter 7 Trustee has abandoned interest in the remaining horses as assets of the bankruptcy estate and good cause exists to grant relief from the automatic stay in this case.

An expedited hearing on BANA's Motion for Relief From Stay is vital to preserving the

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS\936647.1\C076854\0333564         2
APPLICATION FOR ORDER SHORTENING TIME ON MOTION FOR RELIEF FROM STAY

1  well-being of the horses, since the state court may not be otherwise unable to enter a valid order at
2  the November 16th Hearing.  If relief from the automatic stay is not granted prior to the state
3  court's order, then the order may be void as a violation of Debtor's automatic stay.  Without an
4  order from this Court resolving the automatic stay issue before the November 16th Hearing, the
5  fate of over forty horses could be jeopardized. Only a prompt hearing for an order on shortened
6  time granting relief from the automatic stay prior to the state court hearing on **November 16,**
7  **2012**, will ensure that the state court's judicial determination of what is appropriate for the transfer
8  of ownership and/or custody of the horses and their progeny will be protected.  BANA requests
9  entry of an order granting a hearing on shortened time on its motion for relief from stay as set
10 forth in the proposed order attached as Exhibit 2.

Dated:    November 13, 2012            BRYAN CAVE LLP

By: */S/ Sharon Z. Weiss*
       Sharon Z. Weiss
Attorneys for Defendants
Bank of America, N.A., as successor by merger to
BAC Home Loans Servicing, L.P. ("BANA")