57

1   SHARON Z. WEISS, California Bar No. 169446
    ELANA CUZZO, California Bar No. 276042
2   BRYAN CAVE LLP
    120 Broadway, Suite 300
3   Santa Monica, California 90401-2386
    Telephone:    (310) 576-2100
4   Facsimile:    (310) 576-2200
    sharon.weiss@bryancave.com
5   elana.cuzzo@bryancave.com

6

7   Attorneys for
    BANK OF AMERICA, N.A., as successor by merger
    to BAC HOME LOANS SERVICING, L.P. ("BANA")

8

9              UNITED STATES BANKRUPTCY COURT
               EASTERN DISTRICT OF CALIFORNIA
10                  SACRAMENTO DIVISION

11

12  In re                          Case No. 11-40155

13  DWIGHT ALLAN BENNETT,          DC No. SZW-001

14          Debtor.               Converted to Chapter 7

15                                 **BANK OF AMERICA, N.A.'S MOTION
                                   FOR RELIEF FROM THE AUTOMATIC
16                                 STAY**

17

18                                 Date:       TBD
                                   Time:       TBD
19                                 Room:       Crtrm 28, Dept. A
                                   Address:    501 I. St., Suite 3-200
20                                             Sacramento, CA 95814

21

22

23

24

25

26

27

28

SM01DOCS\936175.1

BANA'S MOTION FOR RELIEF FROM STAY

**TO THE HONORABLE MICHAEL S. MCMANUS, THE DEBTOR, THE DEBTOR'S COUNSEL, THE CHAPTER 7 TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. ("BANA") hereby moves the Court for an order on shortened time granting relief from the automatic stay pursuant to 11 U.S.C. § 362 and Federal Rule of Bankruptcy Procedure 4001, to allow the parties to the Superior Court action against Debtor-Defendant, et al., in Lassen County, Case No. 45679 (the "State Court Action") to proceed with litigation in the non-bankruptcy forum for the limited purpose of permitting the state court to enter a valid order to decide what is appropriate for the transfer of ownership and/or custody of the horses and their progeny rescued from Debtor's custody and control in 2011, and to award any other relief against the Debtor the state court deems appropriate in connection with the horses.

This Motion is made pursuant to Bankruptcy Code Section 362(d), Federal Rules of Bankruptcy Procedure 4001 and 9014, and Local Bankruptcy Rules 4001-1 and 9014-1. This Motion is based on the grounds set forth herein, the accompanying Application for Hearing on Shortened Time, the exhibits attached herein, and on all the pleadings and papers on file in this action.

**I.      FACTS**

1.      The State Court Action, filed on September 18, 2007, arose from a lot line dispute between Debtor-Defendant Dwight A. Bennett and Plaintiff Norman W. Allen regarding real property located at 695-725 Highway 36, Susanville, CA 96130 (the "Property"). (*See, generally, Second Amended Complaint*, Ex. A.)

2.      BANA is a cross-complainant in the State Court Action and is the servicer on a loan secured by the Property that is the subject of the State Court Action. (*See*, *BANA's Cross-Complaint in the State Court Action*, Ex. G.)

3.      Although the Property was believed at one time to be a functioning ranch under the control of the Debtor, a receiver was appointed on July 11, 2011.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

4.      The receiver discovered that the ranch animals, including numerous horses, were living under abhorrent conditions.

5.      On July 29, 2011, the state court entered an Order permitting the receiver to surrender the horses to Lassen County.  The receiver surrendered the horses to Lassen County, and Lassen County relinquished the horses to a horse rescue organization, The Grace Foundation of Northern California (the "Foundation"), who agreed to care for the horses.

6.      The ownership, custody and care of these horses is the subject of a November 16, 2012 hearing set by the state court as a result of the Foundation's inability to continue properly caring for the horses.

7.      On August 18, 2011, Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code in the Eastern District of California as case number 11-40155.  The case was converted to Chapter 7 on November 15, 2011.  (*See Bankruptcy Docket*, Ex. B.)

8.      On October 21, 2011, this Court entered an Order granting limited relief from the automatic stay authorizing the state court to enter judgment regarding the Property.  (*See Order Granting Limited Relief From Stay*, Ex. D.)

9.      On January 6, 2012, this Court granted the Chapter 7 Trustee's motion to abandon the horses as assets of Debtor's bankruptcy estate. (*See Order Granting Trustee's Motion to Abandon Horses*, Ex. E.)

10.      Although the state court initially noticed the hearing regarding the ownership, custody and care of the horses for November 16, 2012, the state court unilaterally continued the hearing to November 28, 2012.   On November 8, 2012, the state court suddenly advanced the November 28 hearing to November 16, 2012 ("the November 16th Hearing").  (*See Notice of November 16 Hearing*, Ex. C.)

11.      BANA has no ownership interest in the horses, and is in no way financially responsible for the care of the horses.  BANA is concerned that the state court does not have the jurisdiction over the Debtor's property (if any) without relief from stay. Although BANA reached out to the parties primarily involved with the horses—namely Lassen County and the Foundation—no party has come forward to seek relief from stay.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

12.     As a result, BANA now seeks relief from the automatic stay on shortened notice for an order prior to the November 16th Hearing, authorizing the parties to the State Court Action to proceed with the litigation for the limited purpose of permitting the state court to enter a valid order to decide what is appropriate for the transfer of ownership and/or custody of the horses and their progeny rescued from Debtor's custody and control in 2011, and to award any other relief against the Debtor the state court deems appropriate in connection with the horses.

13.     BANA asserts it is a party in interest under 11 U.S.C. § 362(d) because it is a named party to the State Court Action.

## II.   ARGUMENT

### A.   BANA is Entitled To Relief From The Automatic Stay Pursuant to §362(d)(1)

BANA is entitled to relief from the automatic stay "for cause" pursuant to Section 362(d)(1) of the Bankruptcy Code.  Courts have not applied a rigid test when determining the existence of good "cause."  Instead, courts apply a balancing test on a case-by-case basis in which the interests of the Debtor's estate to continue litigation in another forum are weighed against the hardships that will be incurred by the movant.  (See, In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 761 (D.N.J. 1996); In re Bock Laundry Machine Co., 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984) (test is whether any "great prejudice" to either the estate or debtor will result from continuation of the civil suit); and In re MacDonald, 755 F.2d 715, 717 (9th Cir. 1985) (case-by-case determination)).  "Cause" to lift the automatic stay may also be established when it is demonstrated that it will prevent hardship to the creditor without frustrating the purpose of the stay or working an undue hardship on the Debtor or the Debtor's other creditors. See In re Namazi, 106 B.R. 93, 94 (Bankr. E.D. Va. 1989).

Here, good cause exists to grant relief from the automatic stay to allow the parties to the State Court Action to proceed with the ongoing litigation for the limited purpose of permitting the state court to decide what relief is appropriate for the transfer of ownership and/or custody of the horses and their progeny.  First, the Chapter 7 Trustee has abandoned the horses as assets of Debtor's bankruptcy estate.  (Ex. E.)  Accordingly, there is no prejudice to the Debtor's estate because the automatic stay is unnecessary to protect property that the Trustee has determined will

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   not be used to pay Debtor's creditors through his bankruptcy and there is no possibility for

2   reorganization.  Second, lifting the automatic stay in order for the state court to enter a valid order

3   at the November 16th Hearing would further the interests of judicial economy.  The hearing can be

4   held more expeditiously in the state court—the action was filed over five years ago and involves

5   non-debtor parties who are not subject to suit in the bankruptcy court, at least one of whom claims

6   an interest in the horses at issue.  Additionally, the state court is already familiar with the issues

7   surrounding the horses' ownership, care, and custody, and continuing the automatic stay with

8   respect to the State Court Action would undermine the parties' rights to receive appropriate relief

9   in a single forum.  In fact, this Court previously granted limited relief from the automatic stay to

10   permit the state court to enter judgment for equitable lien on the Property.  (*See*, Ex. D.)

11           Most importantly, if the state court does not have free rein to decide transfer of the

12   ownership and care of the horses (currently numbering forty-five) at the November 16th Hearing,

13   the fate of the horses may be in jeopardy.  The Foundation has stated that it is not able to continue

14   properly caring for the horses, and Lassen County has likewise indicated that it lacks the funds

15   necessary to properly care for the horses.  Permitting the state court to enter a valid order at the

16   November 16th hearing will facilitate the continued proper care of the horses.  BANA notes that

17   although it makes no claim to the horses, no other interested party to the State Court Action has

18   stepped forward to seek relief from the Court to lift the automatic stay with respect to the State

19   Court Action and any resulting order regarding the horses.  Accordingly, cause exists for this

20   Court to grant BANA's Motion for Relief from Stay pursuant to Section 362(d)(1) of the

21   Bankruptcy Code, authorizing the parties to the State Court Action to proceed with the litigation

22   for the limited purpose of permitting the state court to decide what relief is appropriate for the

23   transfer of ownership and/or custody of the horses and their progeny.

24         **B.**       **BANA is Entitled to Relief Pursuant to §362(b)(4)**

25           On August 13, 2012, this Court acknowledged that neither the state court's order requiring

26   Debtor-Defendant to surrender the initial thirty-six horses to Lassen County nor Lassen County's

27   relinquishment of those horses to the Foundation would have violated the Debtor's automatic stay.

28   (*See Bankruptcy Civil Minutes*, Ex. F.)  This Court reasoned that the automatic stay would not be

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  violated because Lassen County was exercising its police powers in taking charge of the horses.

2  Pursuant to Section 362(b)(4) of the Bankruptcy Code, the automatic stay does not preclude "the

3  commencement or continuation of an action or proceeding by a governmental unit . . . to enforce

4  such governmental unit's or organization's police power and regulatory power . . ." Thus, any

5  determination made by the state court at the November 16th Hearing would be in furtherance of

6  this same policy that the Court previously recognized would not be a violation of the Debtor's

7  automatic stay.  Here, the Debtor's bankruptcy should not affect the state court's and Lassen

8  County's ability to continue their original exercise of police power by taking charge of the horses

9  and entering whatever order the state court decides is appropriate for the transfer of ownership

10 and/or custody of the horses and their progeny to ensure the horses are cared for.

11      Accordingly, this Court should grant BANA's Motion for Relief from Stay pursuant to

12 Section 362(b)(4) of the Bankruptcy Code on the grounds that the bankruptcy should not interfere

13 with the police powers of the government in protecting the lives of the horses.

14      WHEREFORE, BANA requests that the Court enter an order granting the following relief:

15      (a)      lifting the automatic stay to allow the parties to proceed with the State Court Action

16 in a non-bankruptcy forum for the limited purpose of permitting the state court to enter a valid

17 order to decide what is appropriate for the transfer of ownership and/or custody of the horses and

18 their progeny rescued from Debtor's custody and control in 2011, and to award any other relief

19 against the Debtor the state court deems appropriate in connection with the horses;

20      (b)      waiving the fourteen day stay provided by Rule 4001(a)(3);

21      (c)      granting such other relief as the Court deems necessary and just.

22

23 Dated:    November 13, 2012          BRYAN CAVE LLP

24                          By: /S/ Sharon Z. Weiss
                             Sharon Z. Weiss
25                           Attorneys for Defendant
                             BANK OF AMERICA, N.A., as successor by merger
26                           to BAC HOME LOANS SERVICING, L.P.
                             ("BANA")

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

EXHIBIT A

EXHIBIT A

1  Peter M. Talia, State Bar Number 52975
   Law Office of Peter M. Talia
2  470-345 Circle Drive
   Susanville, CA 96130
3  Telephone: (530) 257-5199
   Fax: (530) 257-5995
4
5  Attorney for Norman W. Allen, Plaintiff
6
7
8  <center>ENDORSED FILED</center>

ENDORSED FILED

AUG 3 0 2010

R. REED, Clerk Administrative Officer
LASSEN COUNTY COURTS

K. Gallagher    Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF LASSEN

| | |
|---|---|
| Norman W. Allen,<br><center>Plaintiff,</center><br>vs.<br><br>Summit Financial Group, Dana Capital Corp., Steve Weich, Rod Hosilyk, Dwight A. Bennett, Judith A. St. John, Wells Fargo Bank, NA as Trustee for MLMI Trust Series 2005-HE-3, Evans Appraisal Services, Inc., and Does 1-10,<br><center>Defendants.</center> | Case No. 45679<br><br>(PROPOSED)<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES (INTENTIONAL AND NEGLIGENT MISREPRESENTATION); FOR REFORMATION OF CONTRACT AND TO IMPOSE A CONSTRUCTIVE TRUST |

Plaintiff alleges:

<center>FIRST CAUSE OF ACTION</center>

<center>I</center>

Defendant Summit Financial Group is a partnership, corporation, Limited Liability Company or some other form of business entity of which plaintiff is presently uncertain but will amend to allege the proper legal form of said defendant at such time as it becomes certain. Plaintiff is informed and believes and thereupon alleges that Dana Capital Corp is a subsidiary of Summit Financial Group and plaintiff was so informed by defendant Rod Hosilyk.

<center>II</center>

1

1  Defendants Steve Weich and Rod Hosilyk (sometimes hereinafter (Weich or Hosilyk) are
2  individuals engaging in the business of mortgage brokers or in some mortgage generating
3  capacity and at all times herein mentioned were agents and employees of defendant Summit
4  Financial Group and Dana Capital Corp. as both so represented and in doing the things herein
5  alleged were acting within the course and scope of such agency and as agents of each other and
6  with the permission and consent of Summit Financial Group and Dana Capital Corp.
7
8                                              III
9  Plaintiff is ignorant of the true names and a capacity of defendants sued herein as Does 1 – 10,
10  inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this
11  complaint to allege their true names and capacities when ascertained. Plaintiff is informed and
12  believes and therefore alleges that each of the fictitiously named defendants is responsible in
13  some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged
14  were proximately caused by their conduct.
15
16                                              IV
17  Defendants Dwight A. Bennett and Judith A. St. John were business associates of plaintiff and at
18  the commencement of the representations hereinafter immediately alleged were owners of a
19  single parcel of real property in Lassen County, California known as assessor's parcel number
20  099-260-13 consisting of 54.03 acres.
21
22                                              V
23  Defendant Evans Appraisal Service is a corporation duly formed and authorized to conduct
24  business in the State of California.
25
26                                              VI
27
28

2

In a series of representations ending on or about May 19, 2005 defendant Steve Weich and Rod Hosilyk, in connection with attempting to generate a real estate loan and commencing a process which generated said loan on or about said date, culminated in a series of fraudulent representations and instructions delivered at various times directly to plaintiff and to business associates Dwight A. Bennett and Judith A. St. John, some of which were as follows:

1) That they must separate the 54.03 acres parcel into two parcels of 40 and 14.03 acres.

2) That they must arrange for Judith A. St. John to remove her name from title on a 14.03 acre parcel so created and thought to contain most of the improvements located on the entire 54.03 acres.

3) That to be financed the property with the residence and stable must be less than 15 acres.

4) That if Judy A. St. John and Dwight A. Bennett did all of the above and that if Judy St. John and Dwight A. Bennett would marry they would have no trouble qualifying for a 5 per cent interest rate loan amortized fully over 30 years or to otherwise qualify for a low interest seasonal worker farm loan.

5) That Judy A. St. John and Dwight Bennett should forego paying on the current loan secured against the property (i.e. the entire 54.03 acres), thereby placing said loan in default; in that they (Weich and Hosilyk) would have them a new loan before said property could proceed to notice of default.

6) That they were the mortgage agent (Weich) and owner (Hosilyk) of a company called Summit Financial Group, Inc which was a huge corporation listed and traded on the New York Stock Exchange.

VII

3

1  The representations made by Weich and Hosilyk were in fact false or were made by said
2  defendant with no reasonable ground for believing them to be true. The true facts were that the
3  improvements on the property were located on the larger parcel created by the suggested split,
4  that there was no low interest seasonal worker loan available to defendants Bennett and St. John,
5  that there was no 5 per cent loan fully amortized over 30 years, that a loan was available on the
6  entire 54.03 acre parcel, that Bennett and St. John would have been better off paying the current
7  loan on the property and taking no new loan at all and that Summit Financial Group Inc. though
8  publicly traded, had no connection with  defendants Weich or Hosilyk.
9
10
11
12                                              VIII
13  Plaintiff, as a friend of defendant Dwight A. Bennett volunteered to come to the assistance of
14  Bennett and St. John and to purchase the property thought to have the improvements which was
15  the 14.03 acre parcel (A.P. Number 099-260-70) so created on the advice of defendant Steve
16  Weich and Rod Hosilyk. The true facts, as later discovered were that the residence and stable are
17  located on the remaining 40 acre parcel (A.P. Number 099-260-69). Plaintiff, who had been a
18  participant in all of the discussions leading to the representations set forth above and who had a
19  credit score on all reporting agencies averaging in excess of 700 was requested by Weich and
20  Hosilyk to buy the wrong piece of property and with a short term adjustable rate mortgage loan
21  of $437,000.00 which loan far exceeds the value of the property purchased by plaintiff and
22  thought by plaintiff to contain the stable and the residence while the remaining 40 acre parcel
23  held by Bennett and St. John actually contains the improvements and is now held by them free
24  and clear as the loan taken by plaintiff paid off the previous loan on the property.
25                                              IX
26
27
28

4

When the defendants Steve Weich and Rod Hosilyk made these representations they knew them to be false and they were made by said defendant with the intention to defraud and deceive plaintiff and his business associates and with the intent to deceive not only plaintiff but St. John and Bennett and for someone to borrow money so that said defendant Weich and Hosilyk could make a commission on a loan transaction of some kind.

<div align="center">X</div>

Plaintiff, at the time these representations were made by defendant and at the time plaintiff purchased the 14.03 acre parcel from defendant Bennett, was ignorant of the falsity of the statements made by said defendant and had no choice but to purchase the property from Bennett because of the conduct of said defendant in manipulating the plaintiff and defendant Bennett and St. John so that if Plaintiff would not have purchased the property from Bennett then Bennett would have lost the property to foreclosure. In reliance on these representations and the entire scheme of said defendant to manipulate plaintiff and his business associates into borrowing through him plaintiff purchased the 14.03 acre parcel so created by their advice by a loan on terms unworthy of his credit. Plaintiff did so in reliance on the representations made by defendants Steve Weich and Rod Hosilyk as herein alleged. Had plaintiff known the true facts he would not have purchased the property nor had to purchase the property and even if he chose to purchase the property he would have been able to do so on more favorable terms than on an adjustable rate mortgage and for the price he actually paid.

<div align="center">XI</div>

As a proximate result of defendant's fraud and deceit and the facts herein alleged plaintiff has been damaged in that he is obligated on a loan that is at least four times the value of the 14.03 acre parcel of bare land that he purchased. Plaintiff is also making interest payments that are

5

much higher than his credit should require and his credit has been somewhat damaged in that defendant Steve Weich and Rod Hosilyk subjected his credit to numerous inquiries during the loan process all causing him damages in an amount to be proved but beyond the jurisdictional limit of this court.

### XII

The aforementioned conduct of defendants Weich and Hosilyk was an intentional misrepresentation, deceit, or concealment of a material fact known to said defendant with the intention on the part of said defendant of thereby depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, so as to justify an award of exemplary and punitive damages.

WHEREFORE, plaintiff prays judgment as hereinafter set forth

### SECOND CAUSE OF ACTION

### XIII

Plaintiff incorporates the allegations of paragraphs III and IV of the First Cause of Action as if set forth at length at this point.

### XIV

Defendant Wilshire Credit Corporation is a corporation, partnership, Limited Liability Company or some other form of doing business of which plaintiff is presently uncertain but the capacity of which plaintiff will seek leave to amend at such time as he becomes certain.

### XV

6

1  On or about December 4, 2005 Plaintiff and Dwight A. Bennett entered into a written agreement

2  in Lassen County, California for the purchase of 14.03 acres of land including a residence and

3
   stable and related buildings for the sum of $485,000.00. Said parcel is known as Lassen County
4
   assessors parcel number 099-260-70. Pursuant to said purchase agreement the property was
5
6  transferred to plaintiff by deed and was made subject to a note secured by a first trust deed with

7  said note being in the amount of $436,500.00 payable to Option One Mortgage Corporation and

8  now assigned to Wilshire Credit Corporation.

9
                                        XVI
10
   The belief of the parties was that the residence and stable were on the subject parcel when in fact
11
12 they are on the adjoining parcel which is a 40 acre parcel known as Lassen County assessor's

13 parcel number 099-260-69. The intent of the parties, including Judith A. St. John who is on title

14 with Bennett as to parcel No. 099-260-69 but was not  a party to the subject contract due to not

15
   being on title to parcel no 099-260-70, was that plaintiff was acquiring the 14.03 acres with the
16
   residence and stable. St. John had previously conveyed that property (099-260-70) to Bennett
17
18 believing also that said parcel contained the residence and stable.

19                                      XVII

20 The above-described failure of the written contract, deed and the above mentioned deed of trust

21 to reflect the true intent of the parties resulted from a mutual mistake on the part of the parties to

22
   each document in that they all made the assumption that the residence and stable of the adjoining
23
24 parcel was located on the transferred parcel.

25                           THIRD CAUSE OF ACTION

26                                      XVIII

27

28

   7

Plaintiff incorporated paragraphs III and IV of the first cause of action as though set forth at length at this point.

<div align="center">XIX</div>

On or about June 9, 2004 Judith A. St. John and Dwight Bennett believed that the residence and stable referred to herein was located on A.P. number 099-260-70. In furtherance of a plan to refinance the property Judith A. St. John deeded same to Dwight Bennett on said date with the intention of being later restored to title. Prior to that date they were joint tenants on said property, having taken title to that parcel and number 099-260-69 when they were one parcel. Unknown to them the major improvements existed on the parcel known as A.P. number 099-260-69. That property has now been paid off through the resources of plaintiff as alleged herein. Though defendant Dwight A. Bennett has indicated that he will cooperate in reforming the contract which is the subject of this action plaintiff is unsure whether defendant St. John may be as willing. Both she and Bennett are in the position of being unjustly enriched through the resources of plaintiff in that he has discharged the prior obligation on parcel number 099-260-69 on which they are solely in title.

<div align="center">FOURTH CAUSE OF ACTION</div>

<div align="center">XX</div>

Plaintiff incorporates paragraphs III and V as if set forth at length at this point.

<div align="center">XXI</div>

Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope and course of such agency and employment.

8

## XXII

On or about March 7, 2005 an appraisal was ordered by defendant Steve Weich for the benefit of the lender and  Plaintiff to be performed by the defendant Evans Appraisal Service on the property being purchased by plaintiff from defendant Dwight A. Bennett which property was described as 14.03 acres. In the course of said appraisal said defendant physically, through its agent Chris Talley, examined the boundaries of the subject property and the adjoining parcel owned by defendant Dwight A. Bennett. It was the understanding of all concerned, including Defendant Evans Appraisal Service, Inc. that the improvements consisting of a residence and stable were located on the subject 14.03 acre parcel and not on the adjoining 40 acre parcel which was not the subject of the contract between Plaintiff and Dwight A. Bennett. The appraisal prepared by Evans Appraisal Service and its agent Chris Talley represented the 14.03 acres as improved.

## XXIII

At the time of said appraisal said defendant Evans Appraisal Service negligently determined that the residence and stable were located upon the 14.03 acre parcel rather than the adjoining 40 acre parcel. This representation was in fact false.  The true facts were that all of the improvements attributed to the 14.03 acre parcel were in fact located on the adjoining 40 acre parcel retained by Defendants Dwight Bennett and Judith St. John.

## XXIV

Defendant Evans Appraisal Services, Inc, through its agent Chris Talley, made representations that the 14.03 acre parcel was improved but did so with no reasonable belief that this was true in that the improvements were located on the adjacent 40 acre parcel which had been separated from the 14.03 acre parcel by the recordation of certificates of compliance. Said defendant failed,

9

1  among other things, to correctly identify the project to be appraised, its boundaries and lack of

2  any improvements and failed to properly verify the accuracy of his representations made in his

3  report to the requesting lender who advised Plaintiff that the property had appraised for the

4  contract value he was paying for a 14.03 acre parcel.

5

6                                          XXV

7  The representations made by said defendant were made with the intent to induce the lender to

8  make the loan to plaintiff and to induce Plaintiff to go forward with the contract on the advice

9  from lender that the property appraised. Plaintiff was unaware of the falsity of Defendant's

10  representation at the time he was advised that the property appraised for the value he way paying

11  for the 14.03 acres because he believed he was buying an improved 14.03 acre parcel based upon

12  being informed of the appraisal. In reliance on the appraisal he continued with the purchase of

13  the property because the lender made the loan.  Plaintiff's reliance was justified in that he relied

14  on the advice of the successful appraisal and of of all parties herein that the 14.03 acre parcel

15  was improved.

16

17

18

19                                         XXVI

20  As a proximate result of the negligence of defendant Evans Appraisal Service in performing said

21  appraisal plaintiff has suffered damage in that he has purchased a 14.03 acre parcel of bare land

22  based upon an appraisal of a 14.03 acre parcel of land believed to contain a stable and residence

23  based upon the belief of the parties and confirmed by the appraisal performed by said defendant.

24

25

26  WHEREFORE, plaintiff prays judgment as follows:

27  On the FIRST CAUSE OF ACTION

28

10

1.) For damages according to proof

2) For punitive damages

3) For such other and further relief as to the court may seem proper

4) For costs of suit

On the SECOND CAUSE OF ACTION

1)  For the reformation of the written contract, deed and deed of trust to reflect the true intent of the parties that plaintiff be conveyed the residence and stable subject to the deed of trust

2) For costs of suit herein incurred

3) For such other and further relief as to the court may seem proper

On the THIRD CAUSE OF ACTION

1) For an order declaring that defendants St. John and Bennett hold the real property described as Lassen County Assessor's parcel number 099-260-69 in trust for plaintiff.

2) For such other and further relief as to the court may seem proper.

On the FOURTH CAUSE OF ACTION

1) For damages according to proof as to defendant Evans Appraisal.

2) For such other and further relief as to the court seems proper.

Dated: 6/14/10

Law Office of Peter M. Talia

By_____
Peter M. Talia
Attorney for Norman W. Allen, Plaintiff

## VERIFICATION

I, Norman W. Allen, am the plaintiff in the above-entitled action. I have read the foregoing

11

EXHIBIT B

EXHIBIT B

**FeeDueINST, DebtEd, CONVERTED, DEFER, NTCFEEDUE**

# U.S. Bankruptcy Court [LIVE-CM 4.3]
## Eastern District of California (Sacramento)
### Bankruptcy Petition #: 11-40155

*Date filed:*  08/18/2011
*Date converted:*  11/15/2011

*Assigned to:* Hon. Michael S. McManus
Chapter 7
Previous chapter 11
Voluntary
Asset

**Debtor**
**Dwight Alan Bennett**
PO Box 540
Susanville, CA 96130
LASSEN-CA
530-257-2555
SSN / ITIN: xxx-xx-5915

represented by **Carolyn R. Chan**
2485 Notre Dame Blvd Ste.#370
Chico, CA 95928
530-359-8810

**Trustee**
**Susan Didriksen**
PO Box 1460
Shingle Springs, CA 95682
530-232-6119

represented by **Howard S. Nevins**
2150 River Plaza Dr #450
Sacramento, CA 95833-3883
(916) 925-6620

**Trustee**
**Susan Didriksen**
*TERMINATED: 12/21/2011*

represented by **Howard S. Nevins**
(See above for address)

**U.S. Trustee**
**Office of the U.S. Trustee**
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

**U.S. Trustee**
**August B. Landis**
c/o Allen C. Massey
501 I St #7-500
Sacramento, CA 95814

represented by **Allen C. Massey**
501 I St #7-500
Sacramento, CA 95814
(916) 930-2100

| Filing Date | # | Docket Text |
|---|---|---|
|  |  | Chapter 11 Voluntary Petition. Missing Document(s): Verification and Master Address List due by 8/25/2011; Statement of Financial Affairs; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured |

| | | |
|---|---|---|
| 08/18/2011 | 1 | Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule J - Current Expenditures; Means Test - Form 22B; Document(s) due by 9/1/2011. (jgis) (Entered: 08/18/2011) |
| 08/18/2011 | 2 | Notice of Incomplete Filing and Notice of Intent to Dismiss Case If Documents Are Not Timely Filed. A copy of this notice was returned to the pro se debtor(s) via hand delivery. (jgis) (Entered: 08/18/2011) |
| 08/18/2011 | 3 | Statement of Social Security Number(s) (jgis) (Entered: 08/18/2011) |
| 08/18/2011 | 4 | Motion/Application to Pay Filing Fee in Installments (auto) (Entered: 08/18/2011) |
| 08/18/2011 | 5 | Order granting 4 Motion/Application to Pay Filing Fees in Installments. Next Installment Payment due by 9/19/2011. Second Installment Payment due by 10/17/2011. Third Installment Payment due by 11/16/2011. Final Installment Payment due by 12/16/2011. (jgis) (Entered: 08/18/2011) |
| 08/18/2011 | | Chapter 11 Voluntary Petition (Filing Fee Paid: $289.00, Receipt Number: 2-11-28387) (auto) (Entered: 08/18/2011) |
| 08/18/2011 | 6 | Verification and Master Address List Re: 1 Voluntary Petition (msts) (Entered: 08/18/2011) |
| 08/19/2011 | 8 | Order Scheduling Deadlines for Disclosure of Single Asset Real Estate,Filing Preliminary Status Report,Preliminary Status Conference Re: 1 Voluntary Petition; Status Conference to be held on 9/19/2011 at 10:00 AM at Sacramento Courtroom 28, Department A (jris) (Entered: 08/22/2011) |
| 08/22/2011 | 7 | Copy of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as transmitted to BNC for service. (jris) (Entered: 08/22/2011) |
| 08/22/2011 | 12 | Certificate of Mailing of Notice of Incomplete Filing and Notice of Intent to Dismiss Case if Documents Are Not Timely Filed as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/24/2011) |
| 08/24/2011 | 9 | Request by U.S. Trustee to Send 341 Notice; Meeting of Creditors to be held on 9/22/2011 at 09:00 AM at Office of the UST (7-500). Last day to oppose discharge: 11/21/2011. Proofs of Claim due by 12/21/2011. (jris) (Entered: 08/24/2011) |
| 08/24/2011 | 10 | Notice of Meeting of Creditors as Transmitted to BNC (jris) (Entered: 08/24/2011) |
| 08/24/2011 | 11 | Notice of Requirement to Complete Course in Financial Management as Transmitted to BNC for Service (jris) (Entered: 08/24/2011) |

| | | |
|---|---|---|
| 08/24/2011 | 25 | Certificate of Mailing of Notice of Requirement to File a Statement of Completion of Course in Personal Financial Management as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/26/2011) |
| 08/24/2011 | 26 | Certificate of Mailing of Notice of Meeting of Creditors as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 08/26/2011) |
| 08/25/2011 | 13 | Motion/Application to Shorten Time Filed by Creditor Wells Fargo Bank, N.A. and BAC Home Loans Servicing, LP (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 14 | Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) Filed by Creditors BAC Home Loans Servicing, LP, Wells Fargo Bank, N.A. (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 14 | Notice of Hearing Re: 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) to be held on 8/29/2011 at 10:00 AM at Sacramento Courtroom 28, Department A. (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 15 | Declaration of Austin T. Beardsley in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 16 | Declaration of Timothy M. Ryan in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 17 | Declaration of Vicki Lozano in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 18 | Declaration of Michael W. Russell, DVM in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 19 | Request for Judicial Notice Re: 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) Filed by Creditors BAC Home Loans Servicing, LP, Wells Fargo Bank, N.A. (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 20 | Exhibit(s) in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 21 | Exhibit(s) in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 22 | Exhibit(s) in support of 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/25/2011) |
| | | Certificate/Proof of Service of Proposed Order, 13 Motion/Application to Shorten Time, 14 Motion/Application to Excuse Turnover by Receiver |

| | | |
|---|---|---|
| 08/25/2011 | 23 | Pursuant to 11 U.S.C. Section 543 (D), 14 Notice of Hearing, 15 Declaration, 16 Declaration, 17 Declaration, 18 Declaration, 19 Request for Judicial Notice, 20 Exhibit(s), 21 Exhibit(s), 22 Exhibit(s) (jris) (Entered: 08/25/2011) |
| 08/25/2011 | 24 | Notice of Appearance and Request for Notice Filed by Interested Party August B. Landis (jris) (Entered: 08/26/2011) |
| 08/29/2011 | | COPIES_PUBTERM Fee Paid ($11.00, Receipt Number: 2-11-29465) (auto) (Entered: 08/29/2011) |
| 08/29/2011 | 27 | Amended Order to Set Hearing Re: 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D); Hearing to be held on 9/2/2011 at 01:45 PM at Sacramento Courtroom 28, Department A. (jris) (Entered: 08/29/2011) |
| 08/30/2011 | 28 | Certificate/Proof of Service of 27 Order to Set/Continue/Reschedule Hearing (jris) (Entered: 08/31/2011) |
| 08/31/2011 | 29 | Order Re: 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 08/31/2011) |
| 08/31/2011 | 30 | Opposition/Objection Filed by Interested Party August B. Landis Re: 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) (jris) (Entered: 09/01/2011) |
| 08/31/2011 | 31 | Certificate/Proof of Service of 30 Opposition/Objection (jris) (Entered: 09/01/2011) |
| 09/01/2011 | 32 | Motion/Application to Extend Deadline to File Schedules or Provide Required Information Filed by Debtor Dwight Alan Bennett (jris) (Entered: 09/02/2011) |
| 09/01/2011 | 33 | Certificate/Proof of Service of 32 Motion/Application to Extend Deadline to File Schedules or Provide Required Information (jris) (Entered: 09/02/2011) |
| 09/01/2011 | 34 | Response/Reply Filed by Creditors BAC Home Loans Servicing, LP, Wells Fargo Bank, N.A. Re: 30 Opposition/Objection (jris) (Entered: 09/02/2011) |
| 09/02/2011 | 35 | Civil Minutes -- Opposed Hearing Held Re: 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) DENIED WITHOUT PREJUDICE (shes) (Entered: 09/02/2011) |
| 09/02/2011 | 36 | Civil Minute Order Denying without prejudice 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) IT IS FURTHER ORDERED that the interim order allowing the receiver to stay in possession is dissolved. (jris) (Entered: 09/02/2011) |
| | | Notice of Entry of Order/Judgment as Transmitted to BNC for Service Re: 36 Civil Minute Order Denying without prejudice 14 Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (jris) |

| 09/02/2011 | <u>37</u> | (Entered: 09/02/2011) |
|---|---|---|
| 09/02/2011 | <u>38</u> | Certificate of Mailing of Notice of <u>37</u> Notice of Entry of Order/Judgment as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/04/2011) |
| 09/06/2011 | <u>39</u> | Order Granting 32 Motion To Extend Deadline to File Schedules or Provide Required Information; Documents due: 9/15/11 Re: Statement of Financial Affairs; Summary of schedules; Statistical Summary; Schedule A - Real Property; Schedule B - Personal Property; Schedule C - Exempt Property; Schedule D - Secured Creditors; Schedule E - Unsecured Priority Creditor; Schedule F - Unsecured Nonpriority Creditors; Schedule G - Exec. Contracts & Unexpired Leases; Schedule H - Codebtors; Schedule J - Current Expenditures; Means Test - Form 22B; (jris) (Entered: 09/07/2011) |
| 09/16/2011 | <u>40</u> | Schedules A - J and Summary of Schedules (Form B6) Disclosure of Attorney Compensation Statement Of Financial Affairs (Filing Fee Not Paid or Not Required) (nkrs) Modified on 11/16/2011 (nkrs). (Entered: 09/16/2011) |
| 09/16/2011 | <u>41</u> | Order to Show Cause - Failure to File Documents as Transmitted to BNC for Service Re: Statistical Summary Chapter 11 Means Test; Hearing to be held on 10/17/2011 at 10:00 AM at Sacramento Courtroom 28, Department A. (msts) (Entered: 09/16/2011) |
| 09/16/2011 | <u>42</u> | Certificate of Mailing of Order to Show Cause - Failure to File Documents as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/18/2011) |
| 09/19/2011 | <u>43</u> | Civil Minutes -- Status Conference continued Re: <u>1</u> Voluntary Petition; Status Conference now to be held on 10/3/2011 at 10:00 AM at Sacramento Courtroom 28, Department A (shes) (Entered: 09/19/2011) |
| 09/19/2011 | <u>44</u> | Transcript regarding Hearing Held 09/02/11 Re: <u>14</u> Motion/Application to Excuse Turnover by Receiver Pursuant to 11 U.S.C. Section 543 (D) Notice of Intent to Request Redaction Deadline Due By 9/26/2011. Redaction Request Due By 10/11/2011. Redacted Transcript Submission Due By 10/20/2011. Transcript access will be restricted through 12/19/2011. (jris) (Entered: 09/19/2011) |
| 09/19/2011 | <u>45</u> | Notice of Filing of Official Transcript as transmitted to BNC for Service. Notice is hereby given that an official transcript of the hearing on the Motion to Excuse Turnover by Receiver held on 09/02/11 has been filed. Pursuant to the new policy adopted by the Judicial Conference, transcripts are available for inspection only at the clerk's office or may be purchased from the court transcriber for a 90 day period Re: <u>44</u> Transcript (jris) (Entered: 09/19/2011) |
| 09/19/2011 | <u>46</u> | Motion for Relief from Automatic Stay [TRF-2] Filed by Creditors BAC Home Loans Servicing, LP, Wells Fargo Bank, N.A. (Fee Paid $0.00) (jris) (Entered: 09/20/2011) |
| | | Motion/Application to Excuse Turnover by Receiver [TRF-2] Filed by Creditors BAC Home Loans Servicing, LP, Wells Fargo Bank, N.A. (jris) |

| 09/19/2011 | 46 | (Entered: 09/20/2011) |
|---|---|---|
| 09/19/2011 | 47 | Notice of Hearing Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] to be held on 10/17/2011 at 10:00 AM at Sacramento Courtroom 28, Department A. (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 48 | Declaration of Vicki Lozano in support of 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 49 | Declaration of Timothy M. Ryan in support of 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 50 | Exhibit(s) in support of 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 51 | Exhibit(s) Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 52 | Exhibit(s) Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 53 | Request for Judicial Notice Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] Filed by Creditors BAC Home Loans Servicing, LP, Wells Fargo Bank, N.A. (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 54 | Movant's Information Sheet (Section 362) Re: 46 Motion for Relief from Automatic Stay [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 55 | Memorandum of Points and Authorities in support of 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 56 | Certificate/Proof of Service of Proposed Order, 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2], 47 Notice of Hearing, 48 Declaration, 49 Declaration, 50 Exhibit(s), 51 Exhibit(s), 52 Exhibit(s), 53 Request for Judicial Notice, 55 Memorandum of Points and Authorities (jris) (Entered: 09/20/2011) |
| 09/19/2011 | 59 | Certificate of Mailing of Notice of Filing of Transcript and of Deadlines Related to Redaction and Restriction as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/21/2011) |
| | | |

| 09/20/2011 | | Filing Fee Due RE: Motion (jris) (auto) (Entered: 09/20/2011) |
|---|---|---|
| 09/20/2011 | | Contacted Jody from the Law Office of Austin Beardsley on 9/20/11 regarding an Order that was prematurely submitted. Advised attorney to resubmit the Order after the hearing Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 09/20/2011) |
| 09/20/2011 | | Account Receivable Fee Paid ($150.00, Receipt Number: 2-11-31784) (auto) (Entered: 09/20/2011) |
| 09/20/2011 | 58 | Order to Set Status Conference Re: 1 Chapter 11 Voluntary Petition. Missing Document; Status Conference to be held on 10/3/2011 at 10:00 AM at Sacramento Courtroom 28, Department A (jris) (Entered: 09/21/2011) |
| 09/21/2011 | 57 | Order to Show Cause - Failure to Pay Fees as Transmitted to BNC for Service. Hearing to be held on 10/17/2011 at 10:00 AM at Sacramento Courtroom 28, Department A. (jris) (Entered: 09/21/2011) |
| 09/21/2011 | 61 | Certificate of Mailing of Order to Show Cause - Failure to Pay Fees as provided by the Bankruptcy Noticing Center (Admin.) (Entered: 09/23/2011) |
| 09/22/2011 | | Installment Fee Paid; Next Installment Payment Due on 11/16/11 (Fee Paid: $250.00, Receipt Number: 2-11-32113) (auto) (Entered: 09/22/2011) |
| 09/22/2011 | 60 | Report of Trustee at 341 Meeting. Continued Meeting of Creditors to be held on 10/20/2011 at 09:00 AM at Sacramento Courtroom 28, Department A. (jris) (Entered: 09/22/2011) |
| 09/28/2011 | | ENTERED ON DOCKET IN ERROR Response/Reply Filed by Interested Party August B. Landis Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) Modified on 10/11/2011 (jris). (Entered: 09/28/2011) |
| 09/28/2011 | 63 | Certificate/Proof of Service of 62 Opposition/Objection [TRF-2] (jris) (Entered: 09/28/2011) |
| 09/28/2011 | 62 | Opposition/Objection Filed by U.S. Trustee August B. Landis Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 10/11/2011) |
| 10/03/2011 | 64 | Statistical Summary (Filing Fee Not Paid or Not Required) (jris) (Entered: 10/03/2011) |
| 10/03/2011 | 65 | Chapter 11 Statement of Current Monthly Income - Form 22B Re: 1 Voluntary Petition, 2 Notice of Incomplete Filing (jris) (Entered: 10/03/2011) |
| | | Opposition/Objection Filed by Debtor Dwight Alan Bennett Re: 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse |

| 10/03/2011 | 66 | Turnover by Receiver [TRF-2] (jris) (Entered: 10/03/2011) |
|---|---|---|
| 10/03/2011 | 67 | Declaration of Danielle B. Harris in opposition to 46 Motion for Relief from Automatic Stay [TRF-2], 46 Motion/Application to Excuse Turnover by Receiver [TRF-2] (jris) (Entered: 10/03/2011) |

EXHIBIT C

EXHIBIT C

1   **BRYAN CAVE LLP**
    C. Scott Greene, California Bar No. 277445
2   333 Market Street, 25th Floor
    San Francisco, California 94105
3   Telephone:    415-675-3400
    Facsimile:    415-675-3434
4
    Attorneys for Cross-Complainant BANK OF AMERICA, N.A. as successor by merger to BAC
5   HOME LOANS SERVICING, LP and Defendant/Cross-Complainant WELLS FARGO BANK,
    N.A.
6

**ENDORSED FILED**

OCT 23 2012

A. ASHBY, COURT EXEC. OFFICER
LASSEN SUPERIOR COURT

By_____Deputy

7               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                           **COUNTY OF LASSEN**

9

10  NORMAN W. ALLEN,                          Lead Case No. 45679
                                             (Consolidated with Case No. 50324)
11              Plaintiff,

12  vs.                                       **NOTICE OF HEARING REGARDING**
                                             **OWNERSHIP, CARE, AND CUSTODY OF**
13  SUMMIT FINANCIAL GROUP; DANA              **HORSES**
    CAPITAL CORP.; STEVE WEICH; ROD
14  HOSILYK; DWIGHT A. BENNETT; JUDITH
    A. ST. JOHN; WILSHIRE CREDIT             Date:  November 16, 2012
15  CORPORATION; EVANS APPRAISAL             Time:  1:30 p.m.
    SERVICES, INC.; and DOES 1-10            Dept.:  6
16                                           Judge:  Hon. Raymond J. Giordano
17              Defendants.
                                             Complaint Filed:   Unknown
18                                           Trial Date:        None set

19  NORMAN W. ALLEN,
                                                   **FILE**
20              Plaintiff,                       **BY FAX**

21  vs.

22  T.D. SERVICE COMPANY; WELLS FARGO
    BANK, N.A., as Trustee for the MLMI Trust
23  Series 2005-HE3; and DOES 1-10,

24              Defendants.

25

26

27

28

_____
NOTICE OF HEARING REGARDING OWNERSHIP, CARE, AND CUSTODY OF HORSES

| | |
|---|---|
| 1 | WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC |
| 2 | HOMES LOANS SERVICING, LP, a Texas limited partnership, successor by merger to |
| 3 | Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP, |
| 4 | |
| 5 | Cross-Complainants, |
| 6 | vs. |
| 7 | NORMAN W. ALLEN; DWIGHT A. BENNETT; JUDITH A. ST. JOHN; EVANS |
| 8 | APPRAISAL SERVICES; INC.; and ROES 1-10, |
| 9 | Cross – Defendants. |
| 10 | AND ALL OTHER CROSS-ACTIONS |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE COURT, ALL PARTIES, THE COUNTY OF LASSEN, THE GRACE FOUNDATION OF NORTHERN CALIFORNIA, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 16, 2012 at 1:30 p.m., in Department 6 of the above-captioned court, located at 2610 Riverside Drive, Susanville, California 96130, this Court will hold a hearing on the ownership, care, and custody of the horses previously located on the real property located at 695-725 Highway 36, Susanville, CA 96130 and now in the custody of The Grace Foundation of Northern California.

Any party wishing to submit written papers on this matter must file them by no later than November 12, 2012.

Dated: October 22, 2012                 **BRYAN CAVE LLP**

By: _C. Scott Greene_ /s/
C. Scott Greene
Attorneys for Cross-Complainant BANK OF
AMERICA, N.A., successor by merger to BAC
HOME LOANS SERVICING, LP and
Defendant/Cross-Complainant WELLS FARGO
BANK, N.A.

EXHIBIT D

EXHIBIT D

2011-40155
FILED
October 21, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003848394

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
tryan@theryanfirmm.com
Austin T. Beardsley, Bar No. 270046
Abeardsley@theryanfirm.com
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO.: 11-40155 |
| Dwight Bennett | DCN: TRF-2 |
| Debtor, | Chapter: 11 |
| | Assigned for All Purposes to Hon. Michael S. McManus |
| | **[PROPOSED] ORDER ON CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICING, LP'S MOTION FOR RELIEF FROM STAY AND TO EXCUSE TURNOVER BY RECEIVER PURSUANT TO 11 U.S.C. §§ 362 (D) AND 543 (D)** |
| | Date: October 17, 2011 |
| | Time: 10:00 a.m. |
| | Courtroom: 28 |
| | Trial Date: None set. |

///

///

///

1

RECEIVED
October 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003848394

THE RYAN FIRM
A Professional Corporation

1    Application having been made on behalf of Creditors WELLS FARGO BANK,

2    N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS

3    SERVICING, LP, a Texas limited partnership("Creditors"), and good cause appearing

4    therefore,

5    **IT IS ORDERED THAT:**

6    1.    Creditors' motion for relief from stay pursuant to 11 U.S.C. §362 (d) (1)

7          and (2), is hereby granted.

8    2.    Relief from the automatic stay is granted to Creditors to complete case

9          numbers 45679 and 46190, pending in Lassen County Superior Court with

10         respect to the real property commonly known as 695-725 Highway 36,

11         Susanville, California 96130 (the "Subject Property").

12   3.    Specifically, the Creditors are granted relief from the automatic stay to

13         pursue judgment in the Lassen County Superior Court establishing the

14         Creditors' equitable lien and mortgage over the Subject Property, in

15         accordance with the court's ruling on Creditors' motion for summary

16         adjudication on July 21, 2011.

17   4.    Creditors' motion to excuse turnover by Receiver pursuant to 11 U.S.C.

18         §543 (d) (1), is hereby granted.

19   5.    The state court appointed receiver shall hereby be reinstated in its duties

20         according to the state court's order.

21   6.    The receiver shall comply with the Bankruptcy Code and Rules and must

22         report to this court by filing periodic reports, for no more than 120 days.

23         These reports shall be served on the debtor, the U.S. Trustee and the 20

24         largest unsecured creditors.

25   7.    If and when the court determines that the property in possession of the

26         receiver is not an estate asset, the receiver will be discharged of her duties

27         to the Bankruptcy court.

28   ///

THE RYAN FIRM
A Professional Corporation

2

[Proposed] Order

8.  na
    _____

    _____

Dated: October 21, 2011                    By the Court:

                                           Michael S. McManus
                                           United States Bankruptcy Judge

r:\8045 bank of america\8045-1267 norman allen v. wilshire\case no. 45679\bennett bankruptcy\motion for relief from stay\proposed order.doc

3

[Proposed] Order

THE RYAN FIRM
A Professional Corporation

**PROOF OF SERVICE**

1

2    I am over the age of eighteen years and not a party to the within action. I am employed by The Ryan Firm, A Professional Corporation, whose business address is:

3    1100 North Tustin Avenue, Suite 200, Anaheim, California 92807.

4    On October 20, 2011, I served the within document(s) described as:

5    **[PROPOSED] ORDER ON CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICING, LP'S MOTION FOR RELIEF FROM STAY AND**

6    **TO EXCUSE TURNOVER BY RECEIVER PURSUANT TO 11 U.S.C. §§ 362 (D) AND 543 (D)**

7    on the interested parties in this action:

8    ☒    by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)

9    ☒    addressed as follows: ☐ addressed as stated on the attached mailing list.

10

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Dwight Bennett<br>P.O. Box 540<br>Susanville, CA 96130 | Tel:  530-257-2555<br>Fax: 530-257-0340<br>whisperingpines@frontiernet.net | Debtor |
| Office of The U.S.Trustee<br>Allen Massey<br>501 I Street, Suite 7-500<br>Sacramento, CA 95814 | Tel: 916-930-2081<br>Fax: 916-930-2099<br>al.c.massey@usdoj.gov | United States<br>Trustee |

11

12

13

14

15    ☒    **BY MAIL** (F.R.Civ.P., rule 5(b)(1); F.R.Civ.P., rule 5(b)(2)(C))—I deposited such

16    envelope(s) for processing in the mailroom in our offices, having been address to each party's attorney(s) of record at their last known address. I am "readily

17    familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage

18    thereon fully prepaid at Anaheim, California, in the ordinary course of business.

19    ☒    **CM/ECF** (U.S. Bankruptcy Court, Eastern District of California, Local Civil

20    Rule)—The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users. All parties

21    who are not registered, if any, were served in the manner set forth above.

22    ☒    (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

24    Executed on October 20, 2011, at Anaheim, California.

25    

26    JODY MCLAIN

27

28

Proof of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re **Dwight Bennett**                )    Case No.  **11-40155**
                                         )
                                         )    DC No.    **TRF-2**
                                         )
                   Debtor(s).            )
_____  )

### REQUEST FOR CLERK'S NOTICE OF ENTRY

A proposed judgment/order entitled **Proposed Order on Creditors WFB , N.A.**

**and BAC's Mtn. for Rel. from Stay and to Excuse (11 U.S.C 362 and 543)**   was

submitted on October 20, 2011    .  Upon entry on docket, please prepare a notice of

entry and, pursuant to Local Rule 9022-1(a), serve it by mail upon the following parties

who appeared in connection with the judgment or order, at the addresses shown below.

Dwight Bennett
P.O. Box 540
Susanville, CA
96130


Office of the United States Trustee
Allen Massey
501 I. Street, Suite 7-500
Sacramento, CA 95814


☐ Continuation Sheet(s) Attached

DATED: October 20, 2011          /S/ AUSTIN T. BEARDSLEY
                                 Signature of Requesting Party


Do not submit this **Request for Clerk's Notice of Entry** form for: (1) Judgments/Orders on uncontested
matters where only the movant appeared at the hearing, (2) Stipulations and Judgments/Orders, (3)
Orders to Continue a Hearing, or (4) Orders relating to dismissal, discharge, conversion, or confirming
plan in the main bankruptcy case.

EDC 3-965 (Rev. 4/6/04)

EXHIBIT E

EXHIBIT E

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

---

| **Case Title :** | Dwight Alan Bennett | **Case No :** | **11-40155 - A - 7** |
| | | **Date :** | 1/3/12 |
| | | **Time :** | 10:00 |

| **Matter :** | [122] - Motion/Application to Abandon [HSM-1] Filed by Trustee Susan Didriksen (nkrs) | UNOPPOSED |

| **Judge :** | Michael S. McManus |
| **Courtroom Deputy :** | Sarah Head |
| **Reporter :** | Diamond Reporters |
| **Department :** | A |

---

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

---

MOTION was :
Granted
See final ruling below.


ORDER TO BE PREPARED BY :        Movant(s)

Final Ruling: The motion will be granted.

The trustee wishes to abandon the estate's interest in all the debtor's animals, including 36 horses and other animals such as dogs, goats, and donkeys.

11 U.S.C. § 554(a) provides that a trustee may abandon any estate property that is burdensome or of inconsequential value or benefit to the estate, after notice and a hearing.

Most, if not all, horses have been moved by order of Lassen County Superior Court from the debtor's real property to the Grace Foundation, an organization for the rescue of horses. The trustee's investigation has revealed that the animals, including the horses, cannot be sold to realize a benefit to the estate. Given this, the court concludes that the animals are burdensome or of inconsequential value to the estate. The motion will be granted.

EXHIBIT F

EXHIBIT F

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

| | |
|---|---|
| **Case Title :** | Dwight Alan Bennett |

| | |
|---|---|
| **Case No :** | 11−40155 − A − 7 |
| **Date :** | 8/13/12 |
| **Time :** | 09:00 |

**Matter :**  [193] − Motion/Application to Allow Viewing, Inventory and Retrieval of Debtor's Personal Property Filed by Debtor Dwight Alan Bennett (jgis)
[193] − Motion/Application for Compensation for Carolyn R. Chan, Debtor's Attorney(s), Fee: $4250.00, Expenses: $0.00. Filed by Attorney Carolyn R. Chan (jgis)          OPPOSED

**Judge :**  Michael S. McManus
**Courtroom Deputy :**  Janice Busch
**Reporter :**  Diamond Reporters
**Department :**  A

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
Trustee's Attorney − Howard S. Nevins
(by phone)    Creditor's Attorney − Timothy Ryan
Grace Foundation Attorney − Stuart Leviton

MOTION was :
Denied
See final ruling below.

The court will issue a minute order.

Final Ruling: The motion will be denied.

The debtor is asking the court:

(1) to compel inspection, inventory and turnover of his personal property by the state court receiver and Wells Fargo Bank;

(2) to allow him to inventory his horses currently in the possession of the Grace Foundation and to relocate those horses to another caregiver, as Grace wishes to abandon the horses and has stated that it will no longer provide them with food and care;

(3) for attorney's fees in having to bring this motion, to be paid by counsel for Wells Fargo Bank; and

(4) to affirm the existence of the automatic stay and that the stay precludes Grace from prosecuting its state court case against the debtor (apparently, Grace named the debtor in the same state court action it sued Wells Fargo Bank post−petition, but without obtaining relief from stay).

The debtor asked for an order shortening time on this motion due to the alleged urgency about the care of the horses that are in Grace's possession. There is no urgency as to the other relief requested by the debtor. He should file his motion for the other relief and set it for a hearing in accordance with Local Bankruptcy Rule 9014−1(f) on at least 14 days'

notice. See Local Bankruptcy Rule 9014−1(f)(2).

The debtor's bankruptcy estate does not have interest in the horses in Grace's possession because the estate abandoned the animals. On January 6, 2012, the court entered an order abandoning all animals. Docket 136. Because the horses have been abandoned, this court does not have jurisdiction over their administration, including their inventory and/or turnover. See 28 U.S.C. §§ 1334(b) and 157(b).

Of course, the debtor's interest in the animals is protected by the automatic stay until he gets his discharge or the automatic stay is terminated by this court. See 11 U.S.C. § 362(a), (c)(1), (c)(2).

To the extent the debtor is asking for damages due to any violations of the automatic stay by Grace, or anyone else, with regard to the horses, the court does not have sufficient evidence to determine that any violations have occurred.

The motion is supported by two declarations, one by the debtor and another by the debtor's counsel. The debtor's declaration does not say anything about the horses in the possession of Grace. The declaration of the debtor's counsel does not identify any automatic stay violations. It discusses the debtor's attempts to obtain an inventory of the horses from Grace. The debtor has not identified any action by anyone that constitutes violation of the stay. Grace is apparently willing to turn over the horses to the debtor. Grace though is not willing to give an inventory of the horses to the debtor. While Grace's refusal to provide the debtor with an inventory may not be appropriate, it is not a violation of the automatic stay. See 11 U.S.C. § 362(a).

Finally, this court's docket reflects that the state court ordered the animals into the custody of county officials before this bankruptcy case was filed. This could not have violated the automatic stay because it took place before the case was filed. It may be that the county took possession of the horses, or turned over possession of the horses to Grace, after the bankruptcy case was filed, but this too did not violate the automatic stay.

The county took charge of the horses because it was determined that the debtor has not properly caring for the horses. Lassen County was exercising its police powers when it made this determination and when it took charge of the horses. Even if this occurred after the filing of the bankruptcy, it did not violate the automatic stay. 11 U.S.C. § 362(b)(4) provides:

"The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay

. . .

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power:"

No claim was being enforced by Wells Fargo or anyone else against the horses. Their custody was the subject of a proceeding to protect the horses.

Therefore, this court can make no, and makes no, determination concerning the debtor's entitlement to possession of the horses in the possession of Grace. This is because the horses have been abandoned to the debtor and the debtor's right to possess or control the animals is subject to the state court jurisdiction. The debtor must go to state court to compel Grace to account for and turn over the horses to the debtor.

Given the foregoing, the motion will be denied.

EXHIBIT G

EXHIBIT G

8045-1267ATB

COPY

ENDORSED FILED

OCT 1 2 2010

R. REED, Chief Administrative Officer
LASSEN COUNTY COURTS

By _____ Deputy

S. Spangler

1  Timothy M. Ryan, Bar No. 178059
   Austin T. Beardsley, Bar No. 270046
2  THE RYAN FIRM
   A Professional Corporation
3  1100 N. Tustin Avenue, Suite 200
   Anaheim, California 92807
4  Telephone (714) 666-1362; Fax (714) 666-1443

5  Attorneys for Defendants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust
6  Series 2005-HE3 and BAC HOME LOANS SERVICING, LP, a Texas limited
   partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as
7  BAC Home Loan Servicing, LLP

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF LASSEN

10

11  NORMAN W. ALLEN,                          LEAD CASE NO.: 45679

12              Plaintiff,                    (Consolidated with: 50324 & 46190)

13  vs.                                       Unlimited Jurisdiction
                                              Complaint Filed April 13, 2010
14  T.D. SERVICE COMPANY, WELLS               Assigned to Hon. F Donald Sokol
    FARGO BANK, N.A. AS TRUSTEE
15  FOR THE MLMI TRUST SERIES                 CROSS-COMPLAINT FOR:
    2005-HE3, and DOES 1-10,
16                                            1.    Declaratory Relief
17              Defendants.                   2.    Rescission
                                              3.    Reformation
18  NORMAN W. ALLEN,                          4.    Subrogation
                                              5.    Equitable Lien
19              Plaintiff,                    6.    Equitable Mortgage
                                              7.    Negligent Misrepresentation
20  vs.                                       8.    Professional Negligence

21  SUMMIT FINANCIAL GROUP;                   Trial Date:   None set.
22  DANA CAPITAL CORP.; STEVE
    WEICH; ROD HOSILYK; DWIGHT
23  A. BENNETT; JUDITH A. ST. JOHN;
    WILSHIRE CREDIT
24  CORPORATION; EVANS
    APPRAISAL SERVICES, INC.; and
25  DOES 1–10,

26              Defendants.

27

28

THE RYAN FIRM
A Professional Corporation

1

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Defendants WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3 and BAC HOME LOANS SERVICING, LP, a Texas limited partnership, successor by merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing, LLP

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LASSEN

| | |
|---|---|
| NORMAN W. ALLEN,<br><br>        Plaintiff,<br><br>vs.<br><br>T.D. SERVICE COMPANY, WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2005-HE3, and DOES 1-10,<br><br>        Defendants. | LEAD CASE NO.: 45679<br><br>(Consolidated with: 50324 & 46190)<br><br>Unlimited Jurisdiction<br>Complaint Filed April 13, 2010<br>Assigned to Hon. F Donald Sokol |

| | |
|---|---|
| NORMAN W. ALLEN,<br><br>        Plaintiff,<br><br>vs.<br><br>SUMMIT FINANCIAL GROUP; DANA CAPITAL CORP.; STEVE WEICH; ROD HOSILYK; DWIGHT A. BENNETT; JUDITH A. ST. JOHN; WILSHIRE CREDIT CORPORATION; EVANS APPRAISAL SERVICES, INC.; and DOES 1–10,<br><br>        Defendants. | **CROSS-COMPLAINT FOR:**<br><br>1.   **Declaratory Relief**<br>2.   **Rescission**<br>3.   **Reformation**<br>4.   **Subrogation**<br>5.   **Equitable Lien**<br>6.   **Equitable Mortgage**<br>7.   **Negligent Misrepresentation**<br>8.   **Professional Negligence**<br><br>Trial Date:    None set. |

THE RYAN FIRM<br>A Professional Corporation

1

THE RYAN FIRM
A Professional Corporation

| | |
|---|---|
| 1 | WELLS FARGO BANK, N.A., as |
| | Trustee for MLMI Trust Series 2005- |
| 2 | HE3 and BAC HOME LOANS |
| | SERVICING, LP, a Texas limited |
| 3 | partnership, successor by merger to |
| | Wilshire Credit Corporation, |
| 4 | erroneously sued as BAC Home Loan |
| | Servicing, LLP, |
| 5 | |
| 6 | Cross-Complainants, |
| 7 | vs. |
| 8 | NORMAN W. ALLEN, DWIGHT A. |
| | BENNETT, JUDITH A. ST. JOHN, |
| 9 | EVANS APPRAISAL SERVICES, |
| | INC., AND ROES 1-10 |
| 10 | |
| 11 | Cross-Defendants. |
| 12 | AND ALL OTHER CROSS- |
| | ACTIONS |
| 13 | |

14    Cross-Complainants, Wells Fargo Bank, N.A., as Trustee for MLMI Trust Series

15  2005-HE3 and BAC Home Loan Servicing LP, a Texas limited partnership, successor by

16  merger to Wilshire Credit Corporation, erroneously sued as BAC Home Loan Servicing

17  LLP, hereby allege as follows:

18                                **PARTIES**

19    1.    Cross-Complainant Wells Fargo Bank, N.A. ("Wells Fargo") is the current

20  Trustee for the MLMI Trust Series 2005-HE3, beneficiary for the WFB Deed of Trust for

21  the real property in Lassen County known as assessor's parcel number 099-260-70

22  ("WFB WFB Deed of Trust.")

23    2.    Cross-Complainant BAC Home Loans Servicing LP ("BAC,") a Texas

24  Limited Partnership, successor by merger to Wilshire Credit Corporation, erroneously

25  sued as BAC Home Loan Servicing LLP, is the servicer of the loan secured by the WFB

26  WFB Deed of Trust.

27    3.    Wells Fargo and BAC are informed and believe, and based thereon allege,

28  that Cross-Defendant Norman Allen is an individual residing in the County of Lassen.

                                    2

─────────────────────────────────────────

1       4.     Wells Fargo and BAC are informed and believe, and based thereon allege,

2   that Cross-Defendant Dwight A. Bennet is an individual residing in the County of

3   Lassen.

4       5.     Wells Fargo and BAC are informed and believe, and based thereon allege,

5   that Cross-Defendant Judith St. John is an individual residing in the County of Lassen.

6       6.     Wells Fargo and BAC are informed and believe, and based thereon allege,

7   that Cross-Defendant Evans Appraisal Service is a corporation doing business in and

8   organized under the laws of the State of California.

9       7.     The true names and capacities, whether individual, corporate, associate, or

10  otherwise, of Cross-Defendants Roes 1-100 are unknown to Wells Fargo and BAC, and

11  therefore sues Cross-Defendants by such fictitious names.   Cross-Complainant reserves

12  the right to amend this Cross-Complaint to specify the true names of said Cross-

13  Defendants when those true names become ascertained and known.

14                         **VENUE**

15      8.     This action was commenced by Plaintiff on September 18, 2007 against,

16  among others, Wells Fargo and BAC for reformation of the WFB WFB Deed of Trust for

17  a 14.03 acre parcel of real property located in Lassen County, California. The subject

18  property is within the boundaries of this judicial district, and this action is properly within

19  the court's jurisdiction.

20                  **FIRST CAUSE OF ACTION**

21        **(For Declaratory Relief Against Allen, St. John, and Bennett)**

22      9.     Wells Fargo and BAC re-allege and incorporate by reference the allegations

23  contained in paragraphs 1 through 8 inclusive as though set forth in full herein.

24      10.    On or before June, 2004, Cross-Defendants Bennett and St. John owned as

25  joint tenants a 54.03 acre parcel in Lassen County ("the 54 acres.")  Bennett and St. John

26  desired to re-finance the property in order to pay off the existing mortgage.  Bennett and

27  St. John agreed to partition the two lots creating a small, valuable lot that could be sold

28  for enough money to pay of the entire mortgage.

THE RYAN FIRM
A Professional Corporation

3

THE RYAN FIRM
A Professional Corporation

11.     On or about June 14, 2004, Cross-Defendant St. John quitclaimed her interest in 14.03 of the 54 acres to Cross-Defendant Bennett ("the 14 acres.") This lot is known as assessor's parcel number 099-260-70.  The remaining 40 acres are now known as assessor's parcel number 099-260-69 ("the 40 acres.")  Bennett and St John both remain on the title to the 40 acres.

12.     On or about December 4, 2004, Cross-Defendants Bennett and Allen entered into a contract ("Contract") for the sale of the 14 acres.

13.     In or about May 2005, Cross-Defendants completed the sale for a total purchase price of $485,000.00. In order to obtain the full purchase price, Cross-Defendant Allen executed a note in the amount of $437,000.00.

14.     Wells Fargo and BAC are informed and believe, and based thereon allege, that Bennett used the proceeds of the sale to pay off the previous mortgage on the property.  ("Existing Mortgage.")

15.     To secure the note, Cross-Defendant Allen executed the WFB Deed of Trust on the 14 acres.

16.     The WFB Deed of Trust belongs to the MLMI Trust Series 2005-HE3, Cross-Complainant Wells Fargo acting as Trustee of the Trust.  Cross-Complainant BAC acts as servicer on the Deed for Wells Fargo.

17.     Wells Fargo and BAC are informed and believe, and based thereon allege, that at all times relevant, all parties to this cause of action believed that the improvements, including a residence, a barn, and outbuildings ("Improvements") originally located on the 54 acres were subsequently located on the 14 acres rather than the 40 acres.

18.     Wells Fargo and BAC are informed and believe, and based thereon allege, that at all times relevant, all parties to this cause of action intended the Improvements to be part of the 14 acres.

19.     Wells Fargo and BAC are informed and believe, and based thereon allege, that at all times relevant, all parties to this cause of action knew that it was necessary for

4

1    the Improvements to be on the 14 acres, otherwise, the property would not command a

2    price sufficient to pay off the Existing Mortgage.

3        20.    Wells Fargo and BAC are informed and believe, and based thereon allege,

4    that the Contract for sale was founded on the mistaken belief that the Improvements were

5    located on the 14 acres and the purchase price reflects the market value of the 14 acres

6    plus the Improvements.

7        21.    Wells Fargo and BAC are informed and believe, and based thereon allege

8    that, the WFB Deed of Trust was executed based on the mistaken belief that the

9    Improvements were located on the 14 acres, and the price of the note reflects the market

10    value of the 14 acres plus the Improvements.  Bennett and St. John received the value of

11    the 14 acres plus Improvements, and were able to pay off the Existing Mortgage.

12        22.    If the allegations of the Complaint are true, the Improvements are located

13    on the 40 acres.

14        23.    If the allegations of the Complaint are true, there exists a real controversy

15    between Cross-Complainants and Cross-Defendants, namely the intent of all parties to

16    convey the Improvements, concerning their respective rights and duties under the WFB

17    Deed of Trust and Contract, requiring a judicial determination, interpretation, and

18    declaration of the parties' respective rights and duties under the WFB Deed of Trust and

19    Contract.

20                    **SECOND CAUSE OF ACTION**

21                    **(For Rescission Against Allen)**

22        24.    Wells Fargo and BAC re-allege and incorporate by reference the allegations

23    contained in paragraphs 1 through 23 inclusive as though set forth in full herein.

24        25.    If the allegations in the Complaint are true, Cross-Defendant Allen

25    executed the WFB Deed of Trust under the mistaken belief that the deed included the 14

26    acres plus the Improvements.

27        26.    If the allegations in the Complaint are true, predecessors in interest to Wells

28    Fargo and BAC entered into the WFB Deed of Trust under the mistaken belief that the

THE RYAN FIRM
A Professional Corporation

5

1    deed included the 14 acres plus the Improvements.

2         27.    Wells Fargo and BAC are ready, willing and able to tender the WFB Deed

3    of Trust to Allen in exchange for the original loan amount minus any principal payments

4    Cross-Defendant Allen has already paid on the note.

5         28.    Wells Fargo and BAC are informed and believe, and based thereon allege,

6    that this mutual mistake constitutes grounds for rescission of the WFB Deed of Trust, and

7    Cross-Complainants' tender allows the court to grant rescission of the WFB Deed of

8    Trust.

9                        **THIRD CAUSE OF ACTION**

10                **(For Reformation Against Allen, Bennett, and St. John)**

11        29.    Wells Fargo and BAC re-allege and incorporate by reference the allegations

12    contained in paragraphs 1 through 28 inclusive as though set forth in full herein.

13        30.    Wells Fargo and BAC are informed and believe, and based thereon allege,

14    that St. John intended to convey the Improvements when she quitclaimed the 14 acres to

15    Bennett.

16        31.    Wells Fargo and BAC are informed and believe, and based thereon allege,

17    that Bennett intended to convey the Improvements to Allen when they entered into the

18    Contract for the sale of the 14 acres.

19        32.    Wells Fargo and BAC are informed and believe, and based thereon allege,

20    that Allen intended the Improvements to be a part of WFB Deed of Trust.

21        33.    Wells Fargo and BAC are informed and believe, and based thereon allege,

22    that Bennett and St. John benefited from the sale by paying off the Existing Mortgage

23    with the sale proceeds.  Bennett and St. John knew the only way to receive enough

24    money to pay off the Existing Mortgage was to convey the Improvements along with the

25    14 acres.

26        34.    If the allegations in the Complaint are true, reformation of each of these

27    instruments will reflect the true intentions of the parties, and restore to each party the

28    intended benefits of the respective bargains.

THE RYAN FIRM
A Professional Corporation

6

1    35.    If the allegations in the Complaint are true, without reformation of all of the

2   instruments involved, Bennett and St. John will be inequitably enriched by being able to

3   pay off the Existing Mortgage while not parting with the valuable property they intended

4   to sell.

5                          **FOURTH CAUSE OF ACTION**

6              **(For Equitable Subrogation Against Bennett and St. John)**

7    36.    Wells Fargo and BAC re-allege and incorporate by reference the allegations

8   contained in paragraphs 1 through 35 inclusive as though set forth in full herein.

9    37.    Wells Fargo and BAC are informed and believe, and based thereon allege,

10  that the loan proceeds from  Defendant Allen's purchase of the 14 acres paid off the

11  Existing Mortgage on all 54 acres.  The lender, Option One Mortgage, Wells Fargo and

12  BAC's predecessor in interest ("Lender,") paid off the Existing Mortgage in order to

13  secure the 14 acres and Improvements.

14   38.    Lender did not act as a volunteer in paying off the Existing Mortgage.

15   39.    Lender was not primarily liable for the Existing Mortgage.

16   40.    Lender paid off the entire Existing Mortgage.

17   41.    Subrogating the current mortgage on the 14 acres with the Existing

18  Mortgage will re-align the interests of each party with the interests each party intended to

19  give and receive.

20                          **FIFTH CAUSE OF ACTION**

21             **(For Equitable Lien Against Allen, Bennett, and St. John)**

22   42.    Wells Fargo and BAC re-allege and incorporate by reference the allegations

23  contained in paragraphs 1 through 41 inclusive as though set forth in full herein.

24   43.    Wells Fargo and BAC are informed and believe and based thereon allege

25  that on or about June 14, 2004, Cross-Defendant St. John quitclaimed her interest in the

26  14 acres to Cross-Defendant Bennett with intent to convey the Improvements.  She did so

27  to create a parcel valuable enough to pay off the Existing Mortgage on all 54 acres.

28  ///

**THE RYAN FIRM**
A Professional Corporation

7

Cross-Complaint

44.    Wells Fargo and BAC are informed and believe and based thereon allege that Cross-Defendant Bennett sold the 14 acres to Cross-Defendant Allen with intent to convey the Improvements. He did so in order to generate enough revenue from the sale to pay off the Existing Mortgage on all 54 acres.

45.    Cross-Defendant Allen executed the note for $437,000. To secure the note, Wells Fargo and BAC are informed and believe and based thereon allege that Allen executed the WFB Deed of Trust with intent to provide the Improvements as security.

46.    Wells Fargo and BAC are informed and believe and based thereon allege that the loan proceeds were used to pay off the existing mortgage on the 54 acres.

47.    The Improvements were not actually included on the WFB Deed of Trust.

48.    Wells Fargo and BAC are informed and believe and based thereon allege that without the Improvements, the value of the 14 acres is under $100,000 dollars.

49.    Therefore, Wells Fargo and BAC are entitled to the imposition of an equitable lien on the improvements. Imposition of an equitable lien will put all parties in their intended positions, and will afford all parties the benefits sought by entering into these transactions.

## SIXTH CAUSE OF ACTION

### (Equitable Mortgage Against Bennett, St. John, and Allen)

50.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 49 inclusive as though set forth in full herein.

51.    Wells Fargo and BAC are informed and believe and based thereon allege that on or about June 14, 2004, Cross-Defendant St. John quitclaimed her interest in the 14 acres to Cross-Defendant Bennett with intent to convey the Improvements. She did so to create a parcel valuable enough to pay off the Existing Mortgage on all 54 acres.

52.    Wells Fargo and BAC are informed and believe and based thereon allege that Cross-Defendant Bennett sold the 14 acres to Cross-Defendant Allen with intent to convey the Improvements. He did so in order to generate enough revenue from the sale to pay off the Existing Mortgage on all 54 acres.

8

THE RYAN FIRM
A Professional Corporation

53.    Cross-Defendant Allen executed the note for $437,000.  To secure the note, Wells Fargo and BAC are informed and believe and based thereon allege that Allen executed the WFB Deed of Trust with intent to provide the Improvements as security.

54.    Wells Fargo and BAC are informed and believe and based thereon allege that the loan proceeds were used to pay off the Existing Mortgage on the 54 acres.

55.    The Improvements were not actually included on the WFB Deed of Trust.

56.    As a result of these mistakes of fact, Wells Fargo and BAC currently do not hold the security interest in the Improvements that all parties intended.

57.    Therefore, Wells Fargo and BAC are entitled to imposition of an equitable mortgage on the Improvements.

58.    This mortgage will be enforceable against any party adjudged to hold title to the Improvements because the mortgage was intended by all parties to encumber the improvements, and the loan proceeds were used to pay off the existing loan on the Improvements.

### SEVENTH CAUSE OF ACTION
### (For Negligent Misrepresentation
### Against Evans Appraisal Service, and ROES 1-10)

59.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 58 inclusive as though set forth in full herein.

60.    Wells Fargo and BAC are informed and believe and based thereon allege that in or about March 2005, Steve Weich, acting as an agent for Summit Financial Group, requested an appraisal of the 14 acres from Cross-Defendant Evans Appraisal service.

61.    Wells Fargo and BAC are informed and believe and based thereon allege that on or about March 7, 2005, Chris Talley, an appraiser for Cross-Defendant Evans Appraisal Service delivered to Dana Capital an "Appraisal of Real Property." (Appraisal.)

/ / /

9

Cross-Complaint

THE RYAN FIRM
A Professional Corporation

62.    Wells Fargo and BAC are informed and believe and based thereon allege that the Appraisal purports to determine the value of the 14 acre parcel.

63.    Wells Fargo and BAC are informed and believe and based thereon allege that the appraisal includes the Improvements on the 14 acre parcel, and estimates the market value of 14 acre parcel to be $485,000.

64.    Wells Fargo and BAC are informed and believe and based thereon allege that the Appraisal was furnished to the original lender, Option One Mortgage to help Option One Mortgage determine a loan amount.

65.    Option One relied on the figures stated in the Appraisal, and loaned $437,000 against the 14 Acres.

66.    Wells Fargo and BAC are informed and believe and based thereon allege that Evans Appraisal Service knew that lenders such as Option One, as well as investors who purchase mortgages would rely on the Appraisal in determining how much money would be loaned against the property.  They had this knowledge because Dana Capital and Summit Financial Group by their agents Steve Weich and Rod Hosylik represented to Cross-Defendant Evans Appraisal service this purpose in ordering the appraisal.

67.    The Improvements are not located on the 14 acres.

68.    Wells Fargo and BAC are informed and believe and based thereon allege that the actual market value of the 14 acres was less than $100,000, constituting a loss on the investment greater than $300,000.00.

## EIGHTH CAUSE OF ACTION

### (For Professional Negligence

### Against Evans Appraisal Service, and ROES 1-10)

69.    Wells Fargo and BAC re-allege and incorporate by reference the allegations contained in paragraphs 1 through 68 inclusive as though set forth in full herein.

70.    Wells Fargo and BAC are informed and believe and based thereon allege that Cross-Defendant Evans Appraisal Service knew that the Appraisal would be relied upon by lenders and investors.

10

71.    Evans Appraisal Service therefore owed a duty to any lenders and subsequent investors to accurately state the value of the 14 Acres.

72.    Wells Fargo and BAC are informed and believe and based thereon allege that Evans Appraisal Service appraised the 14 Acres at $485,000.00.

73.    Wells Fargo and BAC are informed and believe and based thereon allege that Option One Mortgage, the original lender, and predecessor to Wells Fargo, relied upon the Appraisal when it loaned $437,000.00 on the 14 Acres.

74.    Wells Fargo are informed and believe and based thereon allege that the actual market value of the 14 Acres was under $100,000.00, constituting a loss on the investment greater than $300,000.00

## PRAYER

**WHEREFORE,** Wells Fargo and BAC pray for judgment as follows:

1.    For judgment declaring the rights and duties of each of the parties specified above.

2.    For judgment ordering the WFB Deed of Trust rescinded, and all properties and monies returned to the respective parties.

3.    For reformation of each and every instrument involved above to reflect the intent of the parties to convey the Improvements along with the 14 acres.

4.    For equitable subrogation, placing a lien on the 14 acres and the Improvements to reflect the intended benefits to each party.

5.    For Imposition of an equitable lien on the Improvements in favor of Wells Fargo and BAC, resulting in a right and just resolution to this controversy.

6.    For Imposition of an Equitable Mortgage on the Improvements in favor of Wells Fargo and BAC, encumbering the property all parties intended to encumber.

7.    For damages against Evans Appraisal Service for negligent misrepresentation in an amount to be proven at trial.

8.    For damages against Evans Appraisal Service for professional negligence in an amount to be proven at trial.

11

1    9.    For Attorney's fees and costs as allowed by law.

2

3    DATED:  October 8, 2010                          THE RYAN FIRM
                                                       A Professional Corporation
4

5

6

7    By: _____
                                                       TIMOTHY M. RYAN
8                                                      AUSTIN T. BEARDSLEY
                                                       Attorneys for Defendants/Cross-
9                                                      Complainants WELLS FARGO
                                                       BANK, N.A., as Trustee for MLMI
10                                                     Trust Series 2005-HE3 and BAC
                                                       HOME LOAN SERVICING, LP, a
11                                                     Texas limited partnership, successor by
                                                       merger to Wilshire Credit Corporation,
12                                                     erroneously sued as BAC Home Loan
                                                       Servicing, LLP
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE RYAN FIRM
A Professional Corporation

12

Cross-Complaint

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action.  I am employed by The Ryan Firm, A Professional Corporation, whose business address is: 1100 North Tustin Avenue, Suite 200, Anaheim, California 92807.

On October 8, 2010, I served the within document(s) described as: **CROSS-COMPLAINT** on the interested parties in this action:

☒     by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ addressed as stated on the attached mailing list.

| Name & Address | Telephone / Fax / E-mail | Role |
|---|---|---|
| Peter M. Talia, Esq.<br>L/O Peter M. Talia<br>470-345 Circle Drive<br>Susanville, CA 96130 | Tel.:   (530) 257-5199<br>Fax:   (530) 257-5995 | Counsel for Plaintiff<br>NORMAN W. ALLEN |
| David A. Hosilyk<br>Fine, Boggs & Perkins, LLP<br>2450 S. Cabrillo Highway<br>Suite 100<br>Half Moon Bay, CA 94109 | Tel.:   (650) 712-8908<br>Fax:   (650) 712-1712 | Counsel for Defendants<br>ROD HOSILYK and<br>SUMMIT FINANCIAL<br>GROUP |
| Dwight A. Bennett<br>695–725 State Highway 36<br>Susanville, CA 96130 | Tel.:   (530) 257-5199<br>Fax:   (530) 257-5995 | Defendant/Cross-<br>Defendant in pro per |
| Craig B. Close<br>Close Associates Law Offices<br>P.O. Box 2522<br>Truckee, CA 96160 | Tel:   (530) 587-7666<br>Fax:   (530) 550-8888 | Counsel for<br>Defendant/Cross-<br>Complainant JUDITH A.<br>ST. JOHN |
| Steve Weich<br>5876 Coyote Road<br>Reno, NV 89523-1513 | Tel.:   Unknown<br>Fax:   Unknown | Defendant in pro per |
| Jerrald K. Pickering, II, Esq.<br>Pickering Law Corporation<br>1915 Placer Street<br>Redding, CA 96001<br>P.O. Box 992200<br>Redding, CA 96099-2200 | Tel.:   (530) 241-5811<br>Fax:   (530) 241-3145 | Counsel for Defendant |

☒   **BY MAIL** (Code Civ. Proc. § 1013(a))—I deposited such envelope(s) for processing in the mailroom in our offices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Anaheim, California, in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

1

Cross-Complaint

☒    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 8, 2010, at Anaheim, California.

_____
JODY MCLAIN

2

Cross-Complaint