# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Dwight Alan Bennett | **Case No :** | 11–40155 – A – 7 |
| | | **Date :** | 11/15/12 |
| | | **Time :** | 3:00 |

| | |
|---|---|
| **Matter :** | [211] – Motion for Relief from Automatic Stay [SZW–1] Filed by Creditor Bank of America, N.A. (Fee Paid $176) (stps) |
| **Judge :** | Michael S. McManus |
| **Courtroom Deputy :** | Sarah Head |
| **Reporter :** | Diamond Reporters |
| **Department :** | A |

**APPEARANCES for :**
**Movant(s) :**
  Creditor's Attorney – Scott Greene, Sharon Weiss (by phone)
**Respondent(s) :**
(by phone)  Debtor(s) Attorney – Carolyn R. Chan
(by phone)  Trustee's Attorney – Howard S. Nevins
  Creditor's Attorney – Estela Pino, David Haynes, Stuart Leviton (by phone)
  U.S. Trustee's Attorney – Allen Massey

MOTION was :
Granted in part
See final ruling below.

The court will issue a minute order.

Final Ruling: The motion will be granted in part.

The movant, Bank of America, seeks relief from the automatic stay to allow the state court to determine how to dispose of horses owned by the debtor that are presently in the possession of The Grace Foundation of Northern California. While the movant has no security interest in the horses, it asks for this relief.

The horses were found on property in which the bank claims a security interest. In connection with its efforts to reform its deed of trust and to foreclose on that property, the state court appointed a receiver to take charge of the property. The receiver found the horses on the property. Because they were not being properly cared for, Lassen County and the receiver received permission to allow the Grace Foundation to care for the horses. Grace is no longer able to care for the horses and the state court will be holding a hearing on the future ownership, custody, and care of the horses on November 16, 2012. Lassen County has also indicated that it does not have the funds to care for the horses.

The bankruptcy trustee abandoned the estate's interest in the horses described in the motion, as well as all other animals in which the debtor claimed an ownership interest. As far as the bankruptcy is concerned, the horses are the property of the debtor subject to applicable nonbankruptcy law. See Docket 136. They are no longer part of the bankruptcy estate. And, because they are no longer property of the bankruptcy estate, the automatic stay as to the bankruptcy estate's interest in the horses has expired as a matter of law. See 11 U.S.C. § 362(c)(1). The motion, as to the bankruptcy estate, is moot.

The state court's prior ruling permitting Grace Foundation to care for the horses did not violate the automatic stay. Likewise, any proceeding and order pertaining to the continued protection and care of the horses would be an exercise of Lassen County's police and regulatory authority. This includes its right to

dispossess the debtor of the horses and to petition the state court to secure the protection and care of the horses. 11 U.S.C. § 362(b)(4) applies to such a proceeding. 11 U.S.C. § 362(b)(4) provides that:

"The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay

. . .

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power."

In other words, when Lassen County dispossessed the debtor of the horses and Grace Foundation was given custody of them, Lassen County was exercising its police or regulatory powers within the meaning of 11 U.S.C. § 362(b)(4), and the automatic stay did not apply. Now that Grace can no longer care for the horses, the state court will be asked to secure the continued protection and care of the horses. The automatic stay does not bar the state court from determining and securing the continued protection and care of the horses.

While the automatic stay protects the debtor and the debtor's assets, the automatic stay has been unduly extended because the debtor has failed to file a certificate that he has completed a course on personal financial management and to pay the entire filing fee. Had these things been done when they should have been done, the debtor would have received a discharge and the automatic stay as to the debtor and the debtor's property would have long ago expired. See 11 U.S.C. § 362(c)(2).

To the extent the actions contemplated relative to the horses do not implicate the Lassen County's police and regulatory powers, the automatic stay conceivably might come into play. The horses belong to the debtor and the debtor's property continues to be protected by the automatic stay.

Therefore, the court will terminate the automatic stay as to the debtor's interest in the horses pursuant to 11 U.S.C. § 362(d)(1). Cause exists for this relief. At this point, the debtor is taking advantage of his dilatory prosecution of the case. As explained above, his discharge should have been entered long ago. It has not because he has failed to discharge his mandatory obligations to obtain a discharge. Had a discharge been entered there would no longer be an automatic stay.

Further, even absent the debtor's failure to diligently prosecute this case, there is cause to terminate the stay. The horses will not be administered by the trustee for the benefit of the creditors. Therefore, the trustee is not permitted to care for the horses. The debtor has failed to care for them and if will not or is unable to, someone must do so. To the extent the debtor believes he can care for the horses, he can plead his cause in the state court.

The parties shall bear their own fees and costs.

The 14–day stay of Fed. R. Bankr. P. 4001(a)(3) will be waived.