# Exhibit B

Dr. Russell's Declaration

```
 1  Timothy M. Ryan, Bar No. 178059
    Austin T. Beardsley, Bar No. 270046
 2  THE RYAN FIRM
    A Professional Corporation
 3  1100 N. Tustin Avenue, Suite 200
    Anaheim, California 92807
 4  Telephone (714) 666-1362; Fax (714) 666-1443

 5  Attorneys for Defendants/Cross-Complainants WELLS FARGO BANK, N.A., as Trustee
    for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas
 6  limited partnership, successor by merger to Wilshire Credit Corporation, erroneously
    sued as BAC Home Loan Servicing, LLP
 7
 8           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9                       FOR THE COUNTY OF LASSEN
10
11  NORMAN W. ALLEN,                    ) LEAD CASE NO.: 45679
                                        ) (Consolidated with Case Nos. 50324 &
12          Plaintiff,                  ) 46190)
                                        ) Unlimited Jurisdiction
13  vs.                                 ) Date Action Filed:   Unknown.
                                        )
14  SUMMIT FINANCIAL GROUP;             ) Assigned for All Purposes to
15  DANA CAPITAL CORP.; STEVE           ) Hon. Raymond J. Girdano, Judge
    WEICH; ROD HOSILYK; DWIGHT          ) Dept. 6
16  A. BENNETT; JUDITH A. ST. JOHN;     )
    WILSHIRE CREDIT                     ) DECLARATION OF MICHAEL W.
17  CORPORATION; EVANS                  ) RUSSELL, DVM IN SUPPORT OF
    APPRAISAL SERVICES, INC.; and       ) DEFENDANT/CROSS-COMPLAINANT
18  DOES 1-10,                          ) WELLS FARGO BANK, N.A.'S EX
                                        ) PARTE APPLICATION FOR AN
19                                      ) ORDER AUTHORIZING THE
20          Defendants.                 ) RECEIVER TO SURRENDER
                                        ) EQUINES TO THE COUNTY OF
21  NORMAN W. ALLEN,                    ) LASSEN
                                        )
22          Plaintiff,                  )
                                        ) Date:        July 29, 2011
23  vs.                                 ) Time:
                                        ) Dept.:
24  T.D. SERVICE COMPANY; WELLS         )
25  FARGO BANK, N.A., as Trustee for    ) Trial Date:  None set.
    the MLMI Trust Series 2005-HE3; and )
26  DOES 1-10,                          )
                                        )
27          Defendants.                 )
                                        )
28  WELLS FARGO BANK, N.A., as          )
```

PlG EXHIBIT 7(1-4)
FOR I.D. Tuesday 8-8-13
Lorrie J. Polry, CSR No. 6003
Witness Timothy M Ryan; Vail

1

| | |
|---|---|
| 1 | Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS |
| 2 | SERVICING, LP, a Texas limited partnership, successor by merger to |
| 3 | Wilshire Credit Corporation, erroneously sued as BAC Home Loan |
| 4 | Servicing, LLP, |
| 5 | Cross-Complainants, |
| 6 | vs. |
| 7 | NORMAN W. ALLEN; DWIGHT A. |
| 8 | BENNETT; JUDITH A. ST. JOHN; EVANS APPRAISAL SERVICES; |
| 9 | INC.; and ROES 1–10, |
| 10 | Cross-Defendants. |
| 11 | AND ALL OTHER CROSS- |
| 12 | ACTIONS |

I, Michael W. Russell, DVM, declare:

1. I am over the age of eighteen and I am competent to make this declaration. I have personal knowledge of the facts stated herein, and if called upon to do so I could and would competently testify thereto.

2. I am employed by Grace Veterinary Services. I am a doctor in veterinary medicine, and I have been admitted to practice veterinary medicine by the California Veterinary Medical Board since 2006. I primarily practice in Northern California, including in El Dorado County and Lassen County. A good deal of my practice involves equines.

3. I am the custodian of records for Grace Veterinary Services. The records maintained by Grace Veterinary Services were created at or about the time of the events of which they are a record, are maintained by employees of Grace Veterinary Services who have a duty to ensure that the records are accurate as to the facts or matters of which they are a record, and the employees have been trained in the preparation and/or maintenance of these records. Grace Veterinary Services relies on these records in its

conduct of business. I make this declaration in part on my review of these records. I am familiar with Grace Veterinary Services' customs and practices, procedures and policies for conducting business.

4. In April 2011, I was contacted by the County of Lassen Department of Public Works to evaluate the animals seized by the Department from the property located at 695-725 Highway 36, Susanville, CA 96130 (the "Subject Property"), and to evaluate the living conditions and health of the animals remaining on the Subject Property. I personally visited the Subject Property, evaluated the animals being seized, and performed by site evaluation on April 12, 2011.

5. During my visit to the Subject Property, I observed the following:

    a) That there were approximately 50 animals, including horses, donkeys and a mule.

    b) That the animals were running freely and unrestrained around the Subject Property.

    c) That many of the animals were skittish, and that the majority were malnourished.

    d) That the mares and stallions were mixing freely. I also observed that several mares appeared to be pregnant.

    e) That the animals' hooves had not been addressed by a farrier in some time, and that two of the animals were in danger of permanent lameness as a result.

    f) That one mare had a ruptured tendon, and that euthanasia was likely the most humane result.

    g) That the Subject Property was littered with several equine carcasses in varying states of decay and consumption by scavengers.

    h) That the stalls in the stable on the Subject Property were filled with a copious amount of fecal matter and had not been cleaned in some time. In

Declaration of Michael W. Russell, DVM

*Exhibit 1 Page 5 of 6*    7.3

some cases, the fecal matter had been piled up away from the doors to a depth of two to three feet.

    i)    That the fencing on the Subject Property was in severe disrepair, and wholly inadequate to restrain the animals.

    j)    That only one water trough was available for use by the animals. Further, the animals' apparent curiosity surrounding the trough indicated that its availability was infrequent at best.

6.    I prepared a report fully detailing my observations and findings, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _____, at _____, California.

_____

MICHAEL W. RUSSELL, DVM—DECLARANT

r:\8045 bank of america\8045-1267 norman allen v. wilshire\case no. 45679\law & motion\ex parte application to surrender horses\declaration of michael russell.doc

4

Declaration of Michael W. Russell, DVM

Exhibit 1    Page 6 of 6    7.4