# Exhibit C

Dr. Russell's Declaration

FILED
August 25, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003726977

Timothy M. Ryan, Bar No. 178059
Austin T. Beardsley, Bar No. 270046
THE RYAN FIRM
A Professional Corporation
1100 N. Tustin Avenue, Suite 200
Anaheim, California 92807
Telephone (714) 666-1362; Fax (714) 666-1443

Attorneys for Creditors WELLS FARGO BANK, N.A., as Trustee for MLMI Trust Series 2005-HE3; and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Dwight Bennett<br><br>      Debtor, | CASE NO.: 11-40155<br>Chapter: 11<br>Dated Filed: August 18, 2011<br><br>Assigned for All Purposes to<br>Hon. Michael S. McManus<br>Courtroom: 28<br><br>**DECLARATION OF MICHAEL W. RUSSEL IN SUPPORT OF CREDITORS WELLS FARGO BANK, N.A. AND BAC HOME LOANS SERVICIN, LP'S MOTION TO EXCUSE TURNOVER BY RECEIVER PURSUANT TO 11 U.S.C. §543 (D); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     August 29, 2011<br>Time:    10:00 a.m.<br>Courtroom:   28<br><br>Trial Date:   None set. |

I, Michael W. Russell, DVM, declare:

1. I am over the age of eighteen and I am competent to make this declaration. I have personal knowledge of the facts stated herein, and if called upon to do so I could and would competently testify thereto.

*[Handwritten: Plf's EXHIBIT 9(1-4) FOR I.D. Thursday 8-8-13
Lorrie L. Poiry, CSR No. 6003
Witness Timothy M. Ryan; Vol 1]*

1

Declaration of Michael W. Russell, DVM

TMR/TRF 000779

Case 11-40155   Filed 09/28/13   Doc 242

2. I am employed by Grace Veterinary Services. I am a doctor in veterinary medicine, and I have been admitted to practice veterinary medicine by the California Veterinary Medical Board since 2006. I primarily practice in Northern California, including in El Dorado County and Lassen County. A good deal of my practice involves equines.

3. I am the custodian of records for Grace Veterinary Services. The records maintained by Grace Veterinary Services were created at or about the time of the events of which they are a record, are maintained by employees of Grace Veterinary Services who have a duty to ensure that the records are accurate as to the facts or matters of which they are a record, and the employees have been trained in the preparation and/or maintenance of these records. Grace Veterinary Services relies on these records in its conduct of business. I make this declaration in part on my review of these records. I am familiar with Grace Veterinary Services' customs and practices, procedures and policies for conducting business.

4. In April 2011, I was contacted by the County of Lassen Department of Public Works, to evaluate animals identified for possible seizure by the Department from the property located at 695-725 Highway 36, Susanville, CA 96130 (the "Subject Property"), and to evaluate the living conditions and health of the animals remaining on the Subject Property. I was informed by the Department that some of the horses appeared severely malnourished, some appeared pregnant and some had already perished from apparent starvation. I personally visited the Subject Property, evaluated the animals being seized, and performed a site evaluation on April 12, 2011. This evaluation resulted in the removal of approximately twenty (20) horses, whose health was in serious jeopardy.

5. My site evaluation consisted of the following acts:

    a) Making an inventory of all of the animals on the property, including their species and sex.

Case 11-40155    Filed 09/28/13    Doc 242

b) Evaluating the conditions that the animals were living in, including the state of repair of the facilities housing the horses, the level of sanitation sustained on the Subject Property, the proximity of the horses to one another, especially whether stallions were being housed with mares, and the proximity of the horses to potentially hazardous objects.

c) Evaluating the health of the animals, including their diet, their weight and body type, the condition of the horses hooves, and any issues presented by any pregnancies.

d) Evaluating the sources of food and water for the horses.

6. During my visit to the Subject Property, I observed the following:

a) That there were approximately 50 animals, including horses, donkeys and a mule.

b) That the animals were running freely and unrestrained around the Subject Property.

c) That many of the animals were skittish, and the majority were malnourished.

d) That the mares and stallions were mixing freely. I also observed that several mares appeared to be pregnant.

e) That the animals' hooves had not been addressed by a farrier in some time, and that two of the animals were in danger of permanent lameness as a result.

f) That one mare had a ruptured tendon, and that euthanasia was likely the most humane result.

g) That the Subject Property was littered with several equine carcasses in varying states of decay and consumption by scavengers.

h) That the stalls in the stable on the Subject Property were filled with a copious amount of fecal matter and had not been cleaned in some time. In

some cases, the fecal matter had been piled up away from the doors to a depth of two to three feet.

    i)    That the fencing on the Subject Property was in severe disrepair, and wholly inadequate to restrain the animals.

    j)    That only one water trough was available for use by the animals. Further, the animals' apparent curiosity surrounding the trough indicated that its availability was infrequent at best.

6.    I prepared a report fully detailing my observations and findings, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _May 1, 2014_, at _Placerville_, California.

_Michael W. Russell, DVM_

MICHAEL W. RUSSELL, DVM—DECLARANT

r:\8045 bank of america\8045-1267 norman allen v. wilshire\case no. 45679\law & motion\ex parte application to surrender horses\declaration of michael russell.doc

THE RYAN FIRM
A Professional Corporation

4

Declaration of Michael W. Russell, DVM

9.4

TMR/TRF 000782