**4**

Carolyn Chan sbn147978

2485 Notre Dame Bl. Ste. 370

Chico, CA 95928

Telephone: 530.359.8810

Attorney for Dwight Bennett

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.

| | |
|---|---|
| In re<br><br>      DWIGHT BENNETT,<br><br>         Debtor.           `<br>_____/ | Case No.: 11-40155-A-7<br>RESPONSE BY DEBTOR, TO MOTION TO STRIKE FRAUD DOCUMENT FILED BY CHRISTINE GARCIA FOR THE GRACE FOUNDATION, INC.<br><br>Date:  11/04 /2012<br>Time:  10:00   Dept: Ctr 28 |

Carolyn Chan, attorney representing debtor Dwight Bennett hereby submits documentation for the record, of the underlying Lassen State Court actions in view of the fact that the state court may have a different version [or no version] of this alleged **fraud document** pertaining to veterinarian Russell as outlined by Ms. Garcia, for The Grace Foundation, Inc.

It is debtor's position that the document remain as is, though severely tainted, because it is credible evidence against Mr. Ryan and his law firm and must be preserved, obviously.

Debtor agrees that the "declaration" purported to be signed by Dr. Russell and submitted **by the Ryan Firm** is indicia of fraud upon the court for the purpose of *misleading* the Bankruptcy Court into believing that in fact, the Lassen County animal control had actually seized debtor's 56 horses, based upon the police power of the county. That was not the case.

---

Response to Strike of Fraud Document

In actuality, nearly all of the incidents related to the horses being seized was the product of attorney Ryan's intentional conduct while representing the banks. Ryan made it look like it was done by the County by employing improper actions and procedures. To some degree it was done by Lassen County, but it was Ryan's legal actions in Court using the fake Receiver that really caused supreme harm.   This is detailed in the debtor's appeal, which may be someday, a landmark case by a pro se in Appeals Court.

For reasons stated in debtor's declaration, the Bankruptcy Court is put on formal notice that although the document that Dr. Russell states is fraud, is likely true, it is not the only document that is questioned, given the fact that this "fraud" document *versus* **Dr. Russell's sworn testimony in Lassen Court,  are miles apart, and thus completely contradictory.**

In the sworn testimony of Dr. Russell, November 18, 2011,  in *The People v. Dwight A. Bennett*, Dr. Russell admitted his lack of evidence regarding any horses dying of starvation, that he did not really look at or examine the remaining horses which were illegally seized in August 2011, and that the "August" horses *were in good condition so he did not bother to examine them* or assign what is known as a body score condition.

**Upon receiving this information upon examination of Russell on the stand, the Lassen County Court instantly reduced the debtor's "bail" from $252,000.00 to zero, and debtor was released on O.R.**

The declaration of debtor in regard to disputed facts on the record is attached,  and the documents of the Appeal filed pro se by debtor in the Third District Court of Appeals, outlining the bank's actions. It also indicates why Mr. Ryan has been accused in part, of misconduct, including but not limited to, abuse of process, in particular, by having worked with his own court appointed errant "Receiver" who has admitted in writing, that debtor's personal property [of value],  has already been squandered, stolen, misappropriated, *even during* debtor's bankruptcy,

2

claiming that due to fact that Receiver 'was not paid' by the Ryan firm, and when she tried to allegedly preserve such property, she failed. The Receiver's improper actions are also documented in her own Receiver "reports."

Debtor was not allowed to remove his own personal property from the residence or land, due to Mr. Ryan and attorney Austin Beardsley prohibiting any removal in any reasonable fashion. These facts were documented in July 2012 after debtor found out that most of his property had never been adequately secured by either the Receiver or the banks.

Thus none of debtor's personal property has been recovered and he cannot access the property without court order. Notably, nearly all of the horse/tack equipment of any value is missing. Lassen court has, however, attempted to allow the discharge of the bank Receiver, but over objection, denied that request so far.

Subsequently, debtor has been informed that the property at Whispering Pines was also **not properly insured,** despite the Receiver having placed insurance on the residence, where most of the personal effects of debtor were stored. Again, the fault lies with the banks, bank attorney and Receiver.

The "Receiver" then *sued the Ryan Firm* in December 2012, using attorney Eugene Chittock, for breach of contract (not being paid) and obtained a settlement earlier this year, 2013, then dismissed her case against bank attorney Ryan. (Debtor was not notified and found out by accident.)   In the interim, the Receiver attorney, purportedly being Eugene Chittock of Lassen County, and the "Receiver" herself, *are now* being represented *by Mr. Ryan's malpractice insurance carrier* against other claims by third parties.

One huge question: How is it that a bank attorney hires a Receiver, doesn't pay the Receiver, the Receiver allows the debtor's assets to be stolen and squandered, and the bank attorney will not allow debtor to personally retrieve his personal property, or any property but the Chapter 7 Trustee was told to "hand carry" it outside the fence line; the insurance on the property in Lassen County was allowed to lapse while under the Receiver, no proper accounting has been given to debtor or the bankruptcy court as to the amounts paid to such Receiver, the Receiver then sues the bank attorney and gets paid off, after having done whatever the bank attorney told her to do [which included moving to seize the horses but calling it surrender] then the bank attorney's malpractice carrier, now represents the receiver and her attorney?

The rest, as they say, is history, albeit a very convoluted one.

Although the Bankruptcy Court likely has no interest in the horses being improperly seized, it is relevant, since the horse issue was used by Ryan's firm and the banks, to apparently further Mr. Ryan's misconduct involving the errant Receiver, disregarding the bankruptcy rules, and a host of other improper conduct, much of it in attempting to do an end run around the State Court, and even the Bankruptcy Court.  It is believed that any stay violations, for example, are attributable to both Mr. Ryan and attorney Beardsley working for the banks; and the underlying Lassen civil case is now fragmented into two counties (Lassen and Orange County) with the Lassen case in Third District Court of Appeals. Accordingly, it is believed that stay violations or other worse violations which may have occurred, are subject to tolling where applicable as it is possible that decisions/or judgments which are conflicting could arise, adversely affecting the debtor, despite counsel having filed the Notice of Stay due to bankruptcy in 2011, and October 2012.

Further, realizing the Court's view on Rooker-Feldman, and the Ninth's Circuit's position, the debtor has been reluctant in bringing forward certain issues; since bank attorney Ryan's "Receiver" took over, just about everything that could go wrong, has in fact happened, including wrongful ejectment, improper contempt arrest, improper seizure, improper and

unlawful Receiver, and bank attorney Ryan's law firm is involved in nearly all of it and several other attorneys have ignored the stay in Lassen state court.

Based upon the circumstances at hand, the "fraud" document should not be removed or stricken since debtor intends to use such evidence in his case against the banks and Mr. Ryan and his firm. Further, as shown in debtor's declaration, he intends to wield it widely in more than one manner.//

Respectfully submitted,

                              __/s/ C. Chan_____

                              Attorney for Debtor

---

*Considering that attorney Timothy M. Ryan has seemingly entered an adulterated document(s) into court files, it evidences misrepresentation. Special appearance attorney for debtor in 2011, Mr. Wolff, apparently appeared in bankruptcy court but did *not make it clear* to this court that the horses had been illegally seized by Ryan's Receiver.

Under current California Penal Code Section 597.1, a seizure must be either with a warrant, or by exigency, which will excuse the warrant if proved up. There was no abuse or medical exigency, yet bank attorney Ryan foisted a rents/profits Receiver "surrender" order improperly to Lassen County and then Lassen County and The Grace Foundation, Inc. took debtor's animals. Horses that had died previously due to poisoning by others is well documented in police, animal control and ATF records.

5