Christine L. Garcia, SBN 209701
The Animal Law Office
2404 California St., #4
San Francisco, CA 94115
Telephone: 415-297-3179
Facsimile: 415-358-9947
Email: Christine@animalattorney.com

Attorneys for Creditor The Grace Foundation of Northern California, A California Corporation

UNITED STATES BANKRUPTCY COURT

| | |
|---|---|
| IN RE: | CASE NO. 11-40155 |
| | DC No. CLG -2 |
| DWIGHT ALLEN BENNETT, | |
| | **THE GRACE FOUNDATION'S** |
| DEBTOR. | **REQUEST FOR JUDICIAL NOTICE IN** |
| | **SUPPORT OF ITS MOTION TO STRIKE** |
| | **RUSSELL DECLARATION AND FOR AN** |
| | **EQUITABLE LIEN AGAINST DEBTOR'S** |
| | **REAL PROPERTY** |
| | |
| | F.R.C.P. RULE 12(4) (F), LOCAL RULE |
| | 9014-1 |
| | |
| | |
| | Date: March 10, 2014 |
| | Time: 10am |
| | Courtroom: 28 |
| | Location: Department A, Sacramento |
| | Division, 501 I Street, 7th Floor |
| | Honorable Judge: Michael S. McMannus |

Pursuant to Sections 452(d), 452(h) and 453 of the California Evidence Code, Creditor

The Grace Foundation of Northern California, A California Corporation (hereinafter "TGF")

respectfully submit the following Request for Judicial Notice in support of the TGF's Motion to

Strike the Russell Declaration and for an equitable lien against Debtor's real property for the

cost of taking care of horses transferred from Debtor's real property to TGF under false

pretenses.

///

## REQUEST FOR JUDICIAL NOTICE

### I.   THE LAW GOVERNING REQUESTS FOR JUDICIAL NOTICE

#### A.   General Rules

California Evidence Code § 452(d) provides that "judicial notice may be taken of . . . [r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States."  Cal. Evid. Code § 452(d).

Courts may also take judicial notice of "facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."  Cal. Evid. Code § 452(h).

California Evidence Code § 453 requires the Court to take judicial notice of "any matter specified in Section 452 if a party requests it" and provides proper notice to opposing parties and "[f]urnishes the court with sufficient information to enable it to take judicial notice of the matter."

#### B.   Court Filings and Orders

Court documents filed by the various defendants herein are further properly subject to judicial notice because they contain positions and admissions that directly contradict the assertions of the various defendants made in the within pleadings.  When ruling on demurrers, trial courts "properly take judicial notice of a party's earlier pleadings and positions as well as established facts from both the same case and other cases."  *Cantu v. Resolution Trust Corp.*, 4 Cal.App.4th 857, 877 (1992).  A party "may not plead facts that contradict the facts or positions that the [party] pleaded in earlier actions or suppress facts that prove the pleaded facts false."  *Id.*  Indeed, a trial court may judicially notice "a party's admissions or concessions which cannot reasonably be controverted."  *Pang v. Beverly Hosp., Inc.*, 79 Cal.App.4th 986, 989-90 (2000); *Del E. Webb Corp. v. Structural Materials Co.*, 123 Cal.App.3d 593, 604-05 (1981) (prior declarations are judicially noticeable "where they contain statements of [a party] or his agent which are inconsistent with the allegations of the pleading before the court.").

Alternatively, those documents and the sworn statements made by Mr. Ryan, Ms. Lozano

and others are properly judicially noticeable to show that these parties proffered those statements to either the U.S. Bankruptcy Court, this Court or the Court in Lassen County.  *See Magnolia Square Homeowners Assn. v. Safeco Ins. Co.*, 221 Cal.App.3d 1049, 1056-57 (1990) (court records may be judicially noticed to prove things other than truth of matters asserted therein).

The Court Orders are judicially noticeable as well.  Cal. Evid. Code § 452(d)(2).

## II. **EXHIBITS**

1.  Exhibit "B": Wells Fargo Bank, N.A.'s Ex Parte Application for an Order Appointing a Receiver in the matter of *Allen v. Summitt,* Lassen County Superior Court, Case No. Case No. 45679 ("*Allen*")

2.  Exhibit "C": Lassen Court's Order Appointing Vicki Lozano Receiver in *Allen*

3.  Exhibit "D": Wells Fargo Bank, N.A.'s Ex Parte Application Authorizing the Receiver to Surrender Equines to the County of Lassen

4.  Exhibit "E": Lassen Court's minute order related to hearing on  Wells Fargo Bank, N.A.'s Ex Parte Application for an Order Authorizing the Receiver to Surrender Equines to the County of Lassen, 7-29-11 in *Allen*

5.  Exhibit "F": 07 – 29 – 11 Lassen County Superior Court Order transferring horses

6.  Exhibit "I":   *Ex Parte* Application filed in this Court which attached a Notice of Motion and Motion of Creditors Wells Fargo and BAC Home Loans to excuse turn over by receiver pursuant to 11 USC §543(D)

7.  Exhibit "J":  Declaration of Vicki Lozano submitted in support of *Ex Parte* Application filed in this Court which attached a Notice of Motion and Motion of Creditors Wells Fargo and BAC Home Loans to excuse turn over by receiver pursuant to 11 USC §543(D)

8.  Exhibit "L": Banks' Motion to be Excused from turning over assets held by a state court appointed receiver to the Bankruptcy Trustee

9. Exhibit "O": Receiver's Final Account and Report filed in *Allen*

10. Exhibit "P": Declaration of Timothy M. Ryan in support of Banks' Ex Parte Application

11.  Exhibit "R":  Transcript of 9 – 2 – 11 hearing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE ANIMAL LAW FIRM

DATED:   February 10, 2014

____/s_ *Christine L. Garcia* _____
CHRISTINE GARCIA
Attorney for Creditor
The Grace Foundation of Northern California,
A California Corporation