1  SHARON Z. WEISS, California Bar No. 169446
   BRYAN CAVE LLP
2  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
3  Telephone:    (310) 576-2100
   Facsimile:    (310) 576-2200
4  sharon.weiss@bryancave.com

5  Bahareh Wullschleger, California Bar No. 258903
   BRYAN CAVE LLP
6  560 Mission Street, 25th Floor
   San Francisco, CA 94105
7  Telephone:    415-675-3400
   Facsimile:    415-675-3434
8  Email:        bahareh.wullschleger@bryancave.com

9  Attorneys for
   BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, L.P.
10 and WELLS FARGO BANK, N.A. as Trustee for MLMI Trust Series 2005-HE3

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DWIGHT ALLAN BENNETT,<br><br>Debtor. | Case No. 11-40155<br>DC No. CLG-2<br><br>Converted to Chapter 7<br><br>**DECLARATION OF TIMOTHY RYAN IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE DECLARATION OF MICHAEL RUSSELL, DVM AND FOR EQUITABLE LIEN AGAINST DEBTOR'S REAL PROPERTY**<br><br>Date:    March 10, 2014<br>Time:    10:00 a.m.<br>Room:    Crtrm 28, Dept. A<br>Address: 501 I Street, 7th Floor<br>         Sacramento, CA 95814<br>Judge: Hon. Michael McManus |

*Bryan Cave LLP*
*560 Mission Street, Suite 2500*

I, Timothy M. Ryan, declare: I am over the age of eighteen and I am competent to make this declaration. I am an attorney admitted to practice law before all of the courts of the State of California, including this court. I am the principal of The Ryan Firm, former counsel for Wells Fargo Bank, N.A., as Trustee for MLMI Trust Series 2005-HE3 and BAC Home Loans Servicing, LP, succeeded by merger by Bank of America, N.A. (collectively, the "Banks") herein. I oversaw and monitored all work done in this matter, in addition to contributing my own work product. I have personal knowledge of the facts stated herein, and if called upon to do so I could and would competently testify thereto.

1. In 2011, my law firm, The Ryan Firm, represented Bank of America and Wells Fargo Bank, as Trustee, concerning property in Susanville, California known as Whispering Pines.

2. In or about July 2011, the Lassen County Superior Court in Case No. 45679 entered an order appointing Vicki Lozano as receiver for Whispering Pines.

3. On July 29, 2011, the Lassen County Superior Court entered an Order permitting the receiver to surrender 36 horses at Whispering Pines to the County of Lassen.

4. On August, 18, 2011, Bennett filed a bankruptcy petition under Chapter 11 of Title 11 of the United States Code.

5. As our clients had recently obtained an order confirming a receivership for Whispering Pines, and the 36 horses at Whispering Pines were scheduled to be removed from Whispering Pines, we were concerned that the automatic stay, and the divesting of legal possession of Whispering Pines from the receiver back to Bennett would cause untold damage to Whispering Pines (as our client(s) had also recently prevailed on their motion for summary adjudication in the Lassen County action), and that the bankruptcy might impact the removal of the horses from Whispering Pines, my firm filed on behalf of the Banks an ex parte application to excuse turnover of the property (including the horses) back to Bennett, who at that time was acting as a Debtor in Possession.

///

Bryan Cave LLP
560 Mission Street, Suite 2500

6. That afternoon, after arguing the contempt motion and while visiting Whispering Pines, I called my office to ask attorney Austin Beardsley to start work on an ex parte motion in the bankruptcy court to enforce the order obtained from the Lassen County Superior Court to keep Bennett off the property as he would "trash" Whispering Pines (and did trash Whispering Pines when, as a result of his bankruptcy petition, possession of Whispering Pines reverted back to Bennett).

7. Mr. Beardsley and paralegal Tyler Kemp of The Ryan Firm started gathering the facts to prepare the ex parte application. When they tried to contact Dr. Russell who had provided an earlier declaration for the Lassen County matter, The Ryan Firm (either Beardsley or Kemp) learned that he was in Peru. We were introduced to Dr. Russell through the County of Lassen.

8. At that time the Grace Foundation's executive director Beth DeCaprio informed The Ryan Firm (either Mr. Ryan or Mr. Beardsley) that she would help communicate with Dr. Russell. A prior declaration by Dr. Russell had all of the information we needed. We agreed to this, as time was of the essence and we understood from DeCaprio that:

    a. Dr. Russell was the staff veterinarian for the Grace Foundation; and

    b. Dr. Russell and DeCaprio had a close relationship;

9. I directed Mr. Beardsley and Mr. Kemp to restate the information from Dr. Russell's prior declaration within the body of a new declaration for Dr. Russell.

10. DeCaprio declined to provide the contact information for Dr. Russell, but she agreed that she would go over the issues with him, and obtain his permission to utilize his signature from the prior declaration on the new declaration. Mr. Beardsley worked with DeCaprio to be sure that Dr. Russell agreed with all of the information in his new declaration and agreed to allow us to put his signature from the old declaration onto the new declaration and file it with the court. It is possible that Tyler Kemp worked on this aspect of the matter as well.

/ / /

1  11. Prior to filing the declaration of Dr. Russell, DeCaprio informed our office that Dr. Russell was in agreement with the contents of his declaration and that Dr. Russell agreed that we could affix his signature to the declaration.

12. DeCaprio was both aware of (and somewhat involved in as set forth above) the preparation of the ex parte application, and also was going to try to appear at the ex parte application hearing to meet Mr. Beardsley. We were informed by DeCaprio that she was going to try to alert the media to the hearing and bring more publicity to the plight of these Whispering Pines horses, and thus to The Grace Foundation.

13. The motion was heard on September 2, 2011, and once the court learned the that Whispering Pines horses were removed and safe, the court deemed the "emergency" resolved, denied the motion, and directed The Ryan Firm that the motion should be brought on regular notice.

14. When we filed the motion on regular notice, we did not include any declaration of Dr. Russell as the horses had already been removed from Whispering Pines prior to filing said motion.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 24, 2014, at Irvine, California.

_____

TIMOTHY M. RYAN—DECLARANT

Bryan Cave LLP
560 Mission Street, Suite 2500