Case 11-40155    Filed 02/24/14    Doc 270

Sharon Z. Weiss, California Bar No. 169446
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200
sharon.weiss@bryancave.com

Bahareh Wullschleger, California Bar No. 258903
BRYAN CAVE LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:    415-675-3400
Facsimile:    415-675-3434
Email:        bahareh.wullschleger@bryancave.com

Attorneys for
BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, L.P. and WELLS FARGO BANK, N.A. as Trustee for MLMI Trust Series 2005-HE3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DWIGHT ALLAN BENNETT,<br><br>Debtor. | Case No. 11-40155<br>DC No. CLG-2<br><br>Converted to Chapter 7<br><br>**DECLARATION OF EMMA L. DILL IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE DECLARATION OF MICHAEL RUSSELL, DVM AND FOR EQUITABLE LIEN AGAINST DEBTOR'S REAL PROPERTY**<br><br>Date:    March 10, 2014<br>Time:    10:00 a.m.<br>Room:    Crtrm 28, Dept. A<br>Address: 501 I Street, Suite 3-200<br>         Sacramento, CA 95814<br>Judge:   Hon. Michael McManus |

## DECLARATION OF EMMA L. DILL

I, Emma L. Dill, declare:

1.　　I am an attorney duly licensed to practice law before the Courts of the State of California. I am an attorney in the San Francisco office of Bryan Cave LLP ("Bryan Cave"). Bryan Cave is counsel of record for Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, L.P. ("Bank of America"), and Wells Fargo Bank, N.A., as Trustee for MLMI Trust Series 2005-HE3 ("Wells Fargo Bank as Trustee") (collectively, the "Banks"), in this matter. I submit this declaration in support of the Banks' Opposition to the Grace Foundation's Motion to Strike Declaration of Michael Russell, DVM and for Equitable Lien Against Debtor's Real Property. I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

2.　　On December 13, 2012, Beth DeCaprio, Executive Director of the Grace Foundation, contacted me by telephone and explained that the Grace Foundation believed that the Declaration of Dr. Russell that is the subject of the instant Motion had been altered or forged. On December 13, 2012, the Grace Foundation also sent an email to me confirming the conversation regarding Dr. Russell's declaration. A true and correct copy of this email is attached as Exhibit A. The Grace Foundation sent additional emails on this issue on December 14 and 20, 2012. True and correct copies of these emails are attached as Exhibits B and C, respectively.

3.　　On September 23, 2013, current counsel for the Grace Foundation, Christine Garcia, contacted me to request that the Banks stipulate to strike the Declaration of Dr. Russell. At that time, Ms. Garcia acknowledged that Ms. DeCaprio and I had spoken about this issue in December 2012. A true and correct copy of Ms. Garcia's email acknowledgement is attached as Exhibit D. The Banks did not stipulate as requested because Ms. Garcia did not provide any basis to strike the declaration.

4.　　When the Grace Foundation filed a Notice of Motion to Strike Dr. Russell's Declaration on or about September 27, 2013, my colleague Bahareh Mostajelean (now Wullschleger) alerted the Grace Foundation's counsel to the fact that no Motion or Memorandum of Points and Authorities in Support of Motion had been filed. The Grace Foundation's counsel

1  withdrew the Notice of Motion, indicating that the missing papers had been inadvertently omitted

2  and that the full papers would be refiled in the next two weeks. True and correct copies of this

3  correspondence is attached as Exhibit E.

4      5.    Bryan Cave is also counsel of record for Bank of America in Orange County

5  Superior Court Case No. 30-2012-00612863-CU-BC-CJC. That action was originally brought by

6  the Grace Foundation in July 2012 in El Dorado County Superior Court against various parties

7  (including the Banks and Debtor Mr. Bennett), and sought to recover damages for the care of the

8  horses that are the subject of the instant Motion. The case was subsequently transferred to Orange

9  County. The operative Fourth Amended Complaint seeks compensatory and punitive damages in

10 excess of $2,000,000, and asserts various claims for quantum meruit, fraud, negligent

11 misrepresentation, and indemnification against parties including the Banks, their former counsel

12 Mr. Ryan and his firm, a Receiver appointed by the Lassen County Superior Court, and Lassen

13 County who assisted in the transfer of the horses. A true and correct copy of the Grace

14 Foundation's Fourth Amended Complaint is attached as Exhibit F. A true and correct copy of the

15 Grace Foundation's original Complaint including Mr. Bennett is attached as Exhibit G. The

16 Orange County action is now quickly approaching summary judgment, and is set for trial in mid-

17 July 2014.

18     6.    Bryan Cave is also counsel of record for both Banks in Lassen County Superior

19 Court Case No. 45679 and related actions. These actions involve various parties including the

20 Debtor Mr. Bennett, and concern among other things Wells Fargo Bank as Trustee's rights to real

21 property owned in part by Mr. Bennett and located at 695-725 Highway 36, Susanville, California

22 96130. These are the actions in which the Receiver was appointed and in which the horses at issue

23 were transferred to the Grace Foundation.

24     7.    In the course of the Lassen County action, the Grace Foundation's counsel notified

25 me that the Grace Foundation attempted to file a lien in the amount of $1,134,963 in El Dorado

26 Superior Court. A true and correct copy of the supposed lien that was served on the Banks by the

27 Grace Foundation's counsel is attached as Exhibit H.

28     8.    Additionally, on more than one occasion the Grace Foundation has attempted to

assert a similar lien through intervention in the Lassen County action. The Lassen County Superior Court has repeatedly refused to allow the Grace Foundation to assert any lien or other claims related to the care of the horses because the requested relief would duplicate the pending Orange County suit. True and correct copies of the Lassen County Court's orders to this effect are attached as Exhibit I.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on the 24th day of February, 2014 in San Francisco, California.

*/s/ Emma L. Dill*