4

Carolyn Chan sbn147978

2485 Notre Dame Blvd. Ste. 370

Chico Ca 95928

Telephone: 530 359.8810


Attorney for Dwight Bennett, Debtor


# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIV.

| | |
|---|---|
| DWIGHT BENNETT, | Case No 11-40155 A 7<br>*OPPOSITION BY DEBTOR TO POSING EQUITABLE LIEN AND FOR REMOVAL OF ERRANT DECLARATION* |
| Debtor<br>----------------------------------/ | Date: 03/10/14   10:00 am Dept. 28 |

*Attorney Carolyn Chan, representing Dwight Bennett, debtor herein, hereby opposes the relief requested by The Grace Foundation.  Debtor previously filed a Response for November 4, 2013 (clerical error shows 2012) and a declaration by debtor for November 4, 2013. These two documents are already in the Court's file.*

*//*

---

*Debtor's Opposition to Strike and Imposition of Lien*

*The Claimed Debt by Grace Concerns Property Abandoned by Estate, Jurisdiction is with Lassen State Court*

The Grace Foundation's ("Grace") claim for an "equitable lien" against debtor's real property is not only misplaced, it is clearly filed 3 years after Grace knowingly took horses purportedly from either the banks or Lassen County, that formerly were owned by debtor. The bankruptcy court and trustee abandoned interest in debtor's animals when *Ryan and Grace* sought to take the bankruptcy court out of the mix so as to have the animals abandoned from the estate.

After such abandonment, eventually the Lassen state court ordered that the horses should be returned to another rancher in Lassen County, but Grace *refused* to return the horses. Further, Grace has avoided all attempts to have such animals inventoried for identification, thus no one actually knows how many horses Grace physically took, which ones they are, and if in fact Grace has them at her "rescue" location.

Further, because Grace has not filed visible current IRS 990 tax statements for the non profit, it is not possible to tell what type of actual funding/or spending was done on which horses, how many, and when. Grace is not a party to the debtor's Lassen case or other case involving debtor. Grace failed to file against bank attorney Ryan, bank Receiver or Lassen county IN Lassen County. If anything, Grace should be pursing attorney Ryan and Lassen County who got her the custodial care of horses in the first place.

*Grace Knew She Had No Ownership of Animals, Only Custodial Care, and Failed to Mitigate Her Losses*

Further, at all times from the day debtor filed his bankruptcy case, Grace knew debtor had filed

bankruptcy because debtor notified Grace of this fact immediately. Grace was also put on notice in 2011 that she had never received any "ownership" of the debtor's horses improperly taken and seized by either the attorney Timothy M. Ryan, his "Receiver", or Lassen County.

The document purporting to give Ryan's "Receiver" the right to TAKE any animals and "surrender" them to Lassen County was never done correctly, it was NOT a police action, it was done without a warrant, without exigent circumstances, and without due process by failing to adhere to the California Penal Code. Witnesses under oath in recent depositions attest to this, PLUS a Lassen employee even testified under oath that such horses were NOT abused or starved.

Thus the seized animals were never given up, transferred or otherwise properly taken from the debtor; and any transfers that occurred after such illegal seizure amounts to a void transfer. That void transfer indicates that Grace should be suing bank attorney Timothy M. Ryan, his fake "Receiver" and Lassen County, not trying to claim an equitable lien upon debtor.

*Grace Waited 3 Years to Try and "Lien" Debtor's Property*

Grace subsequently tried to sue bank attorney Ryan in El Dorado and Los Angeles state court; aside from a malpractice claim, it would appear that Grace has not been successful thus far. Grace also tried to sue banks' "Receiver" and Lassen County and that too has not fared well so far in Los Angeles.

Grace was denied Intervention into the Lassen County case (involving debtor) and is thus not a party to that case. Grace filed an appeal re the Intervention and got dismissed.

Nevertheless, Grace already had an attorney file a $2,000.000 claim against debtor's estate in bankruptcy, claiming it was board and care. It is believed this claim is spurious and without merit.

*No Grounds Exist to Support an Equitable Lien, There is no Prove Up, No Judgment*

At this juncture, debtor believes that Grace has no legal claim to any equitable lien on any real property owned by debtor.  Further, even if Grace did have such a claim, it would have to be filed in Lassen County, where Grace has asserted she would also file a mechanic's lien against Lassen County (and via implication, *against debtor's real property*) without advance notification to this court. If in fact such a lien was filed against debtor's land, which involved a post bankruptcy alleged debt, filing a lien would, 3 years later after the fact, be inappropriate.

Grace's lien, even if she believed she had one, did not start until after she took custodial possession of any animals and incurred costs which exceeded the grants, donations, cash and other influx of money raised. Further, Lassen Court ordered Grace to return the animals to Lassen County, but Grace refused to do so. Thus Grace purposely caused her own costs to increase.

*Grace Does Not enter This Case with "Clean Hands"*

The fact is that Grace wanted debtor hunted down as an abuser, and Lassen county only filed charges on debtor after bank attorney Ryan manufactured a "prosecution" package. The vet testimony re debtor's animals in open court, is they were not abused and the vet did not examine them for that reason. Grace has not been forthcoming with the truth re the animals, and has always disallowed an inventory/identification.  These horses are allegedly the ones in protective custody but now Grace claims *she will be selling them off beginning March 1, 2014.*

If Grace would sell off animals in protective custody and claim they are "abandoned", it is fairly obvious that Grace is not really concerned with the protective custody, but is trying to use debtor's case to make financial headway.