# Attachment to Reply
# from The Grace Foundation

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF LASSEN**
2610 Riverside Drive
Susanville, CA  96130

NORMAN ALLEN                                )
                                            )
                                            )
                                            )
v.                                          )
SUMMIT FINANCIAL GROUP ET AL   )   **AFFIDAVIT OF SERVICE**
                                            )   **AND OF MAILING**
                                            )

**STATE OF CALIFORNIA**           )
                                  ss. )
**COUNTY OF LASSEN**              )      Case No. 45679

I am now and at all times hereafter mentioned, a citizen of the United States of America over the age of eighteen (18) years, and that on
I mailed to:
Norman Allen   PO Box 70 Janesville  Ca  96114
Craig Close  PO Box 2522 Truckee  Ca  96160
John Boggs   80 Stone Pine Rd Ste 210 Half Moon Bay  Ca  94019
Ori Edelstein   560 Mission St  Ste 2500 San Francisco  Ca  94105
Jerald Pickering II  PO Box 992200  Redding  Ca  96001
Dwight Bennett  PO Box 1191 Susanville  Ca  96130
Eugene Chittock   placed in attorney box at Hall of Justice

a copy of:  Ruling dated September 11, 2013

in the above entitle action by depositing prepaid postage, in the United States Post Office at Susanville, California, addressed to his/her proper address.

I swear under penalty of perjury, that the foregoing is true and correct.

CLERK/EXECUTIVE OFFICER

Dated:  SEP 1 1 2013          By:  S. Glines  *A. Ashby*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LASSEN

ALLEN, NORMAN

　　　Plaintiff

vs.

SUMMIT FINANCIAL GROUP, ET AL

　　　Defendant

Case No.: 45679
Consolidated with case 50324

RULING

During a hearing on September 10, 2013 regarding a motion for discharge of Vicki Lozano as court-appointed receiver, this court mentioned it might reconsider an earlier Ruling which denied the petition of The Grace Foundation, to intervene.

This court has the inherent authority to reconsider an earlier ruling on its own motion. Le Francois v Goel (2006) 35 cal 4th 1094.

Ms Lozano was appointed receiver upon the application of the Bank defendants in this case. She was directed to take custody of real and personal property of the Whispering Pines Ranch, a subject of this action. As such, she acts as the agent of the court, not of any party. Rule 3.1179(a), Calif. Rules of Court.

With court approval, the receiver transferred horses to Lassen County. The order allowing that was signed July 29, 2011. On August 26, 2011, the receiver, Ms Lozano, The Grace Foundation (Proposed Intervener), and a representative of Lassen County signed agreements memorializing the transfer of the horses by the receiver to Lassen County and Lassen County's

RULING ON ORDER - 1

relinquishment of the horses to the Grace Foundation, an animal rescue and adoption foundation. The second agreement of August 26, 2011 allows this court to determine possession and ownership of the horses therein described.

On August 26, 2011 the horses were subject to the jurisdiction of the Bankruptcy court as Dwight Bennett, a purported owner of the horses, had earlier filed a petition in bankruptcy. Later, the Bankruptcy Court granted a motion to abandon the horses from the bankruptcy estate and also, in a separate order allowed this court to enter "a valid order (deciding) what is appropriate for the transfer of ownership and/or custody of the horses and their progeny from debtors custody and control in 2011".

Although The Grace Foundation filed a disclaimer of any ownership in the horses on November 16, 2012, it later refused to abide by an order of this court entered December 15, 2012 requiring release of the horses to a third party, as The Grace Foundation claimed a lien upon the horses for board and care under Civil Code §1856, 3080.01, 3080.02 et. seq. That same order terminated any interest of Dwight Bennett in the horses. Claims for possession of the horses remain.

Any and all claims for money and indemnification are present in a case now pending in Orange County [1] between many of the same parties as here exept St. John.

Reconsideration is granted only in part. Intervention is allowed only for The Grace Foundation to appear and be heard regarding possession of horses as well as the defense of St. John's cross complaint. Any other aspect of intervention is denied largely due to a strong chance of inconsistent rulings occurring between this court and the court in Orange County if intervention were fully allowed.

---

[1] The issues of St. John's cross-complaint, particularly regarding The Grace Foundation, remain here.

RULING ON ORDER - 2

Case 11-40155    Filed 03/03/14    Doc 278

Date 9-11-13

C. Anders Holmer

Judge of the Superior Court