**4**

**HEFNER, STARK & MAROIS, LLP**
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN DIDRIKSEN
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>DWIGHT ALAN BENNETT,<br><br>Debtor. | Case No.: 11-40155-A-7<br>DC No.: HSM-003<br>Date: September 28, 2015<br>Time: 10:00 a.m.<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 28, 7th Flr.<br>Judge: Hon. Michael S. McManus |

**MOTION TO ABANDON REAL PROPERTY OF THE ESTATE
LOCATED IN LASSEN COUNTY, CALIFORNIA**

SUSAN DIDRIKSEN, the Chapter 7 Trustee herein ("Trustee"), moves this court for an order abandoning the estate's interest in real property of the estate described by the Debtor in his Schedule A filed September 16, 2011, as "40 Acres Home and Barn Lassen County, CA APN 099-260-69" (the "Property").  The Trustee's motion (the "Motion") to abandon the Property is made pursuant to 11 U.S.C. § 554(a) because the Property is of inconsequential value or benefit to the estate, and is otherwise burdensome to the administration of this case. In support of the Motion, the Trustee respectfully represents as follows:

1.  The Debtor, DWIGHT ALAN BENNETT ("Debtor"), commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 18, 2011. Pre-petition, the Debtor operated a business involving the breeding and raising of

1 horses, the boarding of horses, and providing riding lessons.

2. The case was filed as a Chapter 11 on August 18, 2011, but was converted to one under Chapter 7 by order dated November 15, 2011. The Trustee was appointed as the Chapter 7 Trustee on November 15, 2011, and presently serves in that capacity.

3. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. § 157 and 1334; 11 U.S.C. § 554(a); and the reference to this court by the District Court for the Eastern District of California.

4. Pursuant to 11 U.S.C. § 554(a), after notice and a hearing, the Trustee "...may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

5. On his Schedule A filed herein on September 16, 2011, the Debtor scheduled the value of the Property at $100,000.00. (Docket 40)

6. The Trustee does not have a specific opinion of the value of the Property but has concluded that it does not have any realizable equity for the estate and its creditors for the reasons set forth herein. First, the Trustee has followed, and at times has been required to participate in, the ongoing litigation pending in the Lassen County Superior Court involving the Property.[1] The parties to the litigation are the Debtor, a state-court appointed Receiver, various banks, and various other local parties. In a nutshell, that litigation has been years-long, messy and drawn out, costly to the parties and the court, with proceedings at both the trial court and appellate levels. The Trustee and her counsel have endeavored to steer clear of that litigation as much as possible.

---

[1] There was also litigation pending in the Orange County Superior Court involving the numerous horses at the Property at the time the Receiver took possession. That litigation, the status of which the Trustee is presently unaware, involved at a minimum, The Grace Foundation, a horse rescue organization, the banks, the Debtor, former counsel to the banks, Lassen County and others. This was another messy piece of litigation the Trustee endeavored to avoid as much as possible as there was no apparent benefit to be realized therefrom for the estate and its creditors. The Trustee is unaware of the present status of this action. The Trustee has been advised by counsel for the banks that a judgment was entered in favor of all defendants in this action, including the banks, in August, 2014. That judgment was not appealed.

7. The Trustee also visited the Property and observed that it was in a very bad state of disrepair. The Trustee concluded that the Property would require a substantial investment to clean it up and remedy some of the more glaring concerns. In short, the Trustee concluded that the Property would be very difficult to administer.

8. In connection with the Lassen case, the banks obtained a summary judgment in their favor declaring that the banks hold an equitable lien on the Property to secure an indebtedness owed of not less than $600,000.00. While the Trustee understands that the Debtor has appealed that ruling, she further understands that the appeal was dismissed by the Court of Appeal as premature. The Trustee has concluded that it is not in the best interests of the estate to litigate with the banks over those issues, especially since the estate presently has no funds with which to do so.

9. The Trustee has also reviewed a broker's price opinion ("BPO") which valued the Property at $250,000.00 as of January, 2015. The BPO was provided informally to counsel for the Trustee by counsel for the banks, in connection with a possible settlement of the banks' claims / the Lassen County litigation. The Trustee then provided that BPO, together with other information concerning the Property and this case, to Lori Bluett, a local realtor she has employed in a number of other cases in this district. Ms. Bluett then provided the Trustee with her input and opinion as to the likely value of the Property. In short, Ms. Bluett advised the Trustee that the Property was likely not worth more than $250,000.00 and would be difficult to market and sell. See Declaration of Lori Bluett filed herewith.

10. Moreover, it is unclear to the Trustee what the tax consequences to the estate will be from a possible judicial foreclosure of the Property. The Trustee has never received the required tax returns and other documents that would enable her to fully evaluate the Debtor's basis in the Property, what improvements were made to the Property following Debtor's acquisition thereof, etc. The Trustee and her counsel discussed this situation with Michael Gabrielson, a CPA whom she regularly employs in bankruptcy cases. The Trustee did not seek to formally employ Mr. Gabrielson to provide a more formal analysis of the tax consequences to the estate from such a foreclosure in this case because the estate is

HEFNER, STARK & MAROIS, LLP
Sacramento, California

1 administratively insolvent. There are simply no funds in the estate. Moreover, the modest
2 funds contemplated to come into the estate from the Trustee's further administration of assets
3 herein (from a resolution of certain disputes with the banks), will not even be sufficient to
4 satisfy all of the anticipated allowed administrative claims in this case. Thus, notwithstanding
5 that the Trustee believes the possible negative tax consequences flowing from a possible
6 foreclosure of the Property are important factors to consider in the abandonment analysis, the
7 more significant factors relate directly to the value, equity in, and condition of the Property
8 itself.

9     11.    Finally, and while this is unclear due to the state court Receivership, the Property
10 is potentially further burdensome to the estate due to potential security, maintenance and
11 insurance costs, and other potential risks faced by the estate through continued possible
12 ownership of the Property.

13     12.    Based upon her experience as a Chapter 7 Trustee, and in consultation with her
14 various professionals as noted above, the Trustee has concluded that the Property has no
15 realizable equity for the estate. It is therefore of inconsequential value and benefit to the
16 estate and should be abandoned.

17     **WHEREFORE,** the Trustee respectfully requests that the Court order that the Property
18 be abandoned, effective immediately upon entry of the order on this Motion.

19 Dated: September 10, 2015        HEFNER, STARK & MAROIS, LLP

By *Howard S. Nevins* (signature)
Howard S. Nevins, Attorneys for
SUSAN DIDRIKSEN, Chapter 7 Trustee

HEFNER, STARK & MAROIS, LLP
Sacramento, California

4

\\hsmfs2\clients\Didriksen, Susan\Bennett, Dwight Alan (7782-0009)\Pldg Abandon Lassen Prop (hsm-3)\pldg mtn abandon lassen prop.wpd