**3**

HEFNER, STARK & MAROIS, LLP
Howard S. Nevins (CA Bar Assn. No. 119366)
Aaron A. Avery (CA Bar Assn. No. 245448)
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-3883
Telephone: (916) 925-6620
Fax No: (916) 925-1127
Email: hnevins@hsmlaw.com

Attorneys for
SUSAN DIDRIKSEN
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

| | |
|---|---|
| In re<br><br>DWIGHT ALAN BENNETT,<br><br>Debtor. | Case No.: 11-40155-A-7<br>DC No.: HSM-003<br>Date: September 28, 2015<br>Time: 10:00 a.m.<br>Place: 501 I Street<br>Sacramento, CA<br>Ctrm. 28, 7th Flr.<br>Judge: Hon. Michael S. McManus |

**DECLARATION OF SUSAN DIDRIKSEN IN SUPPORT OF MOTION TO ABANDON PROPERTY OF THE ESTATE LOCATED IN LASSEN COUNTY CALIFORNIA**

I, SUSAN DIDRIKSEN, declare as follows:

1. I am the Chapter 7 Trustee for the above-captioned estate. I have reviewed the Motion ("Motion") to Abandon Property of the Estate Located in Lassen County California, described more particularly in the Motion and referred to herein as the "Property." I worked with my counsel in preparing that Motion and related documents.

2. I have personal knowledge of the facts set forth herein. If called upon to testify as to those facts, I could competently do so. As to those facts stated on information and belief, I believe them to be true.

3. I have reviewed on PACER the Debtor's Schedules filed in this case. On his Schedule A filed September 16, 2011, a true and correct copy of which is attached as

1

Exhibit "A" to the Exhibits Cover Sheet filed herewith, the Debtor scheduled the value of the Property at $100,000.00. (Docket 40)

4.   As stated in the Motion, I do not have a specific opinion of the value of the Property. For the reasons set forth therein, however, I have concluded that it does not have any realizable equity for the estate and its creditors and therefore should be abandoned.

5.   First, I, and more specifically my counsel, have followed, and at times been required to participate in, the ongoing litigation pending in the Lassen County Superior Court involving the Property. I understand that the parties to the litigation are the Debtor, a state-court appointed Receiver, various banks, and various other local parties. That litigation has been going on for years. It is messy and drawn out, costly to the parties and the court, with proceedings at both the trial court and appellate levels. My counsel and I have endeavored to steer clear of that litigation as much as possible to avoid unnecessary expense to the estate.

7.   In connection with the Lassen case, the banks obtained a summary judgment in their favor declaring that the banks hold an equitable lien on the Property to secure an indebtedness owed of not less than $600,000.00. While I understand that the Debtor has appealed that ruling, I further understand that the appeal was dismissed by the Court of Appeal as premature. Based upon all the factors of which I have been made aware, not the least of which are the apparent value of the property and the debt against it, I have concluded that it is not in the best interests of the estate to litigate with the banks over those issues, especially since the estate presently has no funds with which to do so.

8.   I have reviewed a broker's price opinion ("BPO") which valued the Property at $250,000.00 as of January, 2015. The BPO was provided informally to my counsel by counsel for the banks, in connection with a possible settlement of the banks' claims / the Lassen County litigation. I then provided that BPO, together with other information concerning the Property and this case, to a local realtor I have employed in a number of other cases in this district. My realtor then provided me with her input and opinion as to the likely value of the Property. From that input, I concluded that the Property was likely not worth more than

HEFNER, STARK & MAROIS, LLP
Sacramento, California

2

\\hsmfs2\clients\Didriksen, Susan\Bennett, Dwight Alan (7782-0009)\Pldg Abandon Lassen Prop (hsm-3)\pldg mtn abandon lassen prop decl sd.wpd

$250,000.00.

9. Moreover, it is unclear what the tax consequences to the estate will be from a possible judicial foreclosure of the Property. I never received the required tax returns and other documents that would enable me or my CPA to fully evaluate the Debtor's basis in the Property, what improvements were made to the Property following Debtor's acquisition thereof, etc. As with my realtor, I discussed this situation with Mike Gabrielson, a CPA I regularly employ in bankruptcy cases, but did not seek to formally employ him to provide a more formal analysis of the tax consequences to the estate from such a foreclosure because the estate is administratively insolvent. There are simply no funds presently in this estate. And the modest funds contemplated to come into the estate from my further administration of assets in this case will not be sufficient to satisfy all of the anticipated allowed administrative claims herein. Thus, while I believe that the possible negative tax consequences flowing from a possible foreclosure of the Property is an important factor to consider in any abandonment analysis, the more significant factors here relate directly to the value and condition of the Property itself, together with the likely indebtedness recorded against it.

10. Finally, and while this is unclear due to the state court Receivership, I believe the Property is potentially further burdensome to the estate due to potential security, maintenance and insurance costs, and other potential risks faced by the estate through continued possible ownership of the Property.

I declare under penalty of perjury and under the laws of the State of California the foregoing is true and correct and that this declaration was executed on this 10th day of September, 2015, at Sacramento, California.

_____
SUSAN DIDRIKSEN

3